**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| HERBASWAY LABORATORIES, LLC,     : | |
|     : | CIVIL ACTION NO. |
| Plaintiff,     : | 302CV1382 (AHN) |
|     : | |
| v.     : | |
|     : | |
| HEBA LABORATORIES, LLC,     : | |
| HERBAMEDICINE, LLC, and     : | |
| HERBASCIENCE AND     : | |
|  TECHNOLOGIES, LLC     : | |
|     : | |
| Defendants.     : | JANUARY 28, 2005 |

## AMENDED COMPLAINT

The plaintiff, HerbaSway Laboratories, LLC, hereby files its amended complaint against the defendants, as follows:

## PARTIES

1.  The plaintiff, HerbaSway Laboratories, LLC ("HerbaSway"), is a limited liability company, duly existing and operating under the laws of the State of Connecticut, having a principal place of business at 101 North Plains Industrial Road, Wallingford, Connecticut.

2.  The defendant, Heba Laboratories, LLC ("Heba"), is a limited liability company, duly existing and operating under the laws of the State of Connecticut, having a principal place of business in Middletown, Connecticut.

{W1288675;4}
CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
    Waterbury, CT 06721-1110
    Telephone: 203 573-1200

3.      The defendant, Herbamedicine, LLC ("Herbamedicine"), is a limited liability company, duly existing and operating under the laws of the State of Connecticut, having a principal place of business in Middletown, Connecticut.

4.      The defendant, Herbascience & Technologies, LLC ("Herbascience"), is a limited liability company, duly existing and operating under the laws of the State of Connecticut, having a principal place of business in Middletown, Connecticut.  (Heba, Herbamedicine and Hebascience are herein referred to collectively as the defendants.)

## JURISDICTION AND VENUE

5.      This is an action for violation of Sections 32 and 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1114 and 1125(a); for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq.; and for common law trademark infringement and unfair competition.

6.      This Court has jurisdiction of the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367(a) and 15 U.S.C. § 1121.  Venue is predicated upon 28 U.S.C. §§1391(b), 1391(c) and 1400(b).

{W1288675;4}                                2

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law          Post Office Box 1110
                          Waterbury, CT 06721-1110
                          Telephone: 203 573-1200

## THE INTELLECTUAL PROPERTY RIGHTS OF HERBASWAY

7.  HerbaSway is and for many years has been engaged in the business of manufacturing, marketing and selling a variety of herbal medicinal products, including HerbaGreen tea.

8.  In or about June of 1996, Herbasway adopted and began to use the mark **HerbaSway** in connection with its advertising, marketing and sale of herbal products.

9.  On May 16, 2000, the United States Patent and Trademark Office issued trademark registration number 2,349,787 for the mark **HerbaSway** for use in conjunction with the advertising, marketing and sale of herbal supplements, dietary supplements and herbal teas for medicinal purposes, and herbal teas for food purposes and beverages, namely, liquid tea concentrate. A copy of the registration is attached as Exhibit A.

10. In or about August of 1996, HerbaSway adopted and began to use the mark **HerbaGreen** in connection with its advertising, marketing and sale of a green tea product.

11. On August 15, 2000, the United States Patent and Trademark Office issued trademark registration number 2,376,958 for the mark **HerbaGreen** for use in conjunction with herbal teas for medicinal purposes. A copy of the registration is attached as Exhibit B.

12. The federal registrations for both the **HerbaSway** and **HerbaGreen** marks were issued to HerbaSway and are still owned by HerbaSway.

13. In or about August 1996, HerbaSway pioneered and developed a certain ornamental design and overall appearance for the bottles used to distribute its line of herbal medicinal products. An exemplar of that ornamental design and overall appearance is attached as Exhibit C.

14. From August 1996 to the present, HerbaSway has extensively advertised, marketed, promoted and sold its line of herbal medicinal products throughout the United States, including in the State of Connecticut, and the product line has become a marketing success.

15. The ornamental design and overall appearance of the bottles used to distribute HerbaSway's products is inherently distinctive and has acquired secondary meaning in the relevant marketplace.

16. HerbaSway has also developed written materials, including marketing brochures and its Internet website, all of which describe the features and benefits of its line of herbal medicinal products, including HerbaGreen tea.

17. The written marketing materials are wholly original and constitute copyrightable subject matter under the laws of the United States.

18. HerbaSway has complied with the U.S. Copyright Act, and all other laws governing copyright, and has secured the exclusive rights and privileges in and to the copyrights of the written marketing materials.

19. Beginning in or about August 11, 1997, and on behalf of HerbaSway, original photographs were taken of James Zhou by a professional photographer, Al Ferreira Photography, Ltd., to be used in connection with the marketing and selling of HerbaSway's products (*hereinafter* "Photographs of Dr. James Zhou").

20. Al Ferreira Photography, Ltd. held all rights, title and interest in and to Photographs of Dr. James Zhou.

21. On or about September 27, 2004, Al Ferreira Photography, Ltd. assigned its entire rights, title and interest, including all copyrights, in and to Photographs of Dr. James Zhou to HerbaSway.

22. On January 7, 2005, the United States Copyright Office issued to HerbaSway copyright registration number VA-1-285-956 for the collective work entitled "Photographs of Dr. James Zhou." A copy of the registration is attached as <u>Exhibit D</u>.

23. HerbaSway also submitted to the United States Copyright Office application for copyright registration for two individual photographs. A copy of the application for each photograph is attached as <u>Exhibit E</u> and <u>Exhibit F</u>.

24. HerbaSway complied with all respects of the U.S. Copyright Act and secured the exclusive right and privileges in and to the copyright of said photographs.

25. HerbaSway is the sole owner of all rights, title, and interest in and to the copyright in said photographs.

## METATAGS AND THE INTERNET

26. The Internet is a worldwide network through which companies and individuals can communicate, share information and engage in commerce.

27. Metatags are hidden words that are typically used to describe the contents of a web page.

28. Each web page has its own set of metatags.

29. The metatags are embedded within a web page's source code and are invisible to internet users. The metatags, however, are detectable by search engines.

30. Search engines, such as Lycos®, Altavista® and LookSmart®, use these "invisible" metatags to determine how well a web page matches an internet user's search criteria.

31. After a search is completed, the search engine will provide the user with a list of search results. Typically, the web sites with the most hits are displayed at the top of the list.

32. Another method for a web site to appear at the top of the list is through the use of pay-for-placement or pay-for-click search engines.

33. Pay-for-placement search engines allow advertisers to bid and pay for "keywords" in return for top placement. Search results are not sorted by relevance but, rather, are purely based on bid value. Where there are multiple bids on the same keyword, pay-for-placement search engines list the websites according to price, with those advertisers that agree to pay more for the keyword receiving a higher rank than those who pay less.

### THE INFRINGING AND DECEPTIVE ACTS OF THE DEFENDANTS

34. Upon information and belief, on or about September 2001, the defendants began to market, advertise, sell and attempt to sell a line of herbal medicinal products that is virtually identical to HerbaSway's line of herbal medicinal products.

35. The defendants market, advertise, sell and attempt to sell its products in a manner that is calculated to deceive the customer into believing that its line of herbal medicinal products are manufactured, marketed and sold by HerbaSway, or that its product line is authorized by, licensed by, sponsored by or otherwise associated with HerbaSway.

36. To accomplish this illegal purpose, the defendants, *inter alia*, misappropriated and copied HerbaSway's written marketing materials.

37. To further accomplish this illegal purpose, the defendants reproduced, distributed and displayed HerbaSway's copyrighted photographs (i.e., Photographs of Dr. James Zhou) without its permission.

38. To further accomplish this illegal purpose, the defendants selected product names that were adulterated versions of HerbaSway's product names. For example, the defendants selected, sold and continue to sell products with the names Alleraza and Vitalusta, knowing that HerbaSway had sold, sells and continues to sell products with the names Allergia™ and Vitaliza™.

39. To further accomplish their illegal purpose, the defendants embedded, without HerbaSway's authorization or permission, the trademarks **HerbaSway** and **HerbaGreen** and the product names including, but not limited to, HerbaCafe, Herbasweet, Liver Enhancer, and Vitaliza, in the metatags for their www.hebamedicine.com website for the purpose of wrongfully diverting internet consumers.

40. To further accomplish their illegal purpose, the defendants paid Internet search engines to secure prominent and preferred placement for its www.hebamedicine.com website in search result lists, when, for example, an internet consumer conducted a search looking for "Herbasway."

41. To further accomplish their illegal purpose, the defendants adopted the mark **HebaGreen** to market and sell its green tea product. A

page from the defendants' website exhibiting the use of the mark **HebaGreen** is attached hereto as <u>Exhibit G.</u>

42. In further pursuit of its illegal purpose, the defendants adopted an ornamental design and overall appearance on its bottles that is confusingly similar to the HerbaSway design and appearance. An exemplar of the defendants' bottle design is attached hereto as <u>Exhibit H.</u>

43. Additionally, in its marketing materials, the defendants claimed that each of its products (except for CardioMax) is "formerly" one of HerbaSway's products. The defendants, therefore, falsely claimed that HerbaSway's products no longer exist and that the defendants' products have replaced them.

## <u>FIRST COUNT – Violation of Section 32 of the Lanham Act</u>

1.-43. Paragraphs 1 through 43 are hereby incorporated by reference as Paragraphs 1 through 43 as if fully set forth herein.

44. The defendants adopted and used the mark **HebaGreen** to market and sell its green tea product.

45. The defendants adopted and used the mark **HebaGreen** with full knowledge of HerbaSway's rights and with the intention of trading on the reputation and goodwill of HerbaSway and its **HerbaGreen** mark.

46.  The actions of the defendants were likely to cause confusion, mistake, and/or deception as to the source, sponsorship, or authorization of the defendants' green tea product, all in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47.  The acts and conduct of the defendants were willful and deliberate.

48.  HerbaSway has been harmed by and has suffered loss as a result of the defendants' conduct.

49.  The defendants' infringing acts caused irreparable harm to HerbaSway and HerbaSway has no adequate remedy at law.

50.  HerbaSway is entitled to the recovery of damages, multiple damages, reasonable attorneys' fees, prejudgment interest and costs pursuant to 15 U.S.C. § 1117(a) and (b).

## SECOND COUNT – Violation of Section 32 of the Lanham Act

1.-50.  Paragraphs 1 through 50 of the FIRST COUNT are hereby incorporated by reference as Paragraphs 1 through 50 of this the SECOND COUNT, as if fully set forth herein.

51.  The defendants used, without HerbaSway's permission, HerbaSway's trademarks and product names including, but not limited to, **HerbaSway**, **HerbaGreen**, HerbaCafe, Herbasweet, Liver Enhancer, and

Vitaliza, in the metatags for their www.hebamedicine.com website with full knowledge of HerbaSway's rights and with the intention of trading on the reputation and goodwill of HerbaSway and its intellectual property rights.

52. The defendants bid for and purchased HerbaSway's trademarks including, but not limited to, the mark **HerbaSway**, with full knowledge of HerbaSway's rights and with the intention of trading on the reputation and goodwill of HerbaSway and its intellectual property rights.

53. The actions of the defendants were likely to cause confusion and mistake, and/or to deceive the public into believing falsely that defendants' web pages are connected with and/or sponsored or authorized by HerbaSway, all in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

54. The defendants' actions were intended to wrongfully divert internet consumers who were searching for HerbaSway and its products to the defendants' competing website www.hebamedicine.com.

55. The acts and conduct of the defendants were willful and deliberate.

56. HerbaSway has been damaged by and has suffered loss as a result of the defendants' conduct.

57. The defendants' infringing acts caused irreparable harm to HerbaSway and it has no adequate remedy at law.

{W1288675;4}

11

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

58.  HerbaSway is entitled to the recovery of damages, multiple damages, reasonable attorneys' fees, prejudgment interest and costs pursuant to 15 U.S.C. § 1117(a) and (b).

### THIRD COUNT – Trade Dress Violation under 43(a) of the Lanham Act

1-58.  Paragraphs 1 through 58 of the SECOND COUNT are hereby incorporated by reference as Paragraphs 1 through 58 of this the THIRD COUNT, as if fully set forth herein.

59.  The use of the ornamental design and overall appearance of its bottles by the defendants as exemplified by Exhibit H was likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection or association of the defendants with HerbaSway, or as to the origin, sponsorship, or approval of the defendants' products by HerbaSway, and constitutes a false or misleading representation as to the source or sponsorship of the defendants' products or a false designation of their origin, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

60.  The defendants' actions trade on, misappropriate and wrongfully reap the benefits of the goodwill and reputation that have attached to HerbaSway's trade dress.

61.  The acts and conduct of the defendants constitute willful and deliberate infringement of the HerbaSway's trade dress rights.

{W1288675;4}
CARMODY & TORRANCE LLP
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

62. As a result of the defendants' infringement of HerbaSway's trade dress rights, HerbaSway has suffered loss and harm, including, *inter alia*, the diversion of trade, loss of sales, and diminishment of goodwill.

63. The aforesaid conduct of the defendants has caused irreparable injury to the business and goodwill of HerbaSway and HerbaSway has no adequate remedy at law.

64. HerbaSway is entitled to the recovery of damages, multiple damages, and reasonable attorneys' fees pursuant to 15 U.S.C.§ 1117(a).

### FOURTH COUNT - Copyright Infringement

1-64. Paragraphs 1 through 64 of the THIRD COUNT are hereby incorporated by reference as Paragraphs 1 through 64 of this the FOURTH COUNT, as if fully set forth herein.

65. HerbaSway's written marketing materials contain material wholly original, and HerbaSway is the owner of, *inter alia*, the copyrights therein.

66. With the full knowledge of HerbaSway's rights, the defendants copied HerbaSway's written marketing materials and infringed said copyrights by the printing and distributing of brochures and the establishment of a website, www.hebamedicine.com.

67. The defendants' acts were unauthorized and its acts of infringement were willful and intentional.

68. As a result of defendants' acts of copyright infringement, HerbaSway has suffered substantial loss and harm to its business in the form of diversion of trade, loss of sales, and a dilution of the value of its rights.

69. HerbaSway is entitled to the recovery of money damages, statutory damages, reasonable attorneys' fees, and/or costs pursuant to 17 U.S.C. § 504 and § 505.

### FIFTH COUNT - Copyright Infringement

1-69. Paragraphs 1 through 69 of the FOURTH COUNT are hereby incorporated by reference as Paragraphs 1 through 69 of this the FIFTH COUNT, as if fully set forth herein.

70. HerbaSway has complied in all respects with the U.S. Copyright Act and has secured the exclusive rights and privileges in and to the copyright of the collective work entitled "Photographs of Dr. James Zhou."

71. The defendants engaged in direct infringement of HerbaSway's copyrights by reproducing, distributing and displaying the said photographs without HerbaSway's or its predecessor-in-rights' permission, license or consent.

72. The defendants' acts were unauthorized and its acts of infringement were willful and intentional.

73. As a result of defendants' acts of copyright infringement, HerbaSway has suffered substantial loss and harm to its business in the form of diversion of trade, loss of sales, and a dilution of the value of its rights.

74. HerbaSway is entitled to the recovery of money damages, statutory damages, reasonable attorneys' fees, and/or costs pursuant to 17 U.S.C. § 504 and § 505.

### SIXTH COUNT – Violation of Section 43(a) of the Lanham Act

1.-74. Paragraphs 1 through 74 of the FIFTH COUNT are hereby incorporated by reference as Paragraphs 1 through 74 of this the SIXTH COUNT as if fully set forth herein.

75. The acts and conduct of the defendants, including those detailed in Paragraphs 34 through 43, alone and/or in combination, constitute false representation as to the source of the defendants' products and a false designation of their origin in violation of Section 43(a) of the Federal Trademark Act, 15 U.S.C. § 1125(a).

76. The defendants' acts alone and in combination are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of the defendants with HerbaSway, or are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the defendants' goods by HerbaSway.

77. The defendants' acts were willful and intentional.

78. The defendants' unlawful acts have caused loss and harm to the business and goodwill of HerbaSway, and it is entitled to the recovery of damages.

79. The aforesaid conduct of the defendants has caused irreparable injury to the business and goodwill of HerbaSway and HerbaSway has no adequate remedy at law.

80. HerbaSway is entitled to the recovery of money damages, multiple damages, and reasonable attorneys' fees pursuant to 15 U.S.C.§ 1117(a).

### SEVENTH COUNT – Common Law Trademark Infringement and Unfair Competition

1.-80. Paragraphs 1 through 80 of the SIXTH COUNT are hereby incorporated by reference as Paragraphs 1 through 80 of this the SEVENTH COUNT as if fully set forth herein.

81. The defendants' acts and conduct, alone and/or in combination, constitute common law trademark infringement and/or common law unfair competition under the laws of the State of Connecticut and other states in which the defendants promoted and/or sold its products.

82. The defendants' acts of infringement and unfair competition have damaged and will continue to cause irreparable harm to the business and goodwill of HerbaSway unless restrained by this Court.

83. HerbaSway is entitled to the recovery of damages.

WHEREFORE, HerbaSway prays for the following:

1. An order preliminarily and permanently enjoining the defendants from using the mark **HebaGreen** or any other mark confusingly similar to HerbaSway's mark **HerbaGreen** on herbal teas for medicinal purposes.

2. An order preliminarily and permanently enjoining the defendants from using the mark **HerbaSway** and **HerbaGreen**, and the product names HerbaCafe, Herbasweet, Liver Enhancer, and Vitaliza in the metatags for the www.hebamedicine.com website.

3. An order preliminarily and permanently enjoining the defendants from using an ornamental design and overall appearance on its products that is confusingly similar to the ornamental design and appearance developed and utilized by HerbaSway on its products.

4. An order preliminarily and permanently enjoining the defendants from utilizing marketing materials, including brochures and its website, that infringe HerbaSway's copyrights.

5. An order preliminarily and permanently enjoining the defendants from reproducing, distributing or utilizing in any other way HerbaSway's copyrighted photographs.

6. An order preliminarily and permanently enjoining the defendants from falsely claiming that its products are "formerly" HerbaSway's products or otherwise falsely representing the origin or source of their products.

{W1288675;4}

17

CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

7. Impounding and/or destruction of all infringing articles pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503.

8. An award of money damages pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 504.

9. Multiple damages pursuant to 15 U.S.C. § 1117 and 17 U.S.C. 504.

10. Attorneys' Fees pursuant to 15 U.S.C. § 1117 and 17 U.S.C. § 505.

11. Punitive damages.

12. Interest and Costs.

13. Such other relief as this Court deems just and proper.

THE PLAINTIFF,
HERBASWAY LABORATORIES, LLC

BY _____
FATIMA LAHNIN
Federal Bar No. ct24096
JOHN R. HORVACK, JR.
Federal Bar No. ct12926
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Phone: 203 573-1200
Fax: 203 575-2600
Email: jhorvack@carmodylaw.com
Email: flahnin@carmodylaw.com

**CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the above date, to:

Seth M. Wilson
Mark D. Giarratana
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
203-275-6700

Alexandra B. Stevens
McCarter & English, LLP
Four Stamford Plaza
107 Elm Street
Stamford, CT 06901
203-324-1800

Krista Dotson, Esq.
Sheila J. Hanley, Esq.
Lawrence C. Sgrignari, Esq.
Gesmonde, Pietrosimone & Sgrignari, LLC
3127 Whitney Avenue
Hamden, CT 06518
203-407-4200

Fatima Lahnin
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110