UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HERBASWAY LABORATORIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:02-CV-1382 (AHN) |
| v. | ) | |
| | ) | |
| HEBA LABORATORIES, LLC, | ) | |
| HERBAMEDICINE, LLC, and | ) | |
| HERBASCIENCE and TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | FEBRUARY 22, 2004 |

## **DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR LEAVE TO AMEND**

Plaintiff HerbaSway's Motion for Leave to Amend its complaint to add a new copyright infringement claim (Docket No. 55) should be denied because Plaintiff waived or abandoned its rights and/or acquiesced in the use of the Zhou Photograph in October of 2002, then waited almost two and a half years until January of 2005 before filing a copyright application and springing the current copyright claim on Defendants. Allowing the Plaintiff to add this claim now, already of questionable good faith, would impose undue prejudice on Defendants.

## **FACTS**

In the fall of 2002 Defendants' counsel corresponded extensively with Plaintiff to resolve Plaintiff's complaints, to clear all of its then-current materials from any continuing claims and to prevent any additional claims by Plaintiff. One focus of these discussions was Defendants' brochure, which featured a stock head shot photograph of Dr. James Zhou on page one ("The Zhou Photograph"). Affidavit of Carrie Webb Olson, Esq. ("Olson Affid.") at para. 3. This photograph is identical to the photograph depicted at Exhibit F of Plaintiff's proposed Amended

**ORAL ARGUMENT REQUESTED**

Complaint. Id. at para. 10. At the end of these discussions, on October 29, 2002, Defendants sent by Federal Express to Plaintiff a final copy of the brochure with a letter stating that it intended to use the brochure in that format unless Plaintiff objected by November 4, 2002. Id. at para. 4-6 and Exhibit A.

The next day, on October 30, 2002, Plaintiff's counsel confirmed by email that he had received the brochure, and necessarily the letter, but raised no substantive objections to the content of the brochure. Olson Affid. at para. 6 and Exhibit B. Specifically, Plaintiff made no objection to use of the Zhou Photograph, which had been present in all earlier editions of the brochure discussed as well. Id.

Defendants understood all potential copyright issues to be resolved with the brochure and all of its contents, including the Zhou Photograph. Id. at 9. Relying on these representations by Plaintiff, Defendants continued to use the Zhou photograph in the brochure as well as other advertising materials including its website. See www.hebamedicine.com snapshot dated 2/3/2005 attached as Exhibit 1. Never once after this exchange did Plaintiff or Plaintiff's counsel ever object to Defendants' use of the Zhou photograph in the brochure, or anywhere else for that matter. Olson Affid. at 8.

Never, that is, until Plaintiff filed their Motion for Leave to Amend on January 28, 2005. The proposed Amended Complaint reveals that at least as early as September of 2004, without ever complaining about the use of the photographs to Defendants, Plaintiff started fabricating this new copyright claim. First, it obtained assignment of copyright to the Zhou Photograph and similar stock photographs of Dr. Zhou that Al Ferreira Studios had taken for Plaintiff in 1997 when Dr. Zhou worked for Plaintiff. Amended Complaint dated January 28, 2005 ("proposed Amended Complaint") at para. 19-21.

Then Plaintiff went on to file, on January 5, 2005, applications to register the copyrights for these photographs with the United States Copyright Office. See Exhibits D, E, F to Proposed Amended Complaint. One application, for which registration apparently issued on January 7, 2005, purports to register a collection of photographs, but does not include copies of the allegedly registered photographs. Id. at Exhibit D. Exhibits E and F to the proposed Amended Complaint, however, do attach copies of photographs, but the proposed Amended Complaint does not allege that registration has issued for those photographs. Id. at para. 23; Exhibits E and F.

By February 2, 2005 Defendants had stopped distributing printed materials with copies of the Zhou Photograph and by February 4, 2005, just days after receiving the proposed Amended Complaint, Defendants website displayed a new photograph of Dr. Zhou, replacing the Zhou Photograph it had in place the day before as shown in Exhibit 1. See Affidavit of Gina Bremer and www.hebamedicine.com snapshot dated 2/4/05 attached as Exhibit 2.

## ARGUMENT

Motions to amend are denied where the plaintiff seeks to add an apparently futile claim, makes the motion in bad faith or with a dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962). Courts should also exercise their discretion to deny leave to amend where a motion to amend is made late, without a good explanation for the delay, or where the amendment would unduly prejudice the opposing party and delay the proceedings by, among other things, introducing new discovery issues. See id.; Grace v. Rosenstock, 228 F.3d 40, 53-54 (2d Cir. 2000).

I.    **Plaintiff's new copyright claim is futile.**

    A.    <u>The claim is futile because no copyright registration has issued.</u>

A copyright claim is futile when it relates to material for which a copyright has been filed, but no registration has yet issued, like Plaintiff's claim here. In <u>New Colt Holding Corp. v. RJG Holdings of Florida, Inc.</u>, Civ. No. 3:02cv173 (PCD), 2002 U.S. Dist. LEXIS 26780 at * 5-6 (D.Conn. Sept. 20, 2002), Judge Dorsey denied a motion to amend seeking to add a copyright claim as futile because "the necessary materials have been filed with the copyright office . . . but no certificate of registration has issued." <u>Id.</u> Because registration is a jurisdictional prerequisite to filing a copyright claim, this leaves the court "without jurisdiction to hear a claim of infringement on a copyright not yet registered." <u>Id.</u>

Here, Plaintiff's claims are based on, among other things, applications for individual photographs for which a registration has not yet issued. Proposed Amended Complaint at para. 23 and Exhibit F. Plaintiffs have not alleged that a certificate of registration has issued for this individual photograph. Although the proposed Amended Complaint has not alleged specifically which photographs it contends are being infringed, the photograph depicted in Exhibit F, is a stock photograph of Dr. Zhou, identical to the one on the inside cover of the brochures that defendant has used since clearing the brochure with Plaintiff in late October of 2002. Olson Affid. at 10; Exhibit 1. Accordingly, plaintiff's motion to amend is futile because no registration has yet issued for the individual photograph claimed to be infringed.

B.     The claim also is futile because Plaintiff waived or abandoned any copyright claims it might have had against Defendants or acquiesced in their use.

The new copyright claim is futile because Plaintiff waived or abandoned any copyright claims it might have had against Defendants or acquiesced in Defendants' use of the allegedly infringing photograph.

Waiver of a copyright occurs "by express agreement or by such conduct or failure to act as to evince an intent not to claim the purported advantage." Capitol Records, Inc. v. Naxos of America, Inc., 262 F. Supp. 2d 204, 211-12 (S.D.N.Y. 2003) (holding copyright waived by statements to third party). Here Plaintiff's attorney acknowledged receiving the brochure and necessarily the letter that accompanied it in October 2002, which stated that barring objection Defendants understood all outstanding issues with the brochure to be addressed and would proceed to use the brochure. Olson Affid. at Exhibits A and B. In that email, and in contrast to earlier emails raising numerous objections that were addressed, Plaintiff's attorney raised no substantive objection to any part of the brochure or specifically to Defendants' using the Zhou photograph on page 1. Olson Affid. at Exhibit B. Nor did Plaintiff ever object at any point after that email to Defendants' use of the Zhou photograph. Olson Affid. at para. 8. Accordingly, Plaintiff has waived any claims of copyright to the photograph of Dr. Zhou depicted in the brochure and this waiver should extend to all similar looking photographs.

Abandonment of copyright and aquiescence of use of a copyrighted work arise from third party use over a long period of time and dereliction in preventing use of the work and/or by failure to object to use of the work. Capitol Records, 262 F. Supp. 2d at 212 (holding that copyright abandoned); see also Richard Feiner and Co. v. Turner Entertainment Co., 98 F. 3d 33

5

(2d Cir. 1996) (unreasonable delay in bringing action only 1 year after seeing use of copyrighted work was evidence of aquiescence and lack of irreparable harm warranting reversal of preliminary injunction). The facts here illustrate just such long use by Defendants and dereliction in preventing use and failure to object. Here, Plaintiff clearly knew defendants were using the Zhou photograph for over two years. Not only did Plaintiff fail to object when given the express and easy opportunity to do so, but Plaintiff explicitly acquiesced through its counsel's conduct to Defendants' continued use of the allegedly infringing photograph.

Plaintiff's attorney's failure to complain in his email or in any other fashion until filing an amended complaint now over 2 years later, despite knowing Defendants were using the pictures constitutes a clear abandonment of any copyright in the Zhou Photograph and any similar looking photographs and/or acquiescence in their use, precluding any liability or damages. If the Court deems it inappropriate to consider any aspects of this motion under the standard of a Rule 12(b)(6) motion, where appropriate, Defendants are willing to have those aspects of the motion converted to one for summary judgment. Capitol Records, 262 F. Supp. at 208 (converting motion to dismiss to motion for summary judgment).


C.    The claim is also futile because it granted defendants an implied license by equitable estoppel to use the Zhou Photograph

An owner grants an implied license by equitable estoppel by 1) affirmatively granting consent or permission to use the right; 2) the alleged infringer relied on that statement or conduct; and (3) the alleged infringer would be materially prejudiced if the plaintiff is allowed to proceed with the claim. See In re: The Singer Company, N.V., 01 Civ. 0165 (WHP), 2002 U.S. Dist. LEXIS 8609 (S.D.N.Y. May 14, 2002) (applying implied license to patent claims). In this

case, Plaintiff's counsel's affirmative email indicating no further substantive issues with the brochure or objection to the use of the Zhou photograph served as an affirmative grant of consent to the Defendants of a right to use the Zhou Photograph. Defendants reasonably relied on this grant when they used the Zhou Photograph and similar photographs in their brochures, website and other marketing materials. Defendants would now be prejudiced if Plaintiffs were allowed to proceed with their new copyright claim. Plaintiff's grant of an implied license by equitable estoppel renders the new copyright claim futile.

> D.    The claim also is futile because Plaintiff is guilty of laches.

Laches is an equitable defense that the court applies where the plaintiff delays for an unreasonable amount of time in bringing suit despite having knowledge of the alleged infringement and the defendant is prejudiced by the delay. Saratoga v. Vichy Spring Co. Inc., v. Lehman, 625 F.2d 1037, 1040 (2d Cir. 1980). Here, Plaintiff waited over two years to bring the new copyright claim despite knowing that Defendant was using the photograph at issue and acquiescing to the same. Id. at 1041-42 (applying laches to trademark claims where plaintiff acquiesced to defendant's use).

Plaintiff has not and cannot provide any reasonable explanation for this inordinate delay. Moreover, defendants clearly relied on their understanding that any ongoing issues relating to the brochure and any photographs it contained had been resolved. Particularly in a case such as this where the copyrighted photographs appear to be simply stock head shots of Dr. Zhou that could have been, and have been now, replaced within days of such notice, any delay by plaintiffs is necessarily prejudicial and subject to a laches defense. See Bremer Affid.

E.    The claim also is futile because Plaintiff has likely violated the statute of limitations.

The copyright statute, 17 U.S.C. Section 507(a) prohibits all claims made more than three years after the claim accrued.  In this case, it appears that the Plaintiff had seen copies of the Defendants' brochures more than three years before it filed its motion to amend on January 28, 2005.  Plaintiff has, however, failed to allege when Defendants first used an offending photograph or Plaintiff first became aware of Defendants' use of the photograph.  Moreover, this new claim cannot relate back to the filing of the original Complaint because the Complaint and first Amended Complaint referred only to alleged violations of written copyright, without a single mention of copyright in or alleged violations of copyright in any photograph.  See supra. Section III; see Mackensworth v. S.S. American Merchant, 28 F.3d 246, 251-252 (2d Cir. 1994) (Motion to Amend futile under statute of limitations because claim did not relate back because it did not arise out of same transaction or occurrence.)

## II.    Plaintiff's new copyright claim appears made with dilatory motive or not in good faith.

Leave to amend should be "withheld where the moving party does so in bad faith or cannot furnish satisfactory explanations for the delay."  Classicberry Ltd. v. The Black Crowes Partnership, 01 Civ. 1756 (HB), 2001 U.S. Dist. LEXIS 21716, at *15 (S.D.N.Y. Dec. 26, 2001) (quoting Grace, 228 F. 3d at 53-54) (denying motion to amend).  Plaintiff's surreptitious eleventh hour copyright claim based on photographs it made no objection to for at least two years without excuse appears difficult to justify as filed in good faith.  Plaintiff never once told Defendants that it objected to Defendants' use of the photograph at issue, despite the parties' extensive discussions on copyright issues and Defendants' clear willingness to work with

Plaintiff to stop any potentially infringing activities. Olson Affid. and Exhibits. Nor has

Plaintiff provided any reason for its delay in filing the new claim, let alone a reasonable one.

Plaintiff made no objection to Defendants' use of the photographs for over two years

before now going to the trouble and expense of acquiring ownership of the copyright rights from

a third party, filing copyright applications and drafting a new complaint, all on a simple and

easily replaced stock headshot photograph unlikely to be linked causally to any damage to

Plaintiff. See Exhibits 1,2 and 3. These actions suggest that Plaintiff is not seeking the Court's

assistance in resolving a dispute, but rather is using the Court and this newly invented and

improperly late-brought claim to force an advantageous settlement agreement or some other

unforeseen goal, calling Plaintiff's good faith into question. See Ferreira v. Unirobo Music

Publishing, 02 Civ. 805 (LBS), 2002 U.S. Dist. LEXIS 10579, at *11 (S.D.N.Y. June 13, 2002)

(denying motion to amend because failure to recognize corporation without investigating

corporate status was dilatory tactic); Loehr v. Ventura County Community College District, 743

F.2d 1310, 1320 (9th Cir. 1984) (denying motion to amend because assertion of patently frivolous

claim called plaintiff's good faith into question).


**III.    Plaintiff's new copyright claim unfairly prejudices Defendants.**

Defendants would be unfairly prejudiced by the allowance of the Motion to Amend and

addition of the new copyright claim at least because it would require extensive additional

discovery. In Barrows v. Forest Laboratories, Inc., 742 F.2d 54, 58-59 (2d Cir. 1983), the

Second Circuit made it crystal clear that a plaintiff's shifting the focus of the case some two and

a half years after filing the original complaint, potentially requiring significant expansion of the

scope of discovery, and after substantial discovery had already been taken, unfairly prejudices a defendant. Id. (affirming denial of motion to amend).

Here, the Complaint dated August 9, 2002 and first Amended Complaint dated July 24, 2003 claimed only copyright in and violation of copyrights in written materials, never mentioning photographs. See Complaint; first Amended Complaint. Now, some two and a half years after the original Complaint, on January 28, 2005, Plaintiff for the first time alleges copyright in photographs and seeks to now shift focus to these photographs. See proposed Amended Complaint at para. 19-23 and Fifth Count. This is a significant change and will require unduly burdensome new discovery and rehashing of previously undertaken discovery.

Undisputed facts discussed above establish that dismissal is appropriate based on waiver, abandonment and/or aquiescence, as well as laches. However, for purposes of preparing for trial, in the meantime, Defendants would require significant additional discovery to establish additional relevant aspects of those claims to provide further evidence to a jury on those points.

Moreover, Defendants would also require significant additional discovery, including written discovery, redepositions of already deposed witnesses, including Rule 30(b)(6) depositions, new depositions of opposing counsel as well as numerous third party witnesses to prepare for trial on the issues of the statute of limitations defense, laches defense, Plaintiff's good faith and motive in filing the new copyright claim, and re-evaluation of damages evidence and damages experts, all relating to the new copyright claim. Given these extensive additional discovery requirements and the accompanying delay of the proceedings that would necessarily follow, there can be no question that Defendants would be unduly prejudiced by the amendment of the Complaint at this late stage to add the new copyright claim.

WHEREFORE, Defendants respectfully requests that this Court DENY Plaintiff's Motion for Leave to Amend dated January 28, 2005.

THE DEFENDANTS,
HEBA LABORATORIES, LLC, HERBAMEDICINE,
LLC, and HERBASCIENCE and TECHNOLOGIES, LLC
BY MCCARTER & ENGLISH, LLP
THEIR ATTORNEYS

By _____
SETH M. WILSON (CT 22171)
MARK D. GIARRATANA (CT 10410)
CityPlace I
185 Asylum Street
Hartford, CT  06103
(860) 275-6700
(860) 724-3397 (fax)
smwilson@mccarter.com
mgiarratana@mccarter.com

11

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum in Opposition to Motion for Leave to Amend has been mailed, postage prepaid, this 22nd day of February, 2005, to:

JOHN R. HORVACK, JR., ESQ.
FATIMA LAHNIN, ESQ.
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721-1110

KRISTA A. DOTSON, ESQ.
SHEILA J. HANLEY, ESQ.
Gesmonde Pietrosimone & Sgrignari LLC
3127 Whitney Avenue
Hamden, CT 06518-2344

SETH M. WILSON

HARTFORD: 632975.01