UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HERBASWAY LABORATORIES, LLC, : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | 302CV1382 (AHN) |
| : | |
| v. : | |
| : | |
| HEBA LABORATORIES, LLC, : | |
| HERBAMEDICINE, LLC, and : | |
| HERBASCIENCE AND : | |
| TECHNOLOGIES, LLC : | |
| : | |
| Defendants. : | MARCH 7, 2005 |

**PLAINTIFF'S REPLY BRIEF TO DEFENDANTS' MEMORANDUM
OF LAW IN OPPOSITION TO MOTION FOR LEAVE TO AMEND**

I.   **INTRODUCTION**

Pursuant to Rule 7(d) of the Local Civil Rules of this District, the plaintiff, HerbaSway Laboratories, LLC ("HerbaSway"), respectfully files this Reply Brief in response to the defendants' Memorandum of Law in Opposition to Motion for Leave to Amend dated February 22, 2005 (the "Opposition").

In its Motion for Leave to Amend, HerbaSway sought leave to amend its complaint in two respects: (1) to clarify and supplement its allegations concerning the defendants' illegal use of the Internet to divert and confuse consumers; and (2) to add a count for copyright infringement based upon a

copyright registration issued by the Copyright Office to HerbaSway on January 7, 2005.

Notably, in the Opposition, the defendants do <u>not</u> oppose the first aspect of HerbaSway's motion for leave, namely to clarify and supplement its Internet related allegations as a result of facts learned in discovery. Therefore, this aspect of HerbaSway's motion, particularly given the liberal rules for amendments, should be granted absent an objection.

Conversely, the defendants have interposed numerous objections to the second aspect of HerbaSway's motion, seeking to add a new count for copyright infringement based upon a copyright registration that only issued on January 5, 2005. HerbaSway will respond to each of the defendants' objections *in seriatim*.

## II. <u>MATERIAL FACTS</u>

The following facts are important to the Court's resolution of the Motion for Leave to Amend in light of the Opposition:

1. James Zhou ("Zhou"), along with two other individuals (Franklin and Lorraine St. John), formed HerbaSway in 1996.

2. Zhou was and, still remains, a 30% member in HerbaSway.

3. HerbaSway markets and sells liquid concentrated herbal products.

4. Before February 2001, Zhou formulated all of HerbaSway's products.

5. As part of its marketing efforts, HerbaSway hired a professional photographer, Al Ferreira Photography ("Ferreira"), to take approximately 48 photographs of Zhou (the "Zhou photographs"). (Exhibit A).

6. The Zhou photographs were taken on August 7, 1997.

7. HerbaSway utilized two of the Zhou photographs to market its products between August 1997 and February 2001.

8. On February 1, 2001, HerbaSway fired Zhou as a manager for attempting to steal approximating $150,000.00 in company funds.

9. Thereafter, Zhou assisted the defendants in forming a competing business, namely the defendant, Heba Laboratories, LLC ("Heba Labs").

10. Heba Labs is a competitor of HerbaSway in that it markets and sells a nearly identical line of liquid concentrated herbal products as HerbaSway.

11. Through various medium, including post cards, pamphlets, brochures, and its website, the defendants copied and used at least two of the Zhou photographs taken by Ferreira in 1997. (See, e.g., Exhibit B).

12. On or about September 27, 2004, Ferreira assigned its ownership of the copyrights in the Zhou photographs to HerbaSway. (Exhibit C).

CARMODY & TORRANCE LLP
Attorneys at Law
{W1352097;2}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

3

13. Thereafter, HerbaSway sought a copyright registration for the Zhou photographs.

14. On January 5, 2005, the Copyright Office issued a copyright registration for the Zhou photographs. (Exh. D to the Amended Complaint)

14. Rather than file a new complaint for the copyright violation and engage in piece-meal litigation, HerbaSway filed its Motion for Leave to Amend on January 28, 2005.

15. In their Opposition, the defendants have admitted to, at least, copying and using one of the Zhou photographs. (Opposition, p.2)

16. The defendants have not claimed that Ferreira (who was the copyright owner until September 2004), granted them the right to use the Zhou photographs or knew about the defendants' illegal use of the Zhou photographs.

17. Either in this action or, if necessary, in a new action, HerbaSway will honor its agreement with Ferreira and pursue a copyright claim against the defendants for their illegal conduct. (See Exhibit C).

CARMODY & TORRANCE LLP
Attorneys at Law
Juris No. 08512
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

### III. LEGAL ARGUMENT

#### A. Defendants Erroneously Claim that The New Copyright Count is Futile Because No Copyright Registration Has Issued.

Emblematic of the lack of merit to their Opposition, the defendants first contend that the new copyright count is futile because no copyright registration has issued. (Opposition, p.4). The defendants' argument is disingenuous because a copyright registration did issue for the Zhou photographs. (See Amended Complaint, Par. 22 and Exh. D). Indeed, it is clear from the Amended Complaint, and Exhibit D thereto, that the copyright registration issued on January 5, 2005, twenty-three days before HerbaSway filed its Motion for Leave to Amend.[1]

The copyright registration that issued on January 5, 2005, was for the 48 Zhou photographs, and as noted, the defendants have admitted in their Opposition to misappropriating at least one of these photographs. (See Exh. D to the Amended Complaint, and Opposition, p.2).[2] Additionally, HerbaSway has evidence that the defendants misappropriated two of the Zhou photographs, notably the same two photographs that HerbaSway used in its

---

[1] Moreover, even assuming that the defendants were accurate with the Court and no copyright registration had issued, the more common practice is to allow a complainant to commence a copyright action before issuance of a registration so long as the deposit, application and fee were delivered to the Copyright Office. See, e.g., Well-Made Toy Mfg. Corp. v. Goffa Int'l Corp., 210 F. Supp.2d 147, 157 (E.D.N.Y. 2002); and Nimmer on Copyright, § 7.16[B][1][a] and fn. 38.22, (collecting cases).

[2] For whatever reason, the defendants have elected to focus their entire argument on only one of the copyright applications. (Opposition, p.4)

CARMODY & TORRANCE LLP
Attorneys at Law
Juris No. 08512
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

marketing materials before Zhou was fired on February 1, 2001.  (See Exhibit B)

Consequently, contrary to the defendants' disingenuous argument, HerbaSway's new copyright count is based on a copyright registration issued by the Copyright Office on January 5, 2005.

### B. Defendants Also Erroneously Claim that The New Copyright Count is Futile Because Plaintiff Waived or Abandoned its rights, or Granted An Implied License to the Defendants.

The defendants also argue that the new copyright count is futile because HerbaSway waived or abandoned its rights, or granted an implied license for the photographs.  (Opposition, p.5-7).  To establish waiver, defendants must show that plaintiff voluntarily and intentionally abandoned a known right. See Fenn v. Yale University, 283 F.Supp.2d 615, 634 (D. Conn. 2003); Christian Dior-New York, Inc. v. Koret, Inc., 792 F.2d 34, 40 (2nd Cir. 1986) (waiver requires a relinquishment of a right with both knowledge of the existence of the right and an intent to relinquish it).

The defendants rely upon a series of events back in 2002, following HerbaSway's commencement of this action and pursuit of a Motion for Preliminary Injunction.  Specifically, the defendants contend that because HerbaSway did not pursue the current claim of copyright infringement back in 2002, it waived or otherwise gave up its right to do so.

CARMODY & TORRANCE LLP
Attorneys at Law
Juris No. 08512
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

The defendants' argument fails, however, because HerbaSway did not have the right to pursue any such copyright claim against the defendants in 2002. As alleged in the Amended Complaint, Ferreira owned the copyrights in the Zhou photographs, until it assigned those rights to HerbaSway on or about September 27, 2004. (See Amended Complaint, Pars. 19-21; see also Assignment attached as Exh. C). Consequently, HerbaSway did not own the copyrights to the Zhou photos until September 27, 2004, and therefore, could not have waived or abandoned any such rights in 2002. Additionally, HerbaSway could not have granted a license, implied or otherwise, in 2002 for something it did not own.

### C. The Defendants Also Erroneously Argue that HerbaSway is Guilty of Laches and/or the New Copyright Count is Barred By the Statute of Limitations.

The defendants also argue that the new copyright count is futile because it is either barred by the doctrine of laches or the statute of limitations. (Opposition, p.7-8). The defendants' argument, however, fails to recognize that HerbaSway is seeking to pursue the copyrights that were owned by Ferreira, and were only recently acquired by HerbaSway.

Consequently, in order for the defendants' argument to have any merit, the defendants would have to put forth undisputed evidence that Ferriera (not HerbaSway) knew about the defendants' illegal use of the Zhou pictures for an

CARMODY & TORRANCE LLP
Attorneys at Law
Juris No. 08512

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

unreasonably long time, or for at least three years before the commencement of this action.

The defendants have failed to put forth any such evidence, and upon information and belief, the defendants cannot put forth any such evidence because Ferreira was not aware of the defendants' illegal use of the Zhou photographs until August/September of 2004. Consequently, the new copyright count is not futile.

### D. The New Copyright Count Does Not Unfairly Prejudice the Defendants.

With some dramatic flair, the defendants also contend that the addition of the copyright count "shift[s] the focus of the case" and "potentially requires a significant expansion" of the discovery required. (Opposition, p.9-11). The defendants' argument is overstated, at best.

The addition of the copyright count certainly does not the shift the focus of this case. Instead, the defendants' use of the Zhou photographs to sell and market its products falls squarely within the focus of this case. Specifically, this case involves the defendants' violation of certain intellectual property rights during the defendants' advertising, marketing and sale of herbal products. For example, the defendants marketed and sold a green tea product with the name HEBAGREEN, with knowledge of HerbaSway's registered trademark HERBAGREEN. The defendants also marketed and

CARMODY & TORRANCE LLP
Attorneys at Law
Juris No. 08512
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

sold its entire line of products with a bottle label that was nearly identical to HerbaSway's bottle label. Furthermore, in its advertising materials, the defendants falsely claimed that its products were "formerly" HerbaSway's products, implying HerbaSway and its products no longer existed. Because the focus of this case is the defendants' advertising efforts, the addition of the new copyright count also based on the defendants' advertising efforts in no way shifts the focus of this case.

Furthermore, the defendants argue that "potentially" substantial discovery will be required if the new copyright count is added. The defendants, however, fail to specify what discovery would be required, why that discovery would be required, and why that discovery is "substantial." Indeed, the defendants' burden in this regard may be difficult to meet given that the new copyright count is simple and straightforward, particularly in light of the defendants' admission that it used and published at least one of the Zhou photographs.

Finally, the defendants' argument fails to recognize that the parties will have to either litigate the new copyright count in this action or in an entirely new action. Notably, Ferreira assigned its copyrights to HerbaSway with the understanding that HerbaSway would pursue those rights against Heba Labs. (Exhibit C).

CARMODY & TORRANCE LLP
Attorneys at Law
Juris No. 08512

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

Consequently, denial of HerbaSway's motion will cause the filing of a second lawsuit. The filing and pursuit of a second action will not result in the most efficient use of judicial resources. Moreover, a second action will create additional expense and inconvenience for all parties involved, including the defendants, and will delay a full and final resolution of all current disputes between the parties.

## IV.  CONCLUSION

For all the foregoing reasons, HerbaSway's Motion for Leave to Amend should be granted in its entirety.

THE PLAINTIFF,
HERBASWAY LABORATORIES, LLC

BY /s/ John R. Horvack, Jr.
JOHN R. HORVACK, JR.
Federal Bar No. ct12926
FATIMA LAHNIN
Federal Bar No. ct24096
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Phone: 203 573-1200
Fax: 203 575-2600
Email: jhorvack@carmodylaw.com
Email: flahnin@carmodylaw.com

CARMODY & TORRANCE LLP
Attorneys at Law
Juris No. 08512
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the above date, to:

Seth M. Wilson
Mark D. Giarratana
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
203-275-6700

Alexandra B. Stevens
McCarter & English, LLP
Four Stamford Plaza
107 Elm Street
Stamford, CT 06901
203-324-1800

Krista Dotson, Esq.
Sheila J. Hanley, Esq.
Lawrence C. Sgrignari, Esq.
Gesmonde, Pietrosimone & Sgrignari, LLC
3127 Whitney Avenue
Hamden, CT 06518
203-407-4200

_____
John R. Horvack, Jr.
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

CARMODY & TORRANCE LLP
Attorneys at Law
Juris No. 08512

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200