UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HERBASWAY LABORATORIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:02-CV-1382 (AHN) |
| v. | ) | |
| | ) | |
| HEBA LABORATORIES, LLC, | ) | |
| HERBAMEDICINE, LLC, and | ) | |
| HERBASCIENCE and TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | MARCH 22, 2005 |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO
MOTION FOR LEAVE TO AMEND**

Defendants respectfully request the Court to consider this memorandum in response to

Plaintiff's Reply Brief and in further support of their Opposition to Plaintiff's Motion for

Leave to Amend.

I.    **HerbaSway's claims are futile because it did not suffer the damage it claims.**

HerbaSway tries to salvage its copyright claim from the Defendants' statute of

limitations, waiver, implied license and laches defenses by arguing that it did not own the

copyright until September of 2004.  HerbaSway only claims lost sales damages to it from

Defendants' use of the Zhou photographs, and does not claim any such purported damages by

or on behalf of Ferreira.  Since HerbaSway did not allegedly acquire any copyright from

Ferreira until September of 2004, HerbaSway could not have suffered any copyright damages

before then, rendering its copyright claim futile.

**ORAL ARGUMENT REQUESTED**

By its own admission, "HerbaSway did not own the copyrights to the Zhou photographs until September 27, 2004." See HerbaSway Reply Brief at 7. This admission establishes that HerbaSway cannot have suffered any damages from the Defendants' alleged copyright violations from 2001 through September of last year. Nor did HerbaSway magically suffer any retroactive copyright injuries when it "acquired" the copyright from Ferreira to create this claim. HerbaSway provides no authority to support such a claim.

Yet these damages are exactly what HerbaSway is trying to recover through its Amended Complaint. The Amended Complaint alleges only that "[a]s a result of Defendants' acts of copyright infringement, HerbaSway has suffered substantial loss and harm to its business in the form of diversion of trade, loss of sales, and dilution of the value of its rights." Amended Complaint at para. 73; see also HerbaSway's Reply brief at 8-9. Since HerbaSway admits it never had any rights during this timeframe, its attempts to recover for alleged violations of these rights are futile.

Regardless, HerbaSway's actions detailed in Heba Lab's Opposition brief make futile, and prejudicial to Defendants, any attempts by HerbaSway to recover for any rights it might have had during the relevant timeframe. HerbaSway's own Exhibit B to its Reply Brief shows a snapshot HerbaSway apparently took of the www.hebamedicine website on January 23, 2002 containing one of the Zhou photographs. Copy attached as Exhibit 1. This establishes that HerbaSway had notice of the Defendants' use of the photographs and missed the three year statute of limitations by over 5 days when it filed the Motion for Leave to Amend on January 28, 2005. HerbaSway missed the statue of limitations and its actions were a waiver, implied

license or laches of any rights it might try to rely on to establish damages from the Defendants' use of the Zhou photographs.

## II.    Adding Ferreira would change the focus of the case.

That HerbaSway never even mentioned or alleged damage to Ferreira in its Amended Complaint belies any attempts by HerbaSway to make to the Court believe that it simply seeks to protect Ferreira's rights. And contrary to HerbaSway's contention on pages 8 through 9 of HerbaSway's Reply Brief that the new copyright claim does not change the focus of the case, to the extent HerbaSway might really seek to recover damages on behalf of Ferreira from 2001 to 2004, this would substantially change the focus of the case. There has been no discovery whatsoever with respect to how Defendants' use of the Zhou photograph might have damaged Ferreira. And as mentioned above, HerbaSway's Amended Complaint does not even allege any damage to Ferreira. There have been no depositions taken of Ferreira or interrogatories propounded to Ferreira. The focus of this case has been centered entirely on the dispute between HerbaSway and Defendants. Accordingly, allowing a claim by Ferreira at this late stage would severely prejudice Defendants.

## III.    It is doubtful that Defendant's use violated Ferreira's copyright or did any damage.

It is doubtful Ferreira could have pursued Defendants for infringing his copyrights in any event. According to HerbaSway, Dr. Zhou was a 30 % member of HerbaSway, making him one of the three people that Ferreira effectively granted rights to use the Zhou photograph for marketing purposes. See Reply brief at 3. There is no evidence that the copyright license from Ferreira would preclude HerbaSway or any of its members from allowing others to use

3

the pictures for marketing purposes. At least with respect to Ferreira then, whether Zhou used those photographs to market HerbaSway or gave his wife permission to use the photograph of him to market Defendants' products is irrelevant for purposes of copyright, the photographs were used for the same purpose and Defendants' use did no damage to Ferreira.

Furthermore, since the photographs are all stock head shots of Dr. Zhou that could be easily replaced with similar photographs, even if Zhou's use did infringe Ferreira's copyrights it is doubtful that HerbaSway can prove that Ferreira suffered any damage to the value of the photograph or was damaged by the Defendants' use of the photograph. It is also worth noting that Dr. Zhou's rights of publicity precluded HerbaSway, or Ferreira for that matter, from using or selling the photograph for marketing purposes, rendering it commercially useless to either of them after Zhou left HerbaSway.

## IV.    Lack of registration

Plaintiff unfortunately chooses to label Defendants' objection to its copyright claim "disingenuous," claiming that a copyright registration had issued for the photographs at issue. Reply Brief at 5. However, it was Plaintiff who failed to include in its pleading copies of the actual photographs for which the copyright registration had issued, only now attaching copies of these photographs as Exhibit A to the Reply Brief. Compare to copy of Exhibit D to HerbaSway's Amended Complaint (providing no photographs) copy attached as Exhibit 2. The only photographs Plaintiff attached to the Amended Complaint were for the individual photograph registrations, which apparently have still not yet issued.

## CONCLUSION

HerbaSway's new copyright claim is a red herring and is futile.  Defendants renew

their request that the Court refuse to condone such claims and deny the copyright aspect of

HerbaSway's Motion for Leave to Amend with prejudice and award Defendants their costs of

having to address this baseless claim.


WHEREFORE, Defendants respectfully requests that this Court DENY WITH

PREJUDICE Plaintiff's Motion for Leave to Amend dated January 28, 2005 with respect to the

copyright claim and grant Defendants their costs.


THE DEFENDANTS,
HEBA LABORATORIES, LLC, HERBAMEDICINE,
LLC, and HERBASCIENCE and TECHNOLOGIES, LLC
BY MCCARTER & ENGLISH, LLP
THEIR ATTORNEYS

By _____
ERIC W. WIECHMANN (CT 04331)
SETH M. WILSON (CT 22171)
MARK D. GIARRATANA (CT 10410)
CityPlace I
185 Asylum Street
Hartford, CT  06103
(860) 275-6700
(860) 724-3397 (fax)
smwilson@mccarter.com
mgiarratana@mccarter.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Memorandum in Opposition to

Motion for Leave to Amend has been mailed, postage prepaid, this 22ND day of March, 2005, to:


JOHN R. HORVACK, JR., ESQ.
FATIMA LAHNIN, ESQ.
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721-1110

KRISTA A. DOTSON, ESQ.
SHEILA J. HANLEY, ESQ.
Gesmonde Pietrosimone & Sgrignari LLC
3127 Whitney Avenue
Hamden, CT 06518-2344

ERIC W. WIECHMANN

HARTFORD: 635628.02