UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| HERBASWAY LABORATORIES, LLC,  )<br>)<br>Plaintiff,) <br>v.    )<br>)<br>HEBA LABORATORIES, LLC,    )<br>HERBAMEDICINE, LLC, and    )<br>HERBASCIENCE and TECHNOLOGIES, LLC, )<br>)<br>Defendants.) | CIVIL ACTION NO. 3:02-CV-1382 (AHN)<br><br><br><br><br><br><br><br>MAY 13, 2005 |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION TO COMPEL DISCOVERY

Defendants Heba Laboratories, LLC, HerbaMedicine, LLC, and HerbaScience and Technologies, LLC. ("Defendants") submits this Memorandum in Support of its Motion to Compel Plaintiff HerbaSway Laboratories, LLC ("Plaintiff") to respond to Defendants' discovery requests.

## BACKGROUND

Defendants served Plaintiff with their First Set of Interrogatories and First Request for the Production of Documents and Things by hand on November 18, 2003 (see Exhibit A, attached hereto). Plaintiff served its written objections and responses on January 13, 2004 (see Exhibits B and C, attached hereto) and provided some responsive documents thereafter. The parties had numerous written and oral communications over the following year concerning various discovery disputes and additional documents were exchanged.

In e-mails dated April 12, 2005 and April 14, 2005, Defendants requested that Plaintiff withdraw many of its objections to Defendants' discovery requests and produce documents responsive to all of their requests (see <u>Exhibit D</u>, attached hereto). After receiving no response to the e-mail, on April 20, 2005, the undersigned counsel contacted Plaintiff's counsel via telephone in a further attempt to resolve the parties' discovery disputes. While the parties were able to arrive at agreement on some issues, they were unable to do so with regard to certain other disputes. After their phone conversation, the undersigned sent another e-mail to Plaintiff's counsel confirming the agreements reached and outlining the remaining disputes that are the subject of this Motion to Compel (see <u>Exhibit E</u>, attached hereto). Plaintiff has not responded to Defendants' e-mail.[1] Therefore, Defendants believe that, despite considerable effort, the parties were unable to resolve some of their discovery disputes, and so requests that the Court compel Plaintiff to respond to those discovery requests as set forth below.

## ARGUMENT

### A. The Applicable Legal Standards

Fed. R. Civ. P. 37(a) is entitled "Motion For Order Compelling Disclosure or Discovery" and provides, in relevant part, as follows:

> If . . . a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond or fails to permit inspection as requested, the discovering party may move for an order compelling an answer . . . or an order compelling inspection in accordance with the request.

---

[1] Although Defendants believe that they have reached agreement as to certain disputes and set forth those agreements in the undersigned's April 20, 2005 electronic mail (<u>Exhibit E</u>), since Plaintiff's counsel has not yet responded to this e-mail nor produced any new documents, Defendants do not waive their right to file another Motion to Compel on any of the issues set forth in <u>Exhibit D</u> and <u>Exhibit E</u> if such a Motion becomes necessary.

Fed. R. Civ. P. 37(a)(2)(B). Here, Plaintiff has failed to provide full and complete responses to certain of Defendants' interrogatories and request for production. Accordingly, the provisions of Fed. R. Civ. P. 37(a)(2)(B) are implicated.

> Fed. R. Civ. P. 26(b)(1) defines the scope of discovery as follows:
>
> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

Relevance, within the meaning of the discovery provisions of the Federal Rules of Civil Procedure, is a "liberal standard which encompasses any information that 'appears reasonably calculated to lead to the discovery of admissible evidence.'" Fletcher v. Atex, Inc., 156 F.R.D. 45, 48 (S.D.N.Y. 1995). In this regard, courts have deemed relevant "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Chemical Bank v. Dana, 149 F.R.D. 11, 13 (D. Conn. 1993) (emphasis added). A party therefore objecting to discovery based on a claim of lack of relevance bears the burden of satisfying the court that the discovery requests do not fall within the broad scope of relevance as defined pursuant to Federal Rules of Civil Procedure 26(b)(1) or that the potential harm resulting from disclosure outweighs their marginal relevance. See Burke v. New York City Police Dep't, 115 F.R.D. 220, 224 (S.D.N.Y. 1987).

Further, courts are reluctant to infringe upon the broad scope of discovery where the objecting party will not suffer undue hardship or injustice. See Petz v. Ethan Allen, Inc., 13 F.R.D. 494, 497 (D. Conn. 1985). Similarly, courts generally refrain from limiting discovery procedures where the party seeking discovery is not motivated by bad faith or harassment. Id.

In addition, a party cannot oppose a document request by making conclusory allegations that it is overly broad, unduly burdensome, vague, or ambiguous. See, e.g., Nagele v. Electronic Data Sys. Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (citations omitted); Obiajulu v. City of Rochester, 166 F.R.D. 293, 295 (W.D.N.Y. 1996); Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 589, 593 (W.D.N.Y. 1996). Rather, the objection must be specific and supported by a detailed explanation of why the interrogatory or request is objectionable.[2] See, e.g., Nagele, 193 F.R.D. at 109; Obiajulu, 166 F.R.D. at 295; Burns, 164 F.R.D. at 593.

### B. The Instant Case

With these standards in mind, the following represents an analysis of each of the Plaintiff's objections.

1. Customer Purchase Information From 1998 To The Present:

Plaintiff generally objects to Defendants' request for information pertaining to customer-by-customer purchases of Plaintiff's products. This relevant information is

---

[2] A review of Plaintiff's responses contained in Exhibits B and C, demonstrates that Plaintiff repeatedly objected to Defendants' Requests as vague, unduly broad, and burdensome without providing an explanation of what in particular about the particular request was vague, unduly broad or burdensome. As noted above, a party cannot oppose discovery request by making conclusory allegations that it is vague, unduly burdensome or overly broad. Defendants were therefore required to expend time and money requesting that Plaintiff provide specific, detailed reasons for its objections that Plaintiff should have provided initially.

encompassed by Interrogatory No. 2, Interrogatory No. 3, and Document Requests 8, 12, 23, 42, 53, and 55. (<u>Exhibit B</u>, pgs. 8-9, <u>Exhibit C</u>, pgs. 8, 10, 14, 21, 25). These interrogatories and document requests, along with Plaintiff's specific objections and answers, are set forth below.

(a) <u>Defendants' Interrogatory No. 2</u>:

Identify all lists of customers who have purchased HerbaSway's products.

<u>Plaintiff's Response</u>:

HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this interrogatory on the grounds that it is vague, unduly broad and burdensome. Nothwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.

(b) <u>Defendants' Interrogatory No. 3</u>:

Identify all lists used by or on behalf of HerbaSway to solicit customers.

Plaintiff's Response:

HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this interrogatory on the grounds that it is vague, unduly broad and burdensome.

(c) <u>Defendants' Request for Production No. 8</u>:

Produce all documents that refer or relate to the dollar amount of sales of "HerbaGreen" in each year from 1998 to the present.

<u>Plaintiff's Response</u>:

HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

(d) <u>Defendants' Request for Production No. 12</u>:

Produce all documents, including invoices and purchase orders, that refer, relate to, or reflect a sale of "HerbaGreen" from 1998 to the present.

<u>Plaintiff's Response</u>:

HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that this Request is

unduely burdensome, and irrelevant, and constitutes an unwarranted intrusion into the defendant's [sic] continuing business activities.

(e) <u>Defendants' Request for Production No. 23</u>:

Produce all documents sufficient to show the geographic markets in which HerbaSway's herbal medicinal products are sold, offered for sale, distributed or provided.

<u>Plaintiff's Response</u>:

HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome.

(f) <u>Defendants' Request for Production No. 42</u>:

Produce all documents that support or rebut HerbaSway's assertion in paragraphs 40 and 47 of the Amended Complaint that "HerbaSway has been harmed by and has suffered loss as a result of" the Defendants' conduct.

<u>Plaintiff's Response</u>:

In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation. Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document request served upon it [sic].

(g) <u>Defendants' Request for Production No. 53</u>:

Produce all lists of customers who have purchased HerbaSway's products.

<u>Plaintiff's Response</u>:

HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the ground that it is vague, unduly broad and burdensome. Nothwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it [sic].

(h) <u>Defendants' Request for Production No. 55</u>:

To the extent not produced in response to the above Requests, produce all documents that were relied upon or referred to in answering Defendants' First Set of Interrogatories to Plaintiff HerbaSway Laboratories, LLC, dated November 18, 2003, and served herewith.

<u>Plaintiff's Response</u>:

HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this interrogatory [sic] on the grounds that it is vague, unduly broad and burdensome. Notwithstanding these objections HerbaSway has produced non-privileged documents responsive to this document request.

It should first be noted that Plaintiff's objections should be overruled simply due to Plaintiff's failure to timely object or file a motion for extension of time with the Court. Plaintiff's written objections were due on January 9, 2004, but not served until January 14, 2004.[3] Plaintiff did not obtain consent to its request for additional time, nor did Plaintiff file a request for an extension of time with the Court when it was unable to ascertain Defendants' position on the matter as required by Local Rule 7(b)(3). Federal Rule of Civil Procedure 33(b)(4) states that "[a]ny ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Plaintiff therefore waived its objections when it failed to served them in a timely manner.

In addition, the Court should order Plaintiff to produce customer-by-customer purchase information because such information is highly relevant to the claims brought by Plaintiff against Defendants. This information pertains to numerous claims alleged by Plaintiff. For example, Plaintiff claims that Defendants stole Plaintiff's customers and sold their products to customers who formerly purchased Plaintiff's products. Plaintiff also claims that customers who purchased Defendants' products were confused by Defendants' products and the advertising of those products and were therefore misled into purchasing Defendants' products even though they wanted to purchase Plaintiff's products. However, unless Defendants are able to determine which customers purchased from both companies and the products that they purchased from both

companies, there is no way for Defendants to determine the validity of Plaintiff's claims, or even defend themselves against those claims.

Additionally, this information is highly relevant to Plaintiff's damages claims. Unless Defendants know the customers who purchased first Plaintiff's products and then Defendants' products, they will be unable to accurately assess Plaintiff's claims and defend themselves against the damages Plaintiff allegedly suffered. For these reasons, the information concerning Plaintiff's customer-by-customer purchases is both highly relevant and encompassed by the interrogatories and documents requests set forth above and should therefore be produced.

2. <u>Information Pertaining To Calculations Of The Average Cost Of A Customer and Average Sales Per Customer From 1998 To The Present</u>:

Plaintiff has also generally objected to all of Defendant's request for information pertaining to the average cost of a customer and average sales per customer from 1998 to the present. This information is encompassed by Document Requests 8, 9, 11, 12, 15, 16, 19, and 42, which are set forth below. (<u>See</u> <u>Exhibit C</u>, pgs. 8 – 12 and 21).

(a) <u>Defendants' Request for Production No. 8</u>:

Produce all documents that refer or relate to the dollar amount of sales of "HerbaGreen" in each year from 1998 to the present.

<u>Plaintiff's Response</u>:

HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

---

[3] Plaintiff's responses and objections were originally due on December 18, 1003, but Defendants consented to an extension of time to January 9, 2004 at Plaintiff's request and Plaintiff properly filed a Consented to Motion for Extension of Time until January 9, 2004, which was granted by the Court on December 23, 2003 [Dkt. # 37].

(b) <u>Defendants' Request for Production No. 9</u>:

Produce all documents that refer or relate to the dollar amount of sales of "HerbaGreen," broken down by year and by customer for each year from 1998 to the present.

<u>Plaintiff's Response</u>:

HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

(c) <u>Defendants' Request for Production No. 11</u>:

Produce all documents that refer to, relate to, or reflect any or all prices or price structures of "HerbaGreen," including price changes, for each year from 1998 to the present.

<u>Plaintiff's Response</u>:

HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. HerbaSway also objects to this Request to the extent that the terms "price structure" is vague and ambiguous. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

(d) <u>Defendants' Request for Production No. 12</u>:

Produce all documents, including invoices and purchase orders, that refer, relate to, or reflect a sale of "HerbaGreen" from 1998 to the present..

<u>Plaintiff's Response</u>:

HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that this Request is unduely burdensome, and irrelevant, and constitutes an unwarranted intrusion into the defendant's [sic] continuing business activities.

(e) <u>Defendants' Request for Production No. 15</u>:

Produce all documents which refer or relate to HerbaSway's total sales and profits of its products on an annual basis from 1998 to the present.

<u>Plaintiff's Response</u>:

HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway will

produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

(f) Defendants' Request for Production No. 16:

Produce all documents referring or relating to past, current or prospective advertising or promotional materials, including catalogues, brochures, circulars, leaflets, trade journals, price lists, newspaper and magazine advertisements, radio advertisements, television advertisements, internet advertisements, specification sheets, and any such other materials referring or relating to "HerbaGreen", made by HerbaSway or by a third party, whether or not authorized by HerbaSway.

Plaintiff's Response:

HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway has produced all non-privileged, responsive documents or such documents will be made avialable [sic] for inspection at the offices of HerbaSway's counsel at a mutually agreeable time.

(g) Defendants' Request for Production No. 19:

Produce all documents substantiating or verifying the advertising and promotional expenditures made by HerbaSway in connection with its products on an annual basis from 1998 to the present.

Plaintiff's Response:

HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

(h) Defendants' Request for Production No. 42:

Produce all documents that support or rebut HerbaSway's assertion in paragraphs 40 and 47 of the Amended Complaint that "HerbaSway has been harmed by and has suffered loss as a result of" the Defendants' conduct.

Plaintiff's Response:

In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation. Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document request served upon it [sic].

As set forth in Section B.2. above, Plaintiff's objections should be overruled simply due to its failure to timely object or file a motion for extension of time with the Court. In addition to Plaintiff having waived any objections to Defendants' discovery requests, information pertaining to Plaintiff's costs is highly relevant to the damage claims made by Plaintiff against Defendants. Plaintiff essentially contends that almost every sale made by Defendants over a two year period should have gone to Plaintiff and should be assessed at Plaintiff's profit margin. Regardless of whether or not Plaintiff is correct in its assertion, and it is Defendants' position that Plaintiff's contention is not correct, Defendants are clearly entitled to information concerning the costs of Plaintiff's goods sold in order to properly defend themselves against Plaintiff's damages claims as Plaintiff has made its profit margin a key issue in this case. Among other things, these costs should include, among others, production costs, ingredient costs, packaging costs, selling costs, and advertising and marketing costs. Plaintiff should not be permitted to recoup money that would not have been part of any profits that it asserts it should have earned. Therefore, information pertaining to the cost of obtaining a customer and selling goods to a customer is highly relevant to Plaintiff's claims and Defendants' defense of those claims and should therefore be produced.

## **CONCLUSION**

Accordingly, this Court should overrule the Plaintiff's general and specific objections, grant Defendants' Motion to Compel, and order production of all documents responsive to Defendants' Requests as set forth above. Given the current discovery deadlines in this case, Defendants respectfully request that the Court require Plaintiff to produce all

responsive documents post haste so that Defendants may undertake any follow-up discovery and therefore meet the present discovery deadlines. Should Plaintiff produce a significant number of new documents in response to any Order made by this Court, Defendants may have no choice but to seek additional time in which to review the documents and conduct follow-up discovery.

        THE DEFENDANTS,
        HEBA LABORATORIES, LLC,
        HERBAMEDICINE, LLC, and HERBASCIENCE
        and TECHNOLOGIES, LLC
        BY MCCARTER & ENGLISH, LLP
        THEIR ATTORNEYS

By _____
    MARK D. GIARRATANA (CT 10410)
    SETH M. WILSON (CT 22171)
    CityPlace I
    185 Asylum Street
    Hartford, CT 06103
    (860) 275-6700
    (860) 724-3397 (fax)
    smwilson@mccarter.com
        -and-
    ALEXANDRA B. STEVENS (CT 20300)
    Four Stamford Plaza
    107 Elm Street
    Stamford, CT 06902
    (203) 324-1800
    (203) 323-6513 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY has been mailed, postage prepaid, this 13th day of May, 2005 to:

JOHN R. HORVACK, JR., ESQ.
FATIMA LAHNIN, ESQ.
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

KRISTA A. DOTSON O'BRIEN, ESQ.
SHEILA J. HANLEY, ESQ.
Gesmonde Pietrosimone & Sgrignari LLC
3127 Whitney Avenue
Hamden, CT 06518-2344

SETH M. WILSON

HARTFORD: 638420.01