UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HERBASWAY LABORATORIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:02-CV-1382 (AHN) |
| v. | ) | |
| | ) | |
| HEBA LABORATORIES, LLC, | ) | |
| HERBAMEDICINE, LLC, and | ) | |
| HERBASCIENCE and TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | NOVEMBER 18, 2003 |

## DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF HERBASWAY LABORATORIES, LLC

Defendants Heba Laboratories, LLC, HerbaMedicine, LLC, and HerbaScience and Technologies, LLC ("Defendants") submit the following interrogatories to Plaintiff HerbaSway Laboratories, LLC ("HerbaSway") pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26. These interrogatories are to be answered under oath by HerbaSway within thirty (30) days of service.

### Definitions

1.  In these Interrogatories, the terms "document" and "documents" are used in the broadest extent permitted by Fed. R. Civ. P. 33, and shall include by way of illustration, but not by way of limitation, all forms of written, recorded, videotaped, computerized, or

"EXHIBIT-A"

photographed information, including reports, compilations, data, notebooks, letters, agreements, communications, including internal company communications, notes, correspondence, telegrams, memoranda, translations, summaries or records of telephone conversations, routing slips or memoranda, audibly reproducible recordings on tape, disks or the like, summaries or records of personal interviews and conversations, diaries, statistical notebooks of any character, ledgers, journals, invoices, shipping papers, purchase orders, specifications, instructions, manuals, motion or still pictures, minutes or records of conferences and meetings, lists of persons attending meetings or conferences, expressions or statements of policy, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, reports of market surveys, opinions of counsel, records or summaries of negotiations, contracts and agreements including all modifications, drafts, memoranda, brochures, pamphlets, correspondence and any other documents relating to said contracts, advertisements, circulars, trade letters, press releases, drafts of any documents, revisions of drafts of any documents, and compilations of computer generated data, including any ancillary programming material.

"Document" or "documents" also include all nonidentical copies, such as those bearing marginal comments or other marks, postscripts, changes, amendments, addenda or other notations not present on the original document as initially written, typed, or otherwise prepared. Each such non-identical copy is to be considered and identified as a separate

document. To the extent any "communication" as defined below was reduced to writing or other recordation, it is expressly included in the term "document."

"Document" or "documents" also include all English translations of any responsive documents or portions thereof.

2. The term "person" or "persons" includes not only natural persons, but also, without limitation, firms, partnerships, associations, corporations, and other legal entities, and divisions, departments or other units thereof, and his, its, or their directors, officers, employees, and agents.

3. The term "communication" or "communications" shall include any document and any exchange or transfer of information between two or more persons, or between one or more persons and a file, whether written, oral, or in any other form, including communications by a meeting, conversation, conference, or telephone conversation.

4. When a document or thing which "refers" or "relates" to any given matter is requested, the request encompasses any document or thing, as the case may be, that discusses, embodies, contains, reflects, identifies, states, or concerns that matter, or that is in any way pertinent to that matter.

5. As used herein, "Plaintiff", "you", "yours", and "HerbaSway", or "HerbaSway Laboratories, LLC" means Plaintiff HerbaSway Laboratories, LLC, any predecessor or successor in interest, and anyone acting or purporting to act on its behalf.

6.   When used in reference to a person, the term "identify" means to state the person's full name and present or last known address, the profession or business in which the person is engaged, and, if applicable, each of the person's employers and title with respect to the period covered by the interrogatory and the dates of each such employment.

7.   When used in reference to a document, "identify" means to state the title of each document with sufficient particularity to enable it to be identified; the date each document bears, or if undated, the date it was written; the date each document was executed, if different from the date it bears; the name of each person to whom the document is addressed, of each person who signed the document, and of each person who is a recipient of the document.

### Instructions

1.   If any document identified in an answer to an interrogatory was, but is no longer, in your possession, custody or control, or was known to you but is no longer in existence, state what disposition was made of it or what became of it.  No document requested to be produced herein should be destroyed or disposed of by virtue of a record retention program or for any other reason.

2.   If responsive information is not provided in response to an interrogatory, state the specific grounds for not responding in full, state the extent to which the interrogatory is being responded to, and respond to said interrogatory to the extent to which there is no objection.

3.   If objection is taken to any of the following interrogatories, state the specific grounds for the objection and provide an answer to the extent there is no objection.  If privilege is alleged as to information or materials, state the specific grounds for claiming privilege and respond to said request to the extent to which it is not objected, including the identification of all information or materials for which privilege is claimed.

4.   In your response to these interrogatories, please restate the text of each interrogatory preceding your response thereto.

5.   Each interrogatory is continuing in nature.  Please supply timely answers or documents that are necessary to ensure the truthfulness and completeness of all of your answers.

6.   Unless otherwise indicated, each interrogatory relates to the period from January of 1996 through the present date.

## Interrogatories

INTERROGATORY NO. 1:

Identify each instance or occasion of customer confusion or mistake involving the source, origin or sponsorship of goods sold by HerbaSway or Defendants of which Herbasway is aware.

ANSWER:

INTERROGATORY NO. 2:

Identify all lists of customers who have purchased HerbaSway's products.

ANSWER:

INTERROGATORY NO. 3:

Identify all lists used by or on behalf of HerbaSway to solicit customers.

ANSWER:

INTERROGATORY NO. 4:

Identify all persons and entities who created, designed, worked on, or were consulted regarding the website www.herbasway.com.

     ANSWER:

INTERROGATORY NO. 5:

Identify all persons and entities who have been or now are responsible for marketing, advertising and promotion of HerbaSway's medicinal herbal products, including any copywriters who worked on such marketing, advertising, and promotional materials.

     ANSWER:

INTERROGATORY NO. 6:

Identify all instances in which HerbaSway utilized, utilizes, or plans to utilize any image or likeness of Dr. James Zhou.

     ANSWER:

INTERROGATORY NO. 7:

Identify each instance or occasion in which HerbaSway discussed Defendants, Defendants' products, and/or Dr. James Zhou with a customer or potential customer since February 2001.

     ANSWER:





INTERROGATORY NO. 8:

Identify by date and description any written materials used by HerbaSway or in its possession or control to which Dr. James Zhou contributed.

      ANSWER:

INTERROGATORY NO. 9:

Identify all patents by title and application or registration number to which HerbaSway claims it has any rights whatsoever, and for each such patent, state with specificity the nature of the rights and the basis for asserting such rights.

      ANSWER:

INTERROGATORY NO. 10:

Set forth HerbaSway's annual sales of "HerbaGreen" on a month-to-month basis, in terms of both dollar volume (specifying whether the figure is based on retail or wholesale prices) and in terms of number of units sold.

      ANSWER:

INTERROGATORY NO. 11:

Identify all persons who provided information and documents responsive to DEFENDANTS'
FIRST SET OF INTERROGATORIES TO PLAINTIFF HERBASWAYS LABORATORIES,
LLC and DEFENDANTS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS
AND THINGS TO PLAINTIFF HERBASWAY LABORATORIES, both dated November 18,
2003.

     ANSWER:

                    THE DEFENDANTS,
HEBA LABORATORIES, LLC,
HERBAMEDICINE, LLC, and HERBASCIENCE
and TECHNOLOGIES, LLC
BY MCCARTER & ENGLISH, LLP
THEIR ATTORNEYS

By _____
ALEXANDRA B. STEVENS (CT 20300)
Four Stamford Plaza
107 Elm Street
Stamford, CT  06902
(203) 965-0823
(203) 323-6513 (fax)
astevens@mccarter.com
       -and-
MARK D. GIARRATANA (CT 10410)
CityPlace I
185 Asylum Street
Hartford, CT  06103
(860) 275-6700
(860) 724-3397 (fax)
mgiarratana@mccarter.com

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing DEFENDANTS' FIRST SET OF

INTERROGATORIES TO HERBASWAY LABORATORIES, LLC has been hand delivered,

this 18th day of November, 2003 to:

> JOHN R. HORVACK, JR., ESQ.
> FATIMA LAHNIN, ESQ.
> Carmody & Torrance LLP
> 50 Leavenworth Street
> P.O. Box 1110
> Waterbury, CT  06721-1110

and delivered via regular mail, postage prepaid, to:

> KRISTA A. DOTSON, ESQ.
> SHEILA J. HANLEY, ESQ.
> Gesmonde Pietrosimone & Sgrignari LLC
> 3127 Whitney Avenue
> Hamden, CT 06518-2344

ALEXANDRA B. STEVENS

HARTFORD: 602742.01

-10-

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HERBASWAY LABORATORIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO3:02-CV-1382 (AHN) |
| v. | ) | |
| | ) | |
| HEBA LABORATORIES, LLC, | ) | |
| HERBAMEDICINE, LLC, and | ) | |
| HERBASCIENCE and TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Defendants. | ) | NOVEMBER 18, 2003 |

## DEFENDANTS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF HERBASWAY LABORATORIES, LLC

Pursuant to Federal Rule of Civil Procedure 34 and Local Rule 26, Defendants

Heba Laboratories, LLC, HerbaMedicine, LLC, and HerbaScience and Technologies, LLC

("Defendants") request that Plaintiff HerbaSway Laboratories, LLC ("Plaintiff") serve a written

response to this request and produce the documents and things specified below for inspection and

copying by Defendants at the offices of McCarter & English, LLP, Four Stamford Plaza, 107

Elm Street, Stamford, Connecticut  06902 within thirty (30) days of the date of service of this

request.

### Instructions and Definitions

1.        These requests for production shall be deemed to be continuing and to

require supplemental or amended answers so that any information responsive to these requests

which Plaintiff acquires or that becomes known to Plaintiff throughout this action shall be

furnished to Defendants immediately after such documents or things are acquired or become known.

      2.    In the following requests, the terms "document" and "documents" shall include, without limitation, originals and/or copies of all correspondence, literature, papers, memoranda, reports, notes, diaries, messages, telegrams, books, letters, ledgers, financial statements, drawings, photographs, publications, advertisements, brochures, price lists, video recordings, audio recordings and any other writings or data compilations from which information can be obtained.

      3.    As used herein, "person" shall mean both natural persons and corporate or other business entities, whether or not in the employ of Plaintiff unless otherwise specified.

      4.    As used herein, "Plaintiff", "you", "your", "HerbaSway" or "HerbaSway Laboratories, LLC" shall mean HerbaSway Laboratories, LLC, and also any past or present parent or predecessor in interest of HerbaSway Laboratories, LLC, and all subsidiaries of such parent(s), and all subsidiaries, divisions, officers, directors, employees, agents and representatives of HerbaSway Laboratories, LLC.

      5.    As used herein, "Defendants" shall mean Heba Laboratories, LLC, HerbaMedicine, LLC, and/or HerbaScience and Technologies, LLC.

      6.    If a responsive document or thing is not produced in response to a request, state the specific grounds for not responding in full, state the extent to which the request is being responded to, and respond to said request to the extent to which there is no objection.

7.      If a privilege is claimed as to information or materials, or if documents are not produced in response to a request because of a claim of privilege, state the specific grounds for claiming privilege and respond to said request to the extent to which it is not objected, including the identification of all information or materials for which privilege is claimed.  Such identification shall include, without limitation, the author(s), all recipients, the date of the document, and the general subject matter of the document, including whether it constitutes an opinion of counsel.

8.      Each request is continuing in nature.  Please supply by timely responses all documents that are necessary to ensure the truthfulness and completeness of all of your responses.

9.      In your response to these requests, please restate the text of each request preceding your response thereto.

10.      If any document or thing responsive to this request was, but is no longer, in your possession, custody or control, or was known to you but is no longer in existence, state what disposition was made of it or what became of it.  No document requested to be produced herein should be destroyed or disposed of by virtue of a record retention program or for any other reason.

11.      Unless otherwise indicated, each document request relates to the period from January of 1996 through the present date.

## Document Requests

DOCUMENT REQUEST NO. 1:

Produce all documents that refer or relate to any and all interviews, market research or surveys concerning any goods sold under the marks "HerbaGreen" or "HebaGreen," whether or not made or caused to be made by HerbaSway.

DOCUMENT REQUEST NO. 2:

To the extent not already produced in response to Request No. 1, produce all documents that refer or relate to any and all interviews, market research or surveys concerning any nutritional products, whether or not made or caused to be made by HerbaSway.

DOCUMENT REQUEST NO. 3:

Produce all documents that refer or relate to any tests, whether or not made or caused to be made by HerbaSway, directed to the composition of "HerbaGreen" or "HebaGreen".

DOCUMENT REQUEST NO. 4:

To the extent not already produced in response to Request No. 3, produce all documents that refer or relate to the composition of "HerbaGreen" or "HebaGreen".

**DOCUMENT REQUEST NO. 5:**

To the extent not already produced in response to a previous request, produce all specification sheets or other documents, referring or relating to the nature, quality or characteristics of "HerbaGreen", and whether or not published

**DOCUMENT REQUEST NO. 6:**

To the extent not already produced in response to a previous request, produce all specification sheets or other documents, referring or relating to the nature, quality or characteristics of "HebaGreen", and whether or not published.

**DOCUMENT REQUEST NO. 7:**

Produce all documents that refer or relate to any instances of actual confusion, potential confusion, or deception with respect to "HerbaGreen", "HebaGreen", or any advertisements or promotional materials concerning either "HerbaGreen" or "HebaGreen".

**DOCUMENT REQUEST NO. 8:**

Produce all documents that refer or relate to the dollar amount of sales of "HerbaGreen" in each year from 1998 to the present.

**DOCUMENT REQUEST NO. 9:**

Produce all documents that refer to, relate to, or reflect the dollar amount of sales of "HerbaGreen," broken down by year and by customer for each year, from 1998 to the present.

DOCUMENT REQUEST NO. 10:

Produce all documents that refer to, relate to, or reflect the quantity of "HerbaGreen" sold in each year from 1998 to the present.

DOCUMENT REQUEST NO. 11:

Produce all documents that refer to, relate to, or reflect any or all prices or price structures of "HerbaGreen," including price changes, for each year from 1998 to the present.

DOCUMENT REQUEST NO. 12:

Produce all documents, including invoices and purchase orders, that refer, relate to, or reflect a sale of "HerbaGreen" from 1998 to the present.

DOCUMENT REQUEST NO. 13:

Produce all documents that refer to, relate to, or reflect the dollar amount of all costs associated with the sale of "HerbaGreen," including, but not limited to the dollar amount of developing, producing, marketing and/or advertising "HerbaGreen," from 1998 to the present.

DOCUMENT REQUEST NO. 14:

For all goods made, distributed or sold bearing the mark "HerbaGreen", produce all documents substantiating or verifying the initial date and the last date of sale or distribution, the sales price, and the number of each item sold or distributed each year from 1998 to the present.

DOCUMENT REQUEST NO. 15:

Produce all documents which refer or relate to HerbaSway's total sales and profits of its products on an annual basis from 1998 to the present.


DOCUMENT REQUEST NO. 16:

Produce all documents referring or relating to past, current or prospective advertising or promotional materials, including catalogues, brochures, circulars, leaflets, trade journals, price lists, newspaper and magazine advertisements, radio advertisements, television advertisements, internet advertisements, specification sheets, and any such other materials referring or relating to "HerbaGreen", made by HerbaSway or by a third party, whether or not authorized by HerbaSway.


DOCUMENT REQUEST NO. 17:

Produce all documents identifying publications or other media in which HerbaSway has advertised, is advertising, or plans to advertise "HerbaGreen," the number of persons receiving each such publication or advertisement, and the expense of such advertising to HerbaSway.


DOCUMENT REQUEST NO. 18:

Produce all documents substantiating or verifying the advertising and promotional expenditures made by HerbaSway in connection with "HerbaGreen" on an annual basis from 1998 to the present.

DOCUMENT REQUEST NO. 19:

Produce all documents substantiating or verifying the advertising and promotional expenditures made by HerbaSway in connection with its products on an annual basis from 1998 to the present.

DOCUMENT REQUEST NO. 20:

Produce all documents that comprise or relate to price lists for "HerbaGreen".

DOCUMENT REQUEST NO. 21:

Produce all documents that demonstrate the level(s) of sophistication of customers of "HerbaGreen" or "HebaGreen."

DOCUMENT REQUEST NO. 22:

Produce all documents concerning or identifying the channels of trade through which HerbaSway is offering or selling or plans to offer or sell, directly or indirectly, its herbal medicinal products.

DOCUMENT REQUEST NO. 23:

Produce all documents sufficient to show the geographic markets in which HerbaSway's herbal medicinal products are sold or will be sold, offered for sale, distributed or provided.

**DOCUMENT REQUEST NO. 24:**

Produce all documents referring or relating to instances or occasion of which HerbaSway is aware of customer confusion or mistake involving the source, origin, or sponsorship of goods sold by HerbaSway and/or Defendants.

**DOCUMENT REQUEST NO. 25:**

Produce all documents referring or relating to any litigation, disputes, complaints, or objections involving "HerbaGreen" in which HerbaSway has been involved with a third party.

**DOCUMENT REQUEST NO. 26:**

To the extent not already produced in response to a previous request, produce all documents referring or relating to any litigation, disputes, complaints, or objections involving herbal medicinal products in which HerbaSway has been involved with a third party.

**DOCUMENT REQUEST NO. 27:**

Produce all documents relating or referring to contracts, agreements, assignments, licenses, or the like, involving "HerbaGreen" to which HerbaSway has been a party.

**DOCUMENT REQUEST NO. 28:**

Produce all documents which refer or relate to the creation, design and overall appearance of HerbaSway's herbal medicinal product bottles.



DOCUMENT REQUEST NO. 29:

Produce all documents used or relied upon in creating the website www.herbasway.com.


DOCUMENT REQUEST NO. 30:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 14 of

the Amended Complaint dated July 24, 2003 ("the Amended Complaint") that "[f]rom August

1996 to the present, HerbaSway has extensively advertised, marketed, promoted and sold its line

of herbal medicinal products throughout the United States, including in the State of Connecticut,

and the product line has become a marketing success."


DOCUMENT REQUEST NO. 31:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 15 of

the Amended Complaint that "[t]he ornamental design and overall appearance of the bottles used

to distribute HerbaSway's products is inherently distinctive and has acquired secondary meaning

in the relevant marketplace."


DOCUMENT REQUEST NO. 32:

Produce all documents that support or rebut HerbaSway's assertion in paragraphs 16 and

17 of the Amended Complaint that "HerbaSway has also developed written materials, including

marketing brochures and its Internet website, all of which describe the features and benefits of its

line of herbal medicinal products, including HerbaGreen tea" and that such "written marketing

materials are wholly original and constitute copyrightable subject matter under the laws of the

United States."

DOCUMENT REQUEST NO. 33:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 28 of the Amended Complaint that Defendants market, advertise, sell and attempt to sell their "products in a manner that is calculated to deceive the customer into believing that [their] line of herbal medicinal products are manufactured, marketed and sold by HerbaSway, or that [their] product line is authorized by, licensed by, sponsored by or otherwise associated with HerbaSway."

DOCUMENT REQUEST NO. 34:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 29 of the Amended Complaint that Defendants "misappropriated and copied HerbaSway's written marketing materials."

DOCUMENT REQUEST NO. 35:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 30 of the Amended Complaint that Defendants "selected product names that were adulterated versions of HerbaSway's product names."

DOCUMENT REQUEST NO. 36:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 31 of the Amended Complaint that Defendants "embedded, without HerbaSway's authorization or permission, the mark HerbaSway and the tradename HerbaCafe in the metatags for their www.herbamedicine.com website for the purpose of wrongfully diverting internet consumers."

-11-

DOCUMENT REQUEST NO. 37:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 32 of the Amended Complaint that Defendants "paid Internet search engines to secure prominent and preferred placement for its www.herbamedicine.com website in search result lists, when, for example, an internet consumer conducted a search looking for 'Herbasway.'"

DOCUMENT REQUEST NO. 38:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 34 of the Amended Complaint that Defendants "adopted an ornamental design and overall appearance on [their] bottles that is confusingly similar to the HerbaSway design and appearance."

DOCUMENT REQUEST NO. 39:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 35 of the Amended Complaint that, in their marketing materials, the Defendants "claimed that each of [their] products (except for Cardiomax) is 'formerly' one of HerbaSway's products" and therefore "falsely claimed that HerabSway's products no longer exist" and that Defendants' "products have replaced them.".

DOCUMENT REQUEST NO. 40:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 37 of the Amended Complaint that Defendants "adopted and used the mark HebaGreen with full knowledge of HerbaSway's rights and with the intention of trading on the reputation and goodwill of HerbaSway and its HerbaGreen mark."

DOCUMENT REQUEST NO. 41:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 38 of the Amended Complaint that Defendants actions "were likely to cause confusion, mistake, and/or deception as to the source, sponsorship, or authorization" of the Defendants' green tea product.

DOCUMENT REQUEST NO. 42:

Produce all documents that support or rebut HerbaSway's assertion in paragraphs 40 and 47 of the Amended Complaint that "HerbaSway has been harmed by and has suffered loss as a result of" the Defendants' conduct.

DOCUMENT REQUEST NO. 43:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 44 of the Amended Complaint that Defendants' actions "were likely to cause confusion and mistake, and/or to deceive the public into believing falsely that Defendants' web pages are connected with and/or sponsored or authorized by HerbaSway."

DOCUMENT REQUEST NO. 44:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 53 of the Amended Complaint that "HerbaSway has suffered loss and harm, including, *inter alia,* the diversion of trade, loss of sales, and diminishment of goodwill."

DOCUMENT REQUEST NO. 45:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 57 of the Amended Complaint that Defendants "copied HerbaSway's written marketing materials and infringed said copyrights by the printing and distributing of brochures and the establishment of a website, www.hebamedicine.com."

DOCUMENT REQUEST NO. 46:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 59 of the Amended Complaint that "HerbaSway has suffered substantial loss and harm to its business in the form of diversion of trade, loss of sales, and a dilution of the value of its rights" as a result of Defendants' acts of copyright infringement.

DOCUMENT REQUEST NO. 47:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 62 of the Amended Complaint that the Defendants' "acts alone and in combination are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of the defendants with HerbaSway, or are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the defendants' goods by HerbaSway."

DOCUMENT REQUEST NO. 48:

Produce all documents referring or relating to any communication which HerbaSway has had with or made to others concerning Dr. James Zhou, any Defendant, any employee of

Defendants, any of Defendants' products, the nature, quality, or characteristic of any of Defendants' products, or any person's or entity's business relations with Defendants.

**DOCUMENT REQUEST NO. 49:**

To the extent not produced in response to the above Requests, produce all documents and things that relate to, mention, or concern Dr. James Zhou, Defendants, any employees of Defendants, or any of Defendants' products.

**DOCUMENT REQUEST NO. 50:**

Produce all documents containing any material to which HerbaSway claims belongs to HerbaSway under the copyright laws of the United States.

**DOCUMENT REQUEST No. 51:**

Produce copies of all pictures, photographs, or images taken by or on behalf of Dr. James Zhou.

**DOCUMENT REQUEST No. 52:**

Produce all documents containing written material concerning medicinal herbal remedies or products that Dr. James Zhou wrote or contributed to the writing of.

**DOCUMENT REQUEST NO. 53:**

Produce all lists of customers who have purchased HerbaSway's products.

DOCUMENT REQUEST NO. 54:

    Produce all lists used to solicit customers..


DOCUMENT REQUEST NO. 55:

    To the extent not produced in response to the above Requests, produce all documents that

were relied upon or referred to in answering DEFENDANTS' FIRST SET OF

INTERROGATORIES TO PLAINTIFF HERBASWAY LABORATORIES, LLC, dated

November 18, 2003, and served herewith.


                THE DEFENDANTS,
                HEBA LABORATORIES, LLC,
                HERBAMEDICINE, LLC, and HERBASCIENCE
                and TECHNOLOGIES, LLC
                BY MCCARTER & ENGLISH, LLP
                THEIR ATTORNEYS


By _____
                ALEXANDRA B. STEVENS (CT 20300)
                Four Stamford Plaza
                107 Elm Street
                Stamford, CT  06902
                (203) 965-0823
                (203) 323-6513 (fax)
                astevens@mccarter.com
                      -and-
                MARK D. GIARRATANA (CT 10410)
                CityPlace I
                185 Asylum Street
                Hartford, CT  06103
                (860) 275-6700
                (860) 724-3397 (fax)
                mgiarratana@mccarter.com

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing DEFENDANTS' FIRST REQUEST

FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF HERBASWAY

LABORATORIES, LLC has been hand delivered, this 18th day of November, 2003 to:

JOHN R. HORVACK, JR., ESQ.
FATIMA LAHNIN, ESQ.
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721-1110

And delivered via regular mail, postage prepaid, to:

KRISTA A. DOTSON, ESQ.
SHEILA J. HANLEY, ESQ.
Gesmonde, Pietrosimone & Sgrignari, LLC
3127 Whitney Avenue
Hamden, CT  06518-2344

ALEXANDRA B. STEVENS

HARTFORD: 602737.01

-17-