UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HERBASWAY LABORATORIES, LLC, | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| v. | : | 3:02-CV-1382 (AHN) |
| HEBA LABORATORIES, LLC, HERBAMEDICINE, LLC, and HERBASCIENCE and TECHNOLOGIES, LLC, | : | |
| Defendants. | : | JANUARY 13, 2004 |

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Plaintiff, HerbaSway Laboratories, LLC ("HerbaSway") hereby responds to the following Definitions, Instructions, and Requests contained in the Defendants' First Request for the Production of Documents and Things dated November 24, 2003, as follows:

"EXHIBIT-C"

CARMODY & TORRANCE LLP    50 Leavenworth Street
{W1288973} Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

## Instructions and Definitions

1.      These requests for production shall be deemed to be continuing and to require supplemental or amended answers so that any information responsive to these requests which Plaintiff acquires or that becomes known to Plaintiff throughout this action shall be furnished to Defendants immediately after such documents or things are acquired or become known.

2.      In the following requests, the terms "document" and "documents" shall include, without limitation, originals and/or copies of all correspondence, literature, papers, memoranda, reports, notes, diaries, messages, telegrams, books, letters, ledgers, financial statements, drawings, photographs, publications, advertisements, brochures, price lists, video recordings, audio recordings and any other writings or data compilations from which information can be obtained.

3.      As used herein, "person" shall mean both natural persons and corporate or other business entities, whether or not in the employ of Plaintiff unless otherwise specified.

4.      As used herein, "Plaintiff", "you", "your", "HerbaSway" or "HerbaSway Laboratories, LLC" shall mean HerbaSway Laboratories, LLC, and also any past or present parent or predecessor in interest of HerbaSway Laboratories, LLC, and all subsidiaries of such parent(s), and all subsidiaries, divisions, officers, directors, employees, agents and representatives of

HerbaSway Laboratories, LLC.

5.     As used herein, "Defendants" shall mean Heba Laboratories, LLC, HerbaMedicine, LLC, and/or HerbaScience and Technologies. LLC.

6. If a responsive document or thing is not produced in response to a request. state the specific grounds for not responding in full, state the extent to which the request is being responded to, and respond to said request to the extent to which there is no objection.

·7.     If a privilege is claimed as to information or materials, or if documents are not produced in response to a request because of a claim of privilege, state the specific grounds for claiming privilege and respond to said request to the extent to which it is not objected, including the identification of all information or materials for which privilege is claimed. Such identification shall include, without limitation, the author(s), all recipients, the date of the document, and the general subject matter of the document, including whether it constitutes an opinion of counsel.

8.     Each request is continuing in nature. Please supply by timely responses all documents that are necessary to ensure the truthfulness and completeness of all of your responses.

9.     In your response to these requests, please restate the text of each request preceding your response thereto.

10.     If any document or thing responsive to this request was, but is no

longer, in your possession, custody or control, or was known to you but is no longer in existence, state what disposition was made of it or what became of it. No document requested to be produced herein should be destroyed or disposed of by virtue of a record retention program or for any other reason.

11.    Unless otherwise indicated, each document request relates to the period from January of 1996 through the present date.

## GENERAL OBJECTIONS

1.    HerbaSway objects to the "Definitions", "Instructions" and to these Interrogatories to the extent that they purport to impose upon HerbaSway any obligation beyond that required by the Federal Rules of Civil Procedure or the Local Rules for the District of Connecticut.

2.    HerbaSway objects to the Defendants' Interrogatories to the extent that the Defendants seek information that is protected from disclosure by the attorney-client privilege and/or the work product doctrine.

3.    HerbaSway objects to Defendants' Interrogatories to the extent that: (a) the Defendants seek to require HerbaSway to disclose documents and things beyond what is available to HerbaSway at present after conducting a reasonable search of its files; and/or (b) Defendants seek to impose on HerbaSway obligations beyond those set forth in the Federal Rules of Civil Procedure.

4.      HerbaSway objects to these Interrogatories to the extent they seek the identification or production of "all" information or the like on grounds that such an Interrogatory is unduly burdensome and overly broad.  Unless otherwise indicated, HerbaSway will produce relevant responsive documents or otherwise identify the responsive information which they are able to locate as a result of a reasonable search of HerbaSway's business records.

5.      HerbaSway objects to these Interrogatories to the extent that they seek information which is irrelevant to the subject matter of this proceeding and which is not reasonably calculated to lead to the discovery of admissible evidence.

6.      To the extent that HerbaSway responds to these Interrogatories, such responses should not be construed as a representation or admission that the information provided in the response is relevant or admissible at trial.

7.      HerbaSway objects to Defendants' Interrogatories to the extent they seek the disclosure of information, documents and things not in the possession, custody or control of HerbaSway, including but not limited to, parties not subject to this action.

8.      HerbaSway objects to these Interrogatories to the extent they seek documents which are already within the possession and control of the Defendants.



9.    The Responses contained herein reflect HerbaSway's present knowledge, information and belief, and may be subject to change or modification based on HerbaSway's further discovery, or on facts or circumstances that may come to HerbaSway's knowledge.

## Document Requests

### DOCUMENT REQUEST NO. 1:

Produce all documents that refer or relate to any and all interviews, market research or surveys concerning any goods sold under the marks "HerbaGreen" or "HebaGreen," whether or not made or caused to be made by HerbaSway.

Response:  HerbaSway incorporates its general Objections set forth above as though fully set forth herein.  HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome.

### DOCUMENT REQUEST NO. 2:

To the extent not already produced in response to Request No. 1, produce all documents that refer or relate to any and all interviews, market research or surveys concerning any nutritional products, whether or not made or caused to be made by HerbaSway.

Response:  HerbaSway incorporates its general Objections set forth above as though fully set forth herein.  HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome.

CARMODY & TORRANCE LLP
{W1280079}
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
6

DOCUMENT REQUEST NO. 3:

Produce all documents that refer or relate to any tests, whether or not made or caused to be made by HerbaSway, directed to the composition of "HerbaGreen" or "HebaGreen".

Response: HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Nothwithstanding these objections HerbaSway has produced non-privileged documents responsive to this document request.

DOCUMENT REQUEST NO. 4:

To the extent not already produced in response to Request No. 3, produce all documents that refer or relate to the composition of "HerbaGreen" or "HebaGreen".

Response: HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Nothwithstanding these objections HerbaSway has produced non-privileged documents responsive to this document request.

DOCUMENT REQUEST NO. 5:

To the extent not already produced in response to a previous request, produce all specification sheets or other documents, referring or relating to the nature, quality or characteristics of "HerbaGreen", and whether or not published

Response: HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Nothwithstanding these objections HerbaSway has produced non-privileged documents responsive to this document request.

## DOCUMENT REQUEST NO. 6:

To the extent not already produced in response to a previous request, produce all specification sheets or other documents, referring or relating to the nature, quality or characteristics of "HebaGreen", and whether or not published.

**Response**: HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Nothwithstanding these objections HerbaSway has produced non-privileged documents responsive to this document request.

## DOCUMENT REQUEST NO. 7:

Produce all documents that refer or relate to any instances of actual confusion, potential confusion, or deception with respect to "HerbaGreen", "HebaGreen", or any advertisements or promotional materials concerning either HerbaGreen" or "HebaGreen".

**Response**: HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Nothwithstanding these objections HerbaSway will produce non-privileged documents responsive to this document request.

## DOCUMENT REQUEST NO. 8:

Produce all documents that refer or relate to the dollar amount of sales of "HerbaGreen" in each year from 1998 to the present.

**Response**: HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

DOCUMENT REQUEST NO. 9:

Produce all documents that refer to, relate to, or reflect the dollar amount of sales of "HerbaGreen," broken down by year and by customer for each year, from 1998 to the present.

Response:  HerbaSway incorporates its general Objections set forth above as though fully set forth herein.  HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

DOCUMENT REQUEST NO. 10:

Produce all documents that refer to, relate to, or reflect the quantity of "HerbaGreen" sold in each year from 1998 to the present.

Response:  HerbaSway incorporates its general Objections set forth above as though fully set forth herein.  HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

DOCUMENT REQUEST NO. 11:

Produce all documents that refer to, relate to, or reflect any or all prices or price structures of "HerbaGreen," including price changes, for each year from 1998 to the present.

Response:  HerbaSway incorporates its general Objections set forth above as though fully set forth herein.  HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome.

CARMODY & TORRANCE LLP
{W1280970}Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

9

HerbaSway also objects to this Request to the extent that the terms "price structure" is vague and ambiguous. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

## DOCUMENT REQUEST NO. 12:

Produce all documents, including invoices and purchase orders, that refer, relate to, or reflect a sale of "HerbaGreen" from 1998 to the present.

**Response:** HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that this Request is unduly burdensome, and irrelevant, and constitutes an unwarranted intrusion into the defendant's continuing business activities.

## DOCUMENT REQUEST NO. 13:

Produce all documents that refer to, relate to, or reflect the dollar amount of all costs associated with the sale of "HerbaGreen," including, but not limited to the dollar amount of developing, producing, marketing and/or advertising "HerbaGreen," from 1998 to the present.

**Response:** HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

## DOCUMENT REQUEST NO. 14:

For all goods made, distributed or sold bearing the mark "HerbaGreen", produce all documents substantiating or verifying the initial date and the last date of sale or distribution, the sales price, and the number of each item sold or distributed each year from 1998 to the present.

Response:  HerbaSway incorporates its general Objections set forth above as though fully set forth herein.  HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

## DOCUMENT REQUEST NO. 15:

Produce all documents which refer or relate to HerbaSway's total sales and profits of its products on an annual basis from 1998 to the present.

Response:  HerbaSway incorporates its general Objections set forth above as though fully set forth herein.  HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

## DOCUMENT REQUEST NO. 16:

Produce all documents referring or relating to past, current or prospective advertising or promotional materials, including catalogues, brochures, circulars, leaflets, trade journals, price lists, newspaper and magazine advertisements, radio advertisements, television advertisements, internet advertisements, specification sheets, and any such other materials referring or relating to "HerbaGreen", made by HerbaSway or by a third party, whether or not authorized by HerbaSway.

Response:  HerbaSway incorporates its general Objections set forth above as though fully set forth herein.  HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway has produced all non-privileged, responsive documents or such documents will be made aviable for inspection at the offices of HerbaSway's counsel at a mutually agreeable time.

DOCUMENT REQUEST NO. 17:

Produce all documents identifying publications or other media in which HerbaSway has advertised, is advertising, or plans to advertise "HerbaGreen," the number of persons receiving each such publication or advertisement, and the expense of such advertising to HerbaSway.

Response:  HerbaSway incorporates its general Objections set forth above as though fully set forth herein.  HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway has produced all non-privileged, responsive documents or such documents will be made available for inspection at the offices of HerbaSway's counsel at a mutually agreeable time.

DOCUMENT REQUEST NO. 18:

Produce all documents substantiating or verifying the advertising and promotional expenditures made by HerbaSway in connection with "HerbaGreen" on an annual basis from 1998 to the present.

Response:  HerbaSway incorporates its general Objections set forth above as though fully set forth herein.  HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

DOCUMENT REQUEST NO. 19:

Produce all documents substantiating or verifying the advertising and promotional expenditures made by HerbaSway in connection with its products on an annual basis from 1998 to the present.

Response:  HerbaSway incorporates its general Objections set forth above as though fully set forth herein.  HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome.

Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

DOCUMENT REQUEST NO. 20:

Produce all documents that comprise or relate to price lists for "HerbaGreen".

Response: HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents that have not already been produced in discovery in this case.

DOCUMENT REQUEST NO. 21:

Produce all documents that demonstrate the level(s) of sophistication of customers of "HerbaGreen" or "HebaGreen."

Response: HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome.

DOCUMENT REQUEST NO. 22:

Produce all documents concerning or identifying the channels of trade through which HerbaSway is offering or selling or plans to offer or sell, directly or indirectly, its herbal medicinal products.

Response: HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome.

DOCUMENT REQUEST NO. 23:      .

Produce all documents sufficient to show the geographic markets in which
HerbaSway's herbal medicinal products arc sold or will be sold, offered for
sale, distributed or provided.

Response:  HerbaSway incorporates its general Objections set forth
above as though fully set forth herein.  HerbaSway further objects to this
Request on the grounds that it is vague, unduly broad and burdensome.

DOCUMENT REQUEST NO. 24:

Produce all documents referring or relating to instances or occasion of which
HerbaSway is aware of customer confusion or mistake involving the source,
origin, or sponsorship of goods sold by HerbaSway and/or Defendants.

Response:  HerbaSway incorporates its general Objections set forth
above as though fully set forth herein.  HerbaSway further objects to this
Request on the grounds that it is vague, unduly broad and burdensome.
Subject to and without waiving these objections, HerbaSway will produce all
non-privileged, responsive documents that have not already been produced in
discovery in this case.

DOCUMENT REQUEST NO. 25:

Produce all documents referring or relating to any litigation, disputes,
complaints, or objections involving "HerbaGreen" in which HerbaSway has
been involved with a third party.

Response:  HerbaSway incorporates its general Objections set forth
above as though fully set forth herein.  HerbaSway further objects to this
Request on the grounds that it is irrelevant and not reasonable calculated to
lead to the discovery of admissible evidence.

DOCUMENT REQUEST NO. 26:

To the extent not already produced in response to a previous request, produce

all documents referring or relating to any litigation, disputes, complaints, or objections involving herbal medicinal products in which HerbaSway has been involved with a third party.

Response:  HerbaSway incorporates its general Objections set forth above as though fully set forth herein.  HerbaSway further objects to this Request on the grounds that it is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence.

DOCUMENT REQUEST NO. 27:

Produce all documents relating or referring to contracts, agreements, assignments, or the like, involving "HerbaGreen" to which HerbaSway has been a party.

Response:  HerbaSway incorporates its general Objections set forth above as though fully set forth herein.  HerbaSway further objects to this Request on the grounds that it is vague, irrelevant and not reasonable calculated to lead to the discovery of admissible evidence.

DOCUMENT REQUEST NO. 28:

Produce all documents which refer or relate to the creation, design and overall appearance of HerbaSway's herbal medicinal product bottles.

Response:  HerbaSway incorporates its general Objections set forth above as though fully set forth herein.  HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents, if any, that have not already been produced in discovery in this case.

DOCUMENT REQUEST NO. 29:

Produce all documents used or relied upon in creating the website www.herbasway.com.

Response: HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Subject to and without waiving these objections, HerbaSway will produce all non-privileged, responsive documents, if any, that have not already been produced in discovery in this case.

## DOCUMENT REQUEST NO. 30:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 14 of the Amended Complaint dated July 24, 2003 ("the Amended Complaint") that "[f]rom August 1996 to the present, HerbaSway has extensively advertised, marketed, promoted and sold its line of herbal medicinal products throughout the United States, including in the State of Connecticut, and the product line has become a marketing success."

Response: In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation. Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.

## DOCUMENT REQUEST NO. 31:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 15 of the Amended Complaint that "[t]he ornamental design and overall appearance of the bottles used to distribute HerbaSway's products is inherently distinctive and has acquired secondary meaning in the relevant marketplace."

Response: In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation. Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.



## DOCUMENT REQUEST NO. 32:

Produce all documents that support or rebut HerbaSway's assertion in paragraphs 16 and 17 of the Amended Complaint that "HerbaSway has also developed written materials, including marketing brochures and its Internet website, all of which describe the features and benefits of its line of herbal medicinal products, including HerbaGreen tea" and that such "written marketing materials are wholly original and constitute copyrightable subject matter under the laws of the United States."

Response:  In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation.  Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.

## DOCUMENT REQUEST NO. 33:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 28 of the Amended Complaint that Defendants market, advertise, sell and attempt to sell their "products in a manner that is calculated to deceive the customer into believing that [their] line of herbal medicinal products are manufactured, marketed and sold by HerbaSway, or that [their] product line is authorized by, licensed by, sponsored by or otherwise associated with HerbaSway."

Response:  In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation.  Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.

## DOCUMENT REQUEST NO. 34:

Produce all documents that support or rebut HerbaSway's assertion in

paragraph 29 of the Amended Complaint that Defendants "misappropriated and copied HerbaSway's written marketing materials."

Response:  In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation.  Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.

DOCUMENT REQUEST NO. 35:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 30 of the Amended Complaint that Defendants "selected product names that were adulterated versions of HerbaSway's product names."

Response:  In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation.  Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.

DOCUMENT REQUEST NO. 36:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 31 of the Amended Complaint that Defendants "embedded, without HerbaSway's authorization or permission, the mark HerbaSway and the tradename HerbaCafe in the metatags for their www.herbamedicine.com website for the purpose of wrongfully diverting internet consumers."

Response:  In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation.  Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.

## DOCUMENT REQUEST NO. 37:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 32 of the Amended Complaint that Defendants "paid Internet search engines to secure prominent and preferred placement for its www.herbamedicine.com website in search result lists, when, for example, an internet consumer conducted a search looking for `Herbasway.'"

Response:  In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation.  Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.

## DOCUMENT REQUEST NO. 38:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 34 of the Amended Complaint that Defendants "adopted an ornamental design and overall appearance on [their] bottles that is confusingly similar to the HerbaSway design and appearance."

Response:  In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation.  Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.

## DOCUMENT REQUEST NO. 39:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 35 of the Amended Complaint that, in their marketing materials, the Defendants "claimed that each of [their] products (except for Cardiomax) is

`formerly' one of HerbaSway's products" and therefore "falsely claimed that HerbaSway's products no longer exist" and that Defendants' "products have replaced them."

Response:  In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation.  Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.

## DOCUMENT REQUEST NO. 40:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 37 of the Amended Complaint that Defendants "adopted and used the mark HebaGreen with full knowledge of HerbaSway's rights and with the intention of trading on the reputation and goodwill of HerbaSway and its HerbaGreen mark."

Response:  In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation.  Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.

## DOCUMENT REQUEST NO. 41:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 38 of the Amended Complaint that Defendants actions "were likely to cause confusion, mistake, and/or deception as to the source, sponsorship, or authorization" of the Defendants' green tea product.

Response:  In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation.  Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections

within a reasonable time following the Defendants' full compliance with the document requests served upon it.

## DOCUMENT REQUEST NO. 42:

Produce all documents that support or rebut HerbaSway's assertion in paragraphs 40 and 47 of the Amended Complaint that "HerbaSway has been harmed by and has suffered loss as a result of' the Defendants' conduct.

Response:  In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation.  Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.

## DOCUMENT REQUEST NO. 43:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 44 of the Amended Complaint that Defendants' actions "were likely to cause confusion and mistake, and/or to deceive the public into believing falsely that Defendants' web pages are connected with and/or sponsored or authorized by HerbaSway."

Response:  In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation.  Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.

## DOCUMENT REQUEST NO. 44:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 53 of the Amended Complaint that "HerbaSway has suffered loss

and harm, including, *inter alia,* the diversion of trade, loss of sales, and
diminishment of goodwill."

Response:  In addition to the General Objections, HerbaSway further objects
to this Request on the grounds that it seeks contention information at a
premature stage in the litigation.  Notwithstanding these objections,
HerbaSway will fully comply with this Request subject to its general objections
within a reasonable time following the Defendants' full compliance with the
document requests served upon it.

## DOCUMENT REQUEST NO. 45:

Produce all documents that support or rebut HerbaSway's assertion in
paragraph 57 of the Amended Complaint that Defendants "copied
HerbaSway's written marketing materials and infringed said copyrights by the
printing and distributing of brochures and the establishment of a website,
www.hebamedicine.com."

Response:  In addition to the General Objections, HerbaSway further objects
to this Request on the grounds that it seeks contention information at a
premature stage in the litigation.  Notwithstanding these objections,
HerbaSway will fully comply with this Request subject to its general objections
within a reasonable time following the Defendants' full compliance with the
document requests served upon it.

## DOCUMENT REQUEST NO. 46:

Produce all documents that support or rebut HerbaSway's assertion in
paragraph 59 of the Amended Complaint that "HerbaSway has suffered
substantial loss and harm to its business in the form of diversion of trade, loss
of sales, and a dilution of the value of its rights" as a result of Defendants' acts
of copyright infringement.

Response:  In addition to the General Objections, HerbaSway further objects
to this Request on the grounds that it seeks contention information at a
premature stage in the litigation.  Notwithstanding these objections,
HerbaSway will fully comply with this Request subject to its general objections

within a reasonable time following the Defendants' full compliance with the document requests served upon it.

## DOCUMENT REQUEST NO. 47:

Produce all documents that support or rebut HerbaSway's assertion in paragraph 62 of the Amended Complaint that the Defendants' "acts alone and in combination are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of the defendants with HerbaSway, or are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of the defendants' goods by HerbaSway."

Response: In addition to the General Objections, HerbaSway further objects to this Request on the grounds that it seeks contention information at a premature stage in the litigation. Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.

## DOCUMENT REQUEST NO. 48:

Produce all documents referring or relating to any communication which HerbaSway has had with or made to others concerning Dr. James Zhou, any Defendant, any employee of Defendants, any of Defendants' products, the nature, quality, or characteristic of any of Defendants' products, or any person's or entity's business relations with Defendants.

Response: HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome.

## DOCUMENT REQUEST NO. 49:

To the extent not produced in response to the above Requests, produce all documents and things that relate to, mention, or concern Dr. James Zhou, Defendants, any employees of Defendants, or any of Defendants' products.

**Response:** HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome.

## DOCUMENT REQUEST NO. 50:

Produce all documents containing any material to which HerbaSway claims belongs to HerbaSway under the copyright laws of the United States.

**Response:** HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague and unduly broad.

## DOCUMENT REQUEST NO. 51:

Produce copies of all pictures, photographs, or images taken by or on behalf of Dr. James Zhou.

**Response:** HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome.

## DOCUMENT REQUEST NO. 52:

Produce all documents containing written material concerning medicinal herbal remedies or products that Dr. James Zhou wrote or contributed to the writing of.

CARMODY & TORRANCE LLP
{W1288978} Law
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200
24



**Response**: HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome.

## DOCUMENT REQUEST NO. 53:

Produce all lists of customers who have purchased HerbaSway's products.

**Response**: HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome. Notwithstanding these objections, HerbaSway will fully comply with this Request subject to its general objections within a reasonable time following the Defendants' full compliance with the document requests served upon it.

## DOCUMENT REQUEST NO. 54:

Produce all lists used to solicit customers.

**Response**: HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this Request on the grounds that it is vague, unduly broad and burdensome.

## DOCUMENT REQUEST NO. 55:

To the extent not produced in response to the above Requests, produce all documents that were relied upon or referred to in answering DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF HERBASWAY LABORATORIES, LLC, dated November 18, 2003, and served herewith.

**Response**: HerbaSway incorporates its general Objections set forth above as though fully set forth herein. HerbaSway further objects to this interrogatory on the grounds that it is vague, unduly broad and burdensome. Nothwithstanding these objections HerbaSway has produced non-privileged documents responsive to this document request.

THE PLAINTIFF,
HERBASWAY LABORATORIES, LLC

BY _____

FATIMA LAHNIN
Federal Bar No. ct24096
JOHN R. HORVACK, JR.
Federal Bar No. ct12926
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Phone: 203 573-1200
Fax: 203 575-2600
Email: flahnin@carmodylaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage

prepaid, on the above date, to:

Mark D. Giarratana, Esq.
Cummings & Lockwood LLC
CityPlace I, 36th Floor
185 Asylum Street
Hartford, CT  06103-3495
Phone:  860 275-6700
Fax:  860 724-3397

Alexandra B. Stevens, Esq.
Cummings & Lockwood LLC
Four Stamford Plaza
107 Elm Street
Stamford, CT  06902
Phone: 203 327-1700
Fax: 203 351-4535

Fatima Lahnin
John R. Horvack, Jr.
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110