From: Wilson, Seth
Sent: Thursday, April 14, 2005 08:35
To: Wilson, Seth; 'flahnin@carmodylaw.com'; 'jhorvack@carmodylaw.com'; 'John F. Papandrea'; 'gweller@carmodylaw.com'
CC: Giarratana, Mark; Stevens, Alexandra
BCC:
Subject: RE: Outstanding discovery

Fatima,
Also, the documents LSJ 00040-241 and CD of the same only provide infomercial details for HerbaGreen tea from sometime in 2003-2005. We need and are entitled to this same information from before and during the principle periods of alleged infringement 1998-2003. Please supplement these documents and CD to cover the relevant time period from 1998 until whenever in 2003 the already produced documents start, providing the same data information for each customer. Please also provide the same infomercial-related information for each other product sold by infomercial.
Thank you,
Seth

-----Original Message-----
**From:** Wilson, Seth
**Sent:** Tuesday, April 12, 2005 12:57 PM
**To:** 'flahnin@carmodylaw.com'; 'jhorvack@carmodylaw.com'; 'John F. Papandrea'; 'gweller@carmodylaw.com'
**Cc:** Giarratana, Mark; Stevens, Alexandra
**Subject:** FW: Outstanding discovery


Fatima,

I write to identify several outstanding discovery issues. We need contact information for the remaining witnesses, identification of alleged confusion evidence, we need to know HerbaSway's position as to whether any instances of confusion can be identified to specific claims and if so which ones, and we have some follow up outstanding discovery information we need now.

A.  **Contact information**

I have not yet received the contact information your firm promised for Lara Kolesnick, the firm's private investigator on this matter, and former employees Heidi Gratton and Dave Zeoli. I need this information so that I can speak to them or notice their depositions. F. R. Civ. P. 26 (a)(1)(A). I understand that your firm objects to our speaking with some of these people informally, but considering Dubois v. Gradco Systems, 136 F.R.D. 341 (D. Conn. 1991), holding that such contact is proper and allowed, I am not sure the basis for this objection.

B.  **Outstanding alleged confusion discovery**

   1.   The Customer Comment CD

At the deposition of Jonathan Rawlings, HerbaSway produced a compact disc that allegedly contains customer service representative comments purportedly evidencing instances of customer confusion. The disc apparently contains over 2,000 pages comprising some 29,000 random customer comments only a few of which you assert evidence confusion. Attorney Weller stated that you had no intention to identify which of those 29,000 lines actually might evidence confusion and admitted that the vast majority do not. As I made clear then and remind you now, this refusal evidences a complete failure to comply with

"EXHIBIT-D"

outstanding discovery requests in this case.

Specifically it fails to comply with:
1.   Document request no. 7, which requires production of all instances of confusion regarding HerbaGreen; and no. 24 requiring production of all instances of customer confusion;
2.   Interrogatory no. 1, which requests identification of all instances of customer confusion; and
3.   Interrogatories 16-20, which require specific identification of those instances of confusion relating to each claim of the amended complaint.

Now several weeks later you have still not identified which comments you rely on.  If you intend to rely on any of these alleged instances at trial it is incumbent on you to tell us which ones indicate confusion and whether it is confusion stemming from Trade Dress, the HerbaGreen mark, web usage of any specific marks or whether the alleged instance is related to one of your other claims.  We need this information before we can continue the deposition of Jonathan Rawlings or begin the other customer service representative depositions that I was forced to put off because of HerbaSway's failure to comply with the Federal Rules.  Please provide me with the specific customer comments you may rely on at trial by no later than Monday,  April 18, 2005 or we will be forced to move to compel.

   2.     Other continuing outstanding confusion requests.

Please also provide by Monday April, 18 the same specific claim by claim identification of each instance of confusion you may rely on at trial as specifically requested in interrogatories 16-20 or again we will be forced to move to compel.  As we discussed on the phone, I discussed on the phone with John Horvack after receiving your responses, and discussed with Attorney Weller at Lorraine St. John's deposition, that HerbaSway's vague and general answers fail to identify which instances and evidence you contend evidence actual confusion attributable to a specific claim.

John indicated in our phone conversation that it is impossible to identify any particular reasons for any particular instance of alleged confusion and that it stems from all of plaintiff's actions together, including alleged telephone marketing to HerbaSway's customer list (which is not contained in the federal complaint) and that you refuse to identify which instances are attributed to any individual claim.

Is this HerbaSway's official position?  Please confirm.

       a.     If it is not, please comply with our specific interrogatories and requests for production of documents.


I would remind you that none of the March 2, 2005 responses to our January 28, 2005 interrogatories 16-20 or January 13, 2005 responses to our November 24, 2003 interrogatories 1-11 or document request nos. 7 or 24 made any objection to contention interrogatories.  Having failed to timely raise any objection based on these interrogatories as contention interrogatories any such objection is waived.  F. R. Civ. P. 33 (b)(4).

Furthermore, although the objections you sent us March 10, 2005 raised an objection to a contention interrogatory in the notice of deposition of Lorraine St. John relying on McCarthy v. Paine Webber Group, 168 F.R.D. 448, 450 (1996), that case was disfavored by Pouliot v. Paul Arpin Van Lines, 2004 WL 1368869, which established that contention interrogatories are proper and not a basis for objection or filing to comply with specific requests like those made in this case.  I would just note that I find it somewhat surprising that Attorney Weller admitted having used the Pouliot case to obtain contention materials in other cases, yet

argues now that the case it disfavors supports HerbaSway's position.

As a practical matter HerbaSway's non-compliant responses will require extensive waste of the Court's and jury's time at trial when we go through each of the documents you have identified and establish that a minute few potentially refer to confused customers and that even fewer can be linked to any particular claim, i.e. trade dress, web based use of marks, the HebaGreen mark, or falsely designating an association with HerbaSway or their origin as coming from HerbaSway. This does not even take into account the amount of time we must waste in depositions going through them all. I cannot imagine the Court will condone such a waste of time, but if you feel you have a basis, please move for a protective order.

Once we get these responses and the identification of the alleged confusion instances from the customer comment CD please call me about deposition dates for finishing Jonathan Rawling's deposition and scheduling Mara Saavedra's, Monet Morrison's and Barbara Jackiela's depositions.

We may also depose Julie Dokas, Bill Craig, Keicia Duffus or any other person if you intend to offer any document they authored or statements from them with respect to confusion. Please let me know if you intend to do so now.

C. **Other outstanding discovery**

Additional long-outstanding discovery requests that have not been provided and we need you to also provide by Monday, April 18 are:

1. The work sheets used by HerbaSway's accountants, Marenna Pia, in producing the financial statements as requested in document request nos. 13 (costs associated with HerbaGreen), no. 60 (produce documents showing costs associated with sale of each product).

2. Full customer by customer purchase details and invoices between 1998-present for all customers and the allegedly 1971 overlapping customers as covered by interrogatory No. 2 requesting identification of "all lists of customers who have purchased HerbaSway's products," in combination with Interrogatory No. 3 "Identify all lists used on or behalf of HerbaSway to solicit customers," and document request nos. 8 "all documents referring or relating to the dollar amount of sales of HerbaGreen from 1998 to the present, no. 12 "all documents, including invoices and purchase orders that refer , relate to, or reflect as sale of HerbaGreen from 1998 to the present," no. 23 (all documents showing geographic markets of HerbaSway's sales), no. 42 (requesting production of all documents that support or rebut HerbaSway's claim that it has been damaged), no. 53 requiring production of "all lists of customers who have purchased HerbaSway's products," and no. 55 (requiring production of all documents relied upon or referred to in answering Defendants first set of interrogatories).

3. Full customer by customer purchase details and invoices from 1998-present for Herbagreen as required by Interrogatory no. 2 in combination with interrogatory no. 10 (annual sales of HerbaGreen) and document request nos. 8, 9, 12 and 55.

4. All calculations of the average cost of a customer and average sales per customer from 1998-present as required by document requests no. 8, 9, 11, 12, 15, 16 (documents referring to advertising for HerbaGreen), 18 (documents referring to advertising costs for HerbaGreen), 19 documents referring to advertising costs in association with all products), and 42.

Please also provide these long overdue responses and documents by April 14 or we will move to compel.

I look forward to hearing from you and finalizing discovery in this matter. Again, we are coming up on a discovery deadline, so I need your responses soon.

Seth

From: Wilson, Seth
Sent: Wednesday, April 20, 2005 20:10
To: 'flahnin@carmodylaw.com'; 'jhorvack@carmodylaw.com'; 'John F. Papandrea'; 'gweller@carmodylaw.com'
CC: Giarratana, Mark; Stevens, Alexandra
BCC:
Subject: RE: Outstanding discovery

John,
I write to confirm your positions laid out in our telephone discussion today conferring on these issues pursuant to Local Rule 37.

You agreed to:
1. Provide contact information for Heidi Gratton, (thank you for Lara Kolesnick's information and we will look for Dave Zeoli in Waterbury);
2. Identify each instance on the customer comment CD produced at Jonathan Rawling's deposition that HerbaSway contends indicate an instance of customer confusion;
3. Provide complete infomercial details for all products sold via infomercials from 1998-2003 (for HerbaGreen) and 1998-2005 (for Al other products) to complement the same information provided for HerbaGreen from some time in 2003-2005 at Lorraine St. John's deposition and the CD that followed. Please provide this information on CD and or in its native electronic form.

Due to your abrupt termination of the telephone call today you did not indicate when you will provide us this information. Please confirm that you still intend to provide us with this information and a specific date when you will get it to us. Needless to say and as I indicated in my letters below, we need this information so we can finish discovery, which is slated to end next week. Given the number of depositions we need to take because of your failure to specifically identify which instances of confusion apply to each claim and large number of alleged instances of customer confusion you claim, there is no way to finish them in time. Yet you still refused to consent to an extension of time. I would also note that you continue to object to our talking informally to former customers requiring us to take their more costly and time consuming depositions.

Your failure to comply with our requests at Jonathan Rawlings' deposition and my letters of the 12th and 14th attached below has prevented us from being able to finish this month. In particular, the request seeking identification of some alleged instances of confusion intermingled with the thousands of non-responsive customer comments on the CD produced at Jonathan Rawlings deposition. These documents are responsive to our very first interrogatory and several document requests set out below. Since most of the remaining depositions address alleged instances of actual confusion, all of which Fatima told me in our telephone conversation of March 15, 2004 were acceptable, this particular shortfall has made it impossible to finish any of them.

In particular in that telephone call she indicated that there would be no objection to taking the deposition of Franklin St. John in his personal capacity, which was noticed on March 16 and I also confirmed in my letter to her of March 16. I indicated that this deposition was a priority and was assured it was acceptable. She also specifically agreed to allow the depositions of Mara Saavedra, Jonathan Rawlings, Monet Morrison and Barbara Jackiela which I also noticed on March 16. She also agreed to depositions of any additional customer service representatives or third parties who might emerge as having personal knowledge or who HerbaSway might rely on and we talked specifically about Lara Kolesnick, Heidi Gratton and Dave Zeoli. You stated today you intend to use as witnesses Julie Dokas, Bill Craig and Keicia Duffus please provide contact information for them as well so we can decide whether to depose them.

**Refusals we will hold you to at trial.**

"EXHIBIT-E"

1. You confirmed today that HerbaSway refuses to put in writing or identify any more specifically which instances of customer confusion apply to which claims and that you have done everything you could and should do on this point. We will hold you to this at trial and object to any later attempts to be more specific.

2. You stated we would need to move to compel to obtain the work sheets used by HerbaSway's accountants, Marenna Pia. You claimed you have no control over them despite their being used to calculate HerbaSway's financial statements. We will hold you to this at trial and object to any efforts to introduce evidence of these sheets or what they might contain.

**Motion to Compel**

1. You stated we would need to move to compel and refused to provide customer by customer purchase details and invoices from 1998 to present for all customers, despite the fact that they are covered by among others our second interrogatory and numerous document requests. Having conferred on this topic we will move to compel.

On a related issue we are checking with State counsel to determine if you have, as you say, provided sales history information for the allegedly overlapping customers.

2. You stated we would need to move to compel to receive customer by customer purchase details for HerbaGreen and all calculations of the average cost of a customer, despite these documents being subsumed in numerous document requests. You indicated that regardless whether they were responsive to a request, they were not specifically asked for. As I stated, on the phone the federal rules do not require such a specific document identification. The documents are responsive and must be produced. Having conferred on this topic we will move to compel.

I am sorry you have decided to drag the Court into this.

Seth


-----Original Message-----
**From:** Wilson, Seth
**Sent:** Thursday, April 14, 2005 8:35 AM
**To:** Wilson, Seth; 'flahnin@carmodylaw.com'; 'jhorvack@carmodylaw.com'; 'John F. Papandrea'; 'gweller@carmodylaw.com'
**Cc:** Giarratana, Mark; Stevens, Alexandra
**Subject:** RE: Outstanding discovery

Fatima,
Also, the documents LSJ 00040-241 and CD of the same only provide infomercial details for HerbaGreen tea from sometime in 2003-2005. We need and are entitled to this same information from before and during the principle periods of alleged infringement 1998-2003. Please supplement these documents and CD to cover the relevant time period from 1998 until whenever in 2003 the already produced documents start, providing the same data information for each customer. Please also provide the same infomercial-related information for each other product sold by infomercial.
Thank you,
Seth

-----Original Message-----
**From:** Wilson, Seth
**Sent:** Tuesday, April 12, 2005 12:57 PM
**To:** 'flahnin@carmodylaw.com'; 'jhorvack@carmodylaw.com'; 'John F. Papandrea'; 'gweller@carmodylaw.com'

**Cc:** Giarratana, Mark; Stevens, Alexandra
**Subject:** FW: Outstanding discovery

Fatima,

I write to identify several outstanding discovery issues. We need contact information for the remaining witnesses, identification of alleged confusion evidence, we need to know HerbaSway's position as to whether any instances of confusion can be identified to specific claims and if so which ones, and we have some follow up outstanding discovery information we need now.

A.  **Contact information**

I have not yet received the contact information your firm promised for Lara Kolesnick, the firm's private investigator on this matter, and former employees Heidi Gratton and Dave Zeoli. I need this information so that I can speak to them or notice their depositions. F. R. Civ. P. 26 (a)(1)(A). I understand that your firm objects to our speaking with some of these people informally, but considering Dubois v. Gradco Systems, 136 F.R.D. 341 (D. Conn. 1991), holding that such contact is proper and allowed, I am not sure the basis for this objection.

B.  **Outstanding alleged confusion discovery**

   1.  The Customer Comment CD

At the deposition of Jonathan Rawlings, HerbaSway produced a compact disc that allegedly contains customer service representative comments purportedly evidencing instances of customer confusion. The disc apparently contains over 2,000 pages comprising some 29,000 random customer comments only a few of which you assert evidence confusion. Attorney Weller stated that you had no intention to identify which of those 29,000 lines actually might evidence confusion and admitted that the vast majority do not. As I made clear then and remind you now, this refusal evidences a complete failure to comply with outstanding discovery requests in this case.

Specifically it fails to comply with:
1.   Document request no. 7, which requires production of all instances of confusion regarding HerbaGreen; and no. 24 requiring production of all instances of customer confusion;
2.   Interrogatory no. 1, which requests identification of all instances of customer confusion; and
3.   Interrogatories 16-20, which require specific identification of those instances of confusion relating to each claim of the amended complaint.

Now several weeks later you have still not identified which comments you rely on. If you intend to rely on any of these alleged instances at trial it is incumbent on you to tell us which ones indicate confusion and whether it is confusion stemming from Trade Dress, the HerbaGreen mark, web usage of any specific marks or whether the alleged instance is related to one of your other claims. We need this information before we can continue the deposition of Jonathan Rawlings or begin the other customer service representative depositions that I was forced to put off because of HerbaSway's failure to comply with the Federal Rules. Please provide me with the specific customer comments you may rely on at trial by no later than Monday, April 18, 2005 or we will be forced to move to compel.

   2.  Other continuing outstanding confusion requests.

Please also provide by Monday April, 18 the same specific claim by claim identification of each instance of confusion you may rely on at trial as specifically requested in interrogatories 16-20 or again we will be forced to move to compel. As we discussed on the phone, I discussed on the phone with John Horvack after receiving your responses, and discussed with Attorney Weller at Lorraine St. John's deposition, that HerbaSway's vague and general answers fail to identify which instances and evidence you contend evidence actual confusion attributable to a specific claim.

John indicated in our phone conversation that it is impossible to identify any particular reasons for any particular instance of alleged confusion and that it stems from all of plaintiff's actions together, including alleged telephone marketing to HerbaSway's customer list (which is not contained in the federal complaint) and that you refuse to identify which instances are attributed to any individual claim.

Is this HerbaSway's official position? Please confirm.

    a.    If it is not, please comply with our specific interrogatories and requests for production of documents.

I would remind you that none of the March 2, 2005 responses to our January 28, 2005 interrogatories 16-20 or January 13, 2005 responses to our November 24, 2003 interrogatories 1-11 or document request nos. 7 or 24 made any objection to contention interrogatories. Having failed to timely raise any objection based on these interrogatories as contention interrogatories any such objection is waived. F. R. Civ. P. 33 (b)(4).

Furthermore, although the objections you sent us March 10, 2005 raised an objection to a contention interrogatory in the notice of deposition of Lorraine St. John relying on McCarthy v. Paine Webber Group, 168 F.R.D. 448, 450 (1996), that case was disfavored by Pouliot v. Paul Arpin Van Lines, 2004 WL 1368869, which established that contention interrogatories are proper and not a basis for objection or filing to comply with specific requests like those made in this case. I would just note that I find it somewhat surprising that Attorney Weller admitted having used the Pouliot case to obtain contention materials in other cases, yet argues now that the case it disfavors supports HerbaSway's position.

As a practical matter HerbaSway's non-compliant responses will require extensive waste of the Court's and jury's time at trial when we go through each of the documents you have identified and establish that a minute few potentially refer to confused customers and that even fewer can be linked to any particular claim, i.e. trade dress, web based use of marks, the HebaGreen mark, or falsely designating an association with HerbaSway or their origin as coming from HerbaSway. This does not even take into account the amount of time we must waste in depositions going through them all. I cannot imagine the Court will condone such a waste of time, but if you feel you have a basis, please move for a protective order.

Once we get these responses and the identification of the alleged confusion instances from the customer comment CD please call me about deposition dates for finishing Jonathan Rawling's deposition and scheduling Mara Saavedra's, Monet Morrison's and Barbara Jackiela's depositions.

We may also depose Julie Dokas, Bill Craig, Keicia Duffus or any other person if you intend to offer any document they authored or statements from them with respect to confusion. Please let me know if you intend to do so now.

C.  **Other outstanding discovery**

Additional long-outstanding discovery requests that have not been provided and we need you to also provide by Monday, April 18 are:

1.  The work sheets used by HerbaSway's accountants, Marenna Pia, in producing the financial statements as requested in document request nos. 13 (costs associated with HerbaGreen), no. 60 (produce documents showing costs associated with sale of each product).

2.  Full customer by customer purchase details and invoices between 1998-present for all customers and the allegedly 1971 overlapping customers as covered by interrogatory No. 2 requesting identification of "all lists of customers who have purchased HerbaSway's products," in combination with Interrogatory No. 3 "Identify all lists used on or behalf of HerbaSway to solicit customers," and document request nos. 8 "all documents referring or relating to the dollar amount of sales of HerbaGreen from 1998 to the present, no. 12 "all documents, including invoices and purchase orders that refer, relate to, or reflect as sale of HerbaGreen from 1998 to the present," no. 23 (all documents showing geographic markets of HerbaSway's sales), no. 42 (requesting production of all documents that support or rebut HerbaSway's claim that it has been damaged), no. 53 requiring production of "all lists of customers who have purchased HerbaSway's products," and no. 55 (requiring production of all documents relied upon or referred to in answering Defendants first set of interrogatories).

3.  Full customer by customer purchase details and invoices from 1998-present for Herbagreen as required by Interrogatory no. 2 in combination with interrogatory no. 10 (annual sales of HerbaGreen) and document request nos. 8, 9, 12 and 55.

4.  All calculations of the average cost of a customer and average sales per customer from 1998-present as required by document requests no. 8, 9, 11, 12, 15, 16 (documents referring to advertising for HerbaGreen), 18 (documents referring to advertising costs for HerbaGreen), 19 documents referring to advertising costs in association with all products), and 42.

Please also provide these long overdue responses and documents by April 14 or we will move to compel.

I look forward to hearing from you and finalizing discovery in this matter. Again, we are coming up on a discovery deadline, so I need your responses soon.

Seth