**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

HERBASWAY LABORATORIES, LLC, :
: CIVIL ACTION NO.
                Plaintiff, : 302CV1382 (AHN)
:
    v. :
:
HEBA LABORATORIES, LLC, :
HERBAMEDICINE, LLC, and :
HERBASCIENCE AND :
 TECHNOLOGIES, LLC :
:
         Defendants. : JUNE 6, 2005

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY

    The plaintiff, HerbaSway Laboratories, LLC ("HerbaSway"), hereby submits this Memorandum in Opposition to Defendants' Motion to Compel Discovery dated May 13, 2005 ("Motion to Compel").

**I.    INTRODUCTION**

    In their Motion, the defendants seek from this Court an order compelling the plaintiff to comply further with certain of the defendants' allegedly outstanding discovery requests. Specifically, the defendants contend that HerbaSway has failed to produce information pertaining to (1) customer-by-

customer purchases of its products from 1998 to the present; and (2)

calculations of the average cost of a customer and average sales per

customer from 1998 to the present.  The defendants' motion, however, is

flawed in two fundamental respects: (1) defendants fail to identify any

interrogatories or discovery requests that specifically request such information;

and (2) HerbaSway has fully and fairly complied with the discovery requests

that were served upon it.  In view of the foregoing, there is no basis for any of

the relief requested in defendants' Motion to Compel.  Consequently,

defendants' Motion to Compel should be denied.

## II.     **LEGAL PRINCIPLES**

Federal Rule of Civil Procedure 26 delineates the general provisions

concerning discovery.  The language in Rule 26(b)(1) states that parties may

obtain discovery "regarding any matter, not privileged, that is relevant to the

subject matter involved in the pending action."  This rule has been "construed

broadly to encompass any matter that bears on, or that reasonably could lead

to other matter that could bear on, any issue that is or may be in the case."

Oppenheimer Funds, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Courts in

the Second Circuit have denied discovery requests in the context of Rule

{W1364605}                                      2

26(b)(1), however, when the information requested has no conceivable bearing on the case. See, e.g. Lemanik, S.A. v. McKinley Allsopp, Inc., 125 F.R.D. 602, 608 (S.D.N.Y. 1989).

A party seeking the discovery must make a prima facie showing that the discovery sought is more than merely a fishing expedition. Evans, supra at *1. Essentially, a party is not allowed "to roam in shadow zones of relevancy and explore matter which does not presently appear germane on the theory that it might conceivably become so." Evans, supra at *1. The defendant is not entitled to pursue a fishing expedition in hopes of finding heretofore unknown damaging evidence, especially when the defendant has failed to explain how the evidence is different from, and not merely cumulative to, that which is already present in the record. Drake v. Portuondo, 2001 WL 266021, *1 (W.D.N.Y. 2001); see also Smoothline LTD v. North American Trading Corp., 2000 WL 1015949 (S.D.N.Y. 2000)(the court concluded that the discovery requests by the plaintiff are "more indicative of a 'fishing expedition' than of a reasonably tailored request for documents relevant to any legitimate dispute").

CARMODY & TORRANCE LLP     50 Leavenworth Street
Attorneys at Law                   Post Office Box 1110
                                   Waterbury, CT 06721-1110
                                   Telephone: 203 573-1200

## III.   **ARGUMENT**

### A.   **Defendants have failed to identify any discovery requests in which they have requested the information they now seek to compel.**

In their Motion, defendants seek two types of information not previously requested in their discovery requests.  Defendants would like this Court to compel the production of documents regarding (1) customer-by-customer purchases of HerbaSway's products from 1998 to the present; and (2) calculations of the average cost of a customer and average sales per customer from 1998 to the present.  Defendants claim that the information they seek is "encompassed" in certain interrogatories and requests for production. (See, Defendants Motion to Compel dated May 13, 2005, pgs. 4-10).  As set forth below, none of the discovery requests identified by defendants seek the specific information they now would like to compel:

**(1) Discovery requests identified by defendants that allegedly request customer-by-customer purchases of HerbaSway's products from 1998 to the present:**

(a) Defendants' Interrogatory No. 2:

Identify all lists of customers who have purchased HerbaSway's products.

(b) Defendants' Interrogatory No. 3:

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

Identify all lists used by or on behalf of HerbaSway to solicit customers.

(c) Defendants' Request for Production No. 8:

Produce all documents that refer or relate to the dollar amount of sales of "HerbaGreen" in each year from 1998 to the present.

(d) Defendants' Request for Production No. 12:

Produce all documents, including invoices and purchase orders, that refer, relate to, or reflect a sale of "HerbaGreen" from 1998 to the present.

(e) Defendants' Request for Production No. 23:

Produce all documents sufficient to show the geographic markets in which HerbaSway's herbal medicinal products are sold, offered for sale, distributed or provided.

(f) Defendants' Request for Production No. 42:

Produce all documents that support or rebut HerbaSway's assertion in paragraphs 40 and 47 of the Amended Complaint that "HerbaSway has been harmed by and has suffered loss as a result of" the Defendants' conduct.

(g) Defendants' Request for Production No. 53:

Produce all lists of customers who have purchased HerbaSway's products.

{W1364605}

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

(h)  <u>Defendants' Request for Production No. 55</u>:

> To the extent not produced in response to the above
> Requests, produce all documents that were relied upon or
> referred to in answering Defendants' First Set of
> Interrogatories to Plaintiff HerbaSway Laboratories, LLC,
> dated November 18, 2003, and served herewith.

As noted above, none of these discovery requests "encompass" the

specific information the defendants now seek and defendants' have failed to

identify <u>any</u> request for which this specific information was demanded.

Moreover, even assuming, *arguendo*, that the discovery requests identified by

defendants somehow did encompass this specific information, the request is

unduly broad and burdensome.  Defendants request information for <u>each</u>

customer, for <u>all</u> of HerbaSway's products, and for a seven-year period.

HerbaSway has more than 66,000 customers and sells more than 40

products.  The request is not sufficiently tailored in time or scope to the

matters at issue in this action.

**(2) Discovery requests identified by defendants that allegedly
request calculations of the average cost of a customer and
average sales per customer from 1998 to the present.**

CARMODY & TORRANCE LLP        50 Leavenworth Street
Attorneys at Law              Post Office Box 1110
                              Waterbury, CT 06721-1110
                              Telephone: 203 573-1200

(a)  <u>Defendants' Request for Production No. 8</u>:

Produce all documents that refer or relate to the dollar amount of sales of "HerbaGreen" in each year from 1998 to the present.

(b)  <u>Defendants' Request for Production No. 9</u>:

Produce all documents that refer or relate to the dollar amount of sales of "HerbaGreen," broken down by year and by customer for each year from 1998 to the present.

(c)  <u>Defendants' Request for Production No. 11</u>:

Produce all documents that refer to, relate to, or reflect any or all prices or prices structures of "HerbaGreen," including price changes, for each year from 1998 to the present.

(d)  <u>Defendants' Request for Production No. 12</u>:

Produce all documents, including invoices and purchase orders, that refer, relate to, or reflect a sale of "HerbaGreen" from 1998 to the present.

(e)  <u>Defendants' Request for Production No. 15</u>:

Produce all documents which refer or relate to HerbaSway's total sales and profits of its products on an annual basis from 1998 to the present.

(f)  <u>Defendants' Request for Production No. 16</u>:

Produce all documents referring or relating to past, current or prospective advertising or promotional materials, including catalogues, brochures, circulars, leaflets, trade journals, price lists, newspaper and magazine advertisements, radio

CARMODY & TORRANCE LLP        50 Leavenworth Street
Attorneys at Law                        Post Office Box 1110
                                                 Waterbury, CT 06721-1110
                                                 Telephone: 203 573-1200

advertisements, television advertisements, internet advertisements, specification sheets, and any such other materials referring or relating to "HerbaGreen", made by HerbaSway or by a third party, whether or not authorized by HerbaSway.

(g) <u>Defendants' Request for Production No. 19</u>:

Produce all documents substantiating or verifying the advertising and promotional expenditures made by HerbaSway in connection with its products on an annual basis from 1998 to the present.

(h) <u>Defendants' Request for Production No. 42</u>:

Produce all documents that support or rebut HerbaSway's assertion on paragraphs 40 and 47 of the Amended Complaint that "HerbaSway has been harmed by and has suffered loss as a result of" Defendants' conduct.

Again, none of these discovery requests "encompass" producing calculations of the average cost of a customer and average sales per customer from 1998 to the present. Such information is specific in nature. In addition, defendants' new request seeks to impose on HerbaSway the burden of creating documents that are not normally kept in its regular course of business. Clearly, HerbaSway is not obligated to create documents in order to comply with production requests.

{W1364605}                                   8

Through these requests, defendants seek to impose an undue burden of production on HerbaSway. (<u>See</u> F.R.C.P. 34 (b) "the request shall forth, either by individual item or by category, the items to be inspected, and describe each with <u>reasonable particularity</u>"). Defendants have failed to identify any request where it described the information it now seeks with reasonable particularity. Defendants maintain, however, that HerbaSway should read its requests in conjunction with one another and decipher that this information is what is sought. Such an exercise would be impossible to undertake and is not required by the letter or spirit of the Federal Rules of Civil Procedure. Consequently, defendants' Motion to Compel should be denied.

**B.**     <u>**HerbaSway has fully and fairly complied with the discovery requests that were served upon it**</u>.

First it should be noted that HerbaSway timely filed a series of objections to defendants' discovery requests, and it also conducted a reasonably diligent search for any documents responsive to those discovery requests served upon it. Any discovered documents have been produced in conjunction with the approximately 4,545 documents delivered to defendants in discovery in this action. These documents are in fact responsive to the

CARMODY & TORRANCE LLP　　50 Leavenworth Street
Attorneys at Law　　　　　　　　Post Office Box 1110
　　　　　　　　　　　　　　　Waterbury, CT 06721-1110
　　　　　　　　　　　　　　　Telephone: 203 573-1200

specific requests set forth above with which the defendants claim the HerbaSway has failed to comply.

Defendants mislead this Court in representing HerbaSway's responses to these requests. On two separate occasions, HerbaSway has written to defendants to supplement its discovery responses and to further attempt to resolve any remaining discovery disputes. (See, Exhibit A Letter dated April 5, 2004 and Exhibit B Letter dated November 24, 2004). In each of those letters, HerbaSway identified the documents it has produced in response to the defendants' specific discovery requests identified in defendants' Motion to Compel. Notably, defendants have waited over one year from the date of HerbaSway's first letter to raise any issues they may have had with respect to HerbaSway's responses to these discovery requests.

Despite the overly broad nature of the requests served by defendants, HerbaSway has continued to provide responsive documents, to the extent they exist, to the approximately twenty (20) interrogatories and sixty-five (65) requests for production. In addition, defendants have noticed and taken at least nine depositions and have requested documents in connection to each of these depositions. To the extent not already produced, HerbaSway has

CARMODY & TORRANCE LLP     50 Leavenworth Street
Attorneys at Law                      Post Office Box 1110
                                           Waterbury, CT 06721-1110
                                           Telephone: 203 573-1200

produced responsive documents to these requests.  Defendants' obstinately refuse to accept that HerbaSway has produced responsive documents to the requests served upon it.

This Court has extended the scheduling order on several occasions and defendants have had the opportunity to propound these specific requests during the pendency of this case and within the Court's scheduling order. Instead, the defendants seek to backdoor this specific information into requests that have already been fairly complied with.  As such, defendants ask this Court to compel HerbaSway to produce documents never previously requested in the over three years this case has been pending.  Consequently, this Court has no basis to grant defendants' Motion to Compel.

## IV.    <u>CONCLUSION</u>

For all the foregoing reasons, defendants' Motion to Compel should be denied in its entirety.

{W1364605}                                    11

THE PLAINTIFF,
HERBASWAY LABORATORIES, LLC


BY: _____
FATIMA LAHNIN
Federal Bar No. ct24096
JOHN R. HORVACK, JR.
Federal Bar No. ct12926
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Phone: 203 573-1200
Fax: 203 575-2600
Email: jhorvack@carmodylaw.com
Email: flahnin@carmodylaw.com

{W1364605}                          12

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the above date, to:

Seth M. Wilson
Mark D. Giarratana
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
203-275-6700

Alexandra B. Stevens
McCarter & English, LLP
Four Stamford Plaza
107 Elm Street
Stamford, CT 06901
203-324-1800

Krista Dotson, Esq.
Sheila J. Hanley, Esq.
Lawrence C. Sgrignari, Esq.
Gesmonde, Pietrosimone & Sgrignari, LLC
3127 Whitney Avenue
Hamden, CT 06518
203-407-4200

_____
Fatima Lahnin

{W1364605}                                        13

CARMODY & TORRANCE LLP     50 Leavenworth Street
Attorneys at Law          Post Office Box 1110
                          Waterbury, CT 06721-1110
                          Telephone: 203 573-1200

# **EXHIBIT A**

50 Leavenworth Street
Post Office Box 1110
Waterbury, Connecticut
06721-1110

Telephone: 203 573-1200
Facsimile: 203 575-2600
www.carmodylaw.com

# CARMODY & TORRANCE LLP
Attorneys at Law

Fatima Lahnin
Associate

Direct: 203-578-4287
flahnin@carmodylaw.com

April 5, 2004

***Via Federal Express***

Alexandra B. Stevens, Esq.
McCarter & English, LLP
4 Stamford Plaza
107 Elm Street
Stamford, CT  06902

> Re:    ***HerbaSway Laboratories, LLC v. Heba Laboratories, LLC, et al.***
> ***Civil Action No.: 3:02-CV-1382 (AHN)***

Dear Alexandra:

We are in receipt of your letter dated March 10, 2004. Our position remains that we have not waived any of our objections. Notwithstanding these objections, the following will supplement and further clarify our responses to each of the interrogatories and requests to produce identified in your March 10, 2004 letter. If you believe that these responses are somehow deficient please call me so that we may attempt to resolve any remaining disputes. In addition, as we have previously discussed I have not withheld any responsive documents based on the attorney client privilege and/or work product doctrine. Finally, we reserve the right to supplement our response as discovery proceeds in this case.

Interrogatory No. 1 and Request Nos. 7 and 24:

Please see documents bates labeled Herbasway 002416-002463 already produced to you. HerbaSway has indicated that they do not believe that there are any other documents within their possession and control other than those produced.

Interrogatory No. 2 and Request No. 53:

HerbaSway has produced its list of customers who have purchased HerbaSway's products in the state cases pending in the Connecticut Complex Litigation Docket.

Alexandra B. Stevens, Esq.
April 5, 2004
Page 2

<u>Interrogatory No. 3 and Request No. 54</u>:

We have reviewed these Document Requests with our clients and HerbaSway does not believe there are any documents within its possession or control responsive to these Document Requests, nor have they been able to locate any such documents.

<u>Interrogatory No. 6</u>:

Please see documents bates labeled Herbasway 02403 – 02410 and 02383 - 02402 already produced to you.  HerbaSway has indicated that they do not believe that there are any other documents within their possession and control other than those produced.

<u>Interrogatory No. 7</u>:

Please see documents bates labeled Herbasway 002416-002463 already produced to you. HerbaSway has indicated that they do not believe that there are any other documents within their possession and control other than those produced.

<u>Interrogatory No. 8 and Request No. 52</u>:

As you are aware, Dr. James Zhou was an employee of HerbaSway and during his employment contributed to documents bates labeled Herbasway 02383 – 02402 already produced to you.

<u>Interrogatory No. 9</u>:

HerbaSway supplements its response to this interrogatory as follows:

Patent Application No. 08/693,867

Patent Application No. 09/049,555

Patent Application No. 09/245,553

{W1295379}

Alexandra B. Stevens, Esq.
April 5, 2004
Page 3


Patent Application No. 09/275,339

Patent Application No. 09/350,069

Patent Application No. 09/102,402

Patent Application No. 09/256,066

Patent Application No. 09/407,783

Patent Application No. 09/430,596

Patent Application No. 09/439,208

Patent Application No. 09/528,547

Patent Application No. PCT/US00/17347

Patent Application No. 09/606,294

Patent Application No. 09/723,843

Patent Application No. 10/091,191

Patent Application No. 09/078,144


**Interrogatory No. 10 and Request Nos. 8, 9 and 10**:

Please see documents bates labeled Herbasway 02414 – 02415 already produced to you.


**Request Nos. 1 and 2**:

We have reviewed these Document Requests with our clients and HerbaSway does not believe there are any documents within its possession or control responsive to these Document Requests, nor have they been able to locate any such documents.

Alexandra B. Stevens, Esq.
April 5, 2004
Page 4


Request Nos. 3, 4, 5, and 6:

Please see documents bates labeled Herbasway 02412, 02413, and 00001-02382 already
produced to you.


Request Nos. 11 and 20:

Please see document bates labeled Herbasway 02464 enclosed herein.


Request No. 14:

Please see documents bates labeled Herbasway 02411, 02414, and 02415 already produced to
you.


Request No. 15:

Please see documents bates labeled Herbasway 02414 and 02415 already produced to you. In
addition, we have produced in the states cases additional documents that are responsive to this
request and will forward those documents to you shortly.


Request Nos. 16, 17, 18 and 19:

Please see documents bates labeled Herbasway 02403 – 02410, 02383 – 02402 already produced
to you and document bates labeled Herbasway 02467 enclosed herein.


Request Nos. 21, 22 and 23:

Please see the list of customers who have purchased HerbaSway's products that have been
produced in the state cases pending in the Connecticut Complex Litigation Docket. Other than
documents already produced, HerbaSway does not believe there are any documents within its
possession or control responsive to this Document Request, nor have they been able to locate any
such documents.

Alexandra B. Stevens, Esq.
April 5, 2004
Page 5

Request Nos. 25, 26, and 27:

We have reviewed these Document Requests with our clients and HerbaSway does not believe there are any documents within its possession or control responsive to these Document Requests, nor have they been able to locate any such documents.

Request No. 28:

Please see documents bates labeled Herbasway 02465 - 02466 enclosed herein.

Request No. 29:

Please see documents bates labeled Herbasway 02383 - 02402 already produced to you.

Request No. 30:

Please see documents bates labeled Herbasway 02411, 02414, 02415, and 02467.

Request No. 31:

Please see documents bates labeled Herbasway 02411, 02414, 02415, 02465, and 02466.

Request No. 32:

Please see www.herbasway.com, document bates labeled Herbasway 02833 – 02404, and the Certificate of Registration produced to you in our initial disclosure.

Alexandra B. Stevens, Esq.
April 5, 2004
Page 6

Request No. 33:

Please see the deposition transcript of Exposure.com and the documents produced and/or marked as exhibits therein, the deposition transcript of Patrick Bremer and the documents produced and/or marked as exhibits therein, the deposition transcript of Chu Hang Printing and the documents produced and/or marked as exhibits therein, the deposition transcript of Wendy and James Zhou and the documents produced and/or marked as exhibits therein, the documents produced by Overture, Inc., the documents bates labeled Herbasway 02416 – 02463, and the documents produced by the Heba Laboratories in response to HerbaSway's discovery requests.

Request No. 34:

Please see the deposition transcript of Chu Hang Printing and the documents produced and/or marked as exhibits therein.

Request No. 35:

Please see Exhibit 3 marked at the deposition of Chu Hang Printing, the deposition transcript of Wendy and James Zhou and the documents produced and/or marked as exhibits therein, www.hebamedicine.com, and the documents produced by the Heba Laboratories in response to HerbaSway's discovery requests.

Request No. 36:

Please see the deposition transcript of Exposure.com and the documents produced and/or marked as exhibits therein, the deposition transcript of Patrick Bremer and the documents produced and/or marked as exhibits therein, and the documents produced by the Heba Laboratories in response to HerbaSway's discovery requests.

Request No. 37:

Please see the deposition transcript of Exposure.com and the documents produced and/or marked as exhibits therein, the deposition transcript of Patrick Bremer and the documents produced and/or marked as exhibits therein, the documents produced by Overture, Inc., and the documents produced by the Heba Laboratories in response to HerbaSway's discovery requests.

{W1295379}

Alexandra B. Stevens, Esq.
April 5, 2004
Page 7

Request No. 38:

Please see document bates labeled Heba Labs-518, and the deposition transcript of Chu Hang Printing and the documents produced and/or marked as exhibits therein.

Request Nos. 39 and 40:

Please see Exhibit 3 marked at the deposition of Chu Hang Printing, the documents bates labeled Herbasway 02416 – 02463, and the documents produced by the Heba Laboratories in response to HerbaSway's discovery requests.

Request No. 41:

Please see the deposition transcript of Exposure.com and the documents produced and/or marked as exhibits therein, the deposition transcript of Patrick Bremer and the documents produced and/or marked as exhibits therein, the documents produced by Overture, Inc., Exhibit 3 marked at the deposition of Chu Hang Printing, the documents bates labeled Herbasway 02416 – 02463, and the documents produced by the Heba Laboratories in response to HerbaSway's discovery requests.

Request Nos. 42, 44 and 46:

Please see the documents bates labeled Herbasway 02416 – 02463.  In addition, we will supplement the response to this Request in accordance with the production of our Damage Analysis Report.

Request No. 43:

Please see the deposition transcript of Exposure.com and the documents produced and/or marked as exhibits therein, the deposition transcript of Patrick Bremer and the documents produced and/or marked as exhibits therein, the documents produced by Overture, Inc., the documents bates labeled Herbasway 02416 – 02463, and the documents produced by the Heba Laboratories in response to HerbaSway's discovery requests.

{W1295379}

Alexandra B. Stevens, Esq.
April 5, 2004
Page 8


Request No. 45:

Please see the deposition transcript of Chu Hang Printing and the documents produced and/or marked as exhibits therein including Exhibit 3.


Request No. 47:

Please see the deposition transcript of Exposure.com and the documents produced and/or marked as exhibits therein, the deposition transcript of Patrick Bremer and the documents produced and/or marked as exhibits therein, the deposition transcript of Chu Hang Printing and the documents produced and/or marked as exhibits therein, the deposition transcript of Wendy and James Zhou and the documents produced and/or marked as exhibits therein, the documents produced by Overture, Inc., the documents bates labeled Herbasway 02416 – 02463, the document bates labeled Heba Labs-518, and the documents produced by the Heba Laboratories in response to HerbaSway's discovery requests.


Request Nos. 48 and 49:

Please see documents bates labeled Herbasway 02416 - 02463 already produced to you.


Request No. 50:

Please see documents bates labeled Herbasway 02383 - 02402 already produced to you.


Request No. 51:

Any pictures in HerbaSway's possession responsive to this request were pictures taken while Dr. Zhou was an employee of HerbaSway and were taken for the benefit of HerbaSway. Notwithstanding, to the extent that HerbaSway has pictures in its possession that were taken by Dr. Zhou we will have those pictures duplicated and produced.

Alexandra B. Stevens, Esq.
April 5, 2004
Page 9

If you should wish to discuss further any of the issues raised in this letter, please do not hesitate to contact me.

Very truly yours,

Fatima Lahnin

# **EXHIBIT B**

50 Leavenworth Street
Post Office Box 1110
Waterbury, Connecticut
06721-1110

Telephone: 203 573-1200
Facsimile: 203 575-2600
www.carmodylaw.com

# CARMODY & TORRANCE LLP
Attorneys at Law

Fatima Lahnin
Associate

Direct: 203-578-4287
flahnin@carmodylaw.com

November 24, 2004

*Via E-Mail and U.S. Mail*

Alexandra B. Stevens, Esq.
McCarter & English, LLP
4 Stamford Plaza
107 Elm Street
Stamford, CT  06902

> Re:   *HerbaSway Laboratories, LLC v. Heba Laboratories, LLC, et al.*
> *Civil Action No.: 3:02-CV-1382 (AHN)*

Dear Alexandra:

This letter responds to your letter of October 14, 2004 concerning a number of discovery issues.

## Interrogatory No. 9

It does not appear that there are any allegations in our Complaint nor your Answer, Special Defenses and Counterclaim that would make such a request relevant or reasonably calculated to lead to the discovery of admissible information.  However, we have previously responded to this interrogatory and have adequately identified 16 patents.

## Interrogatory No. 10 and Document Request Nos. 8, 14 and 15

Please see document bates labeled 002411, 002414-15, 002468-2575, 002576-2635, 002655, all of which are responsive to these requests.  Please specify what Heba still believes it is missing from our response to these requests.

CARMODY & TORRANCE LLP

## Document Request Nos. 11 and 20

Please see documents bate labeled 002464 and 002644. After a reasonable search, we have produced all price lists in HerbaSway's possession and believe that the prices have largely remained constant over time.

## Document Request Nos. 12 and 13

With respect to Document Request No. 12, we have previously objected to this request. Subject to and notwithstanding this objection, please see document bates labeled 002414-15, 002468-2575, and 002655.

With respect to Document Request No. 13, please see documents bate labeled 002576-2635, including but not limited to dollar amounts spent on advertising, trade shows & exhibits, Internet fees, and printing & publications expenses. In addition, please see documents bate labeled 002467, and 002649 – 2654.

## Document Request Nos. 17 and 18

Please see documents bate labeled 002403 – 2410, 002636 – 2917. In addition, expenditures spent on advertising are reflected in documents bate labeled 002467 and 002576-2635.

## Interrogatory No. 12

Please see our previous response to Interrogatory 12. HerbaSway maintains that we have adequately described the trade dress at issue in the present case, including providing visual representations of the labels to aid the trade dress definition. See, New Colt Holding Corp. v. RJG Holdings of Florida, Inc., 312 F. Supp. 2d 195 (Conn. 2004). If your position still remains that under applicable law, HerbaSway is required to define its trade dress further please identify any authority that supports your position.

## Interrogatory No. 13

HerbaSway responds as follows: Allergia, Athletica, Cholestra, Diabetica Tea, Echinacea Balance, Energiza, Fevera, HerbaGreen Tea, HerbaSlim, HerbaSwee, Immune Magic, Kudja, Liver Enhancer, Memorya, Mood Enhancer for Men, Mood Enhancer for Women, Premenstra,

CARMODY & TORRANCE LLP

Preventa Tea, Rubus-Ginger Tea, Seasonal Comfort, Soy Futura, SoySwee Tea, Stanmina, and Vitaliza.

Of these products, Athletic was discontinued in May 2004 and Premenstra was discontinued in April 2004.

HerbaSway reserves the right to modify this response prior to the end of the discovery deadline pursuant to the Scheduling Order.

**Interrogatory No. 14**

HerbaSway responds as follows:  Alleraza, CardioMax, Cureal, DentaSweet, Echinacea, GingerPlus Tea, GinsengPlus Tea, GreenPlus Tea, GreenTea Orac, HebaGreen Tea, HebaSoy, LiverEnergy, Metagiza, Mood Balancer, and VitaLusta.

HerbaSway reserves the right to modify this response prior to the end of the discovery deadline pursuant to the Scheduling Order.


        If you should wish to discuss further any of the issues raised in this letter, please do not hesitate to contact me.


                                        Very truly yours,

                                        Fatima Lahnin