UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

HERBASWAY LABORATORIES, LLC,    )
                                                    )
                             Plaintiff,   )  CIVIL ACTION NO. 3:02-CV-1382 (AHN)
     v.                                   )
                                                    )
HEBA LABORATORIES, LLC,         )
HERBAMEDICINE, LLC, and         )
HERBASCIENCE and TECHNOLOGIES, LLC, )
                                                    )
                        Defendants.   )  JUNE 20, 2005

## DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY

Pursuant to Local Rule 7(d), Defendants Heba Laboratories, LLC, HerbaMedicine, LLC, and HerbaScience and Technologies, LLC ("Defendants") submit this Reply Brief in further support of their Motion to Compel Discovery, dated May 13, 2005 ("Motion to Compel") [Dkt. # 76]. Defendants responds herein to the issues raised in Plaintiff's Memorandum in Opposition to Defendants' Motion to Compel ("Opposition Memorandum") [Dkt. # 78] and make the following four points.

**Point One:  Defendants are not on a "fishing expedition".**

At page 3, Plaintiff claims that Defendants are on a fishing expedition with respect to the documents that are the subject of this Motion to Compel. However, as Defendants make clear in their Motion to Compel, they seek only those documents that are uniquely within Plaintiff's possession and either support or rebut Plaintiff's claims. Plaintiff initiated this action against Defendants and throughout discovery in this case, have many times refused to detail exactly what their claims are and upon what their claims are based. After two and a half years,

Defendants are finally beginning to get an idea of what Plaintiff is basing its claims on. Defendants are entitled to defend against those claims and seek documents that are uniquely within Plaintiff's possession to do so.

### Point Two:  Plaintiff's Objections were not timely served.

Despite the fact that it served its answers to Plaintiff's discovery requests four days after they were due, Plaintiff still maintains that it timely filed a series of objections to Defendants' discovery requests at page 9 of its Memorandum in Oppositions.  Plaintiff's position on this matter is incomprehensible as clearly, objections served after they are due are not timely objections and are therefore waived under the Federal Rules.

### Point Three:  Defendants' have been diligent in seeking relevant documents.

Plaintiff misleads the Court when it claims at page 10 that Defendants have waited over a year to raise these issues.  Defendants are clear in their Motion to Compel that they seek the requested documents as a result of Plaintiff's damages claims.  Defendants only became aware of Plaintiff's damages analysis when Plaintiff's expert issued his report on September 22, 2004, issued his supplemental report on March 23, 2005, disclosing numerous additional documents he claimed to support his position, and subsequently took the deposition of Plaintiff's expert on March 28, 2005.  After that deposition, Defendants' counsel contacted Plaintiff's counsel several times regarding numerous discovery issues, including the documents that are the subject of this Motion to Compel and attempted to resolve the dispute before resorting to this Motion to Compel.  Defendants maintain that they are entitled to the documents requested because Plaintiff bases part of its claim for more than $1,000,000 in damages on this

information. Defendants cannot properly defend against this claim without these documents that are solely within Plaintiff's possession and control.

### Point Four:  Defendants are entitled to all relevant, responsive documents.

Plaintiff claims at page 11 of its Memorandum in Opposition that Defendants are being obstinate in that they refuse to accept that Plaintiff has produced responsive documents to the requests Defendants served on it.  Defendants do not refute that Plaintiff has produced responsive documents – just that it has not produced all relevant, responsive documents in this case.  Further, over the course of this case, Defendants have had to expend considerable resources, repeatedly requesting that Plaintiff produce responsive documents.  Only through these efforts has Plaintiff grudgingly continued to produce documents and information piecemeal, such as producing long requested documents only last week along with the name of a previously unnamed potential witness.  In addition, Defendants have had to take numerous depositions to ascertain what documents existed and were being withheld from Defendants.

Again, Defendants simply seek those documents which both support and rebut Plaintiff's position in this case – nothing more.  Clearly, Defendants are entitled to those documents on which Plaintiff's damages claim is based and those documents are covered by the discovery requests set forth in Defendants' Motion to Compel.  It is completely unfair for Plaintiff to withhold such documents, particularly when those documents are responsive to Defendants' discovery requests as set out in their Motion to Compel.

WHEREFORE, Defendants respectfully request that this Court grant its Motion to Compel Discovery and compel Plaintiff to identify or produce all responsive documents in

connection with Defendants' First Set of Interrogatories and First Request for the Production of

Documents and Things as set forth in Defendants' Motion to Compel Discovery [Dkt. # 76].

THE DEFENDANTS,
HEBA LABORATORIES, LLC,
HERBAMEDICINE, LLC, and HERBASCIENCE
and TECHNOLOGIES, LLC
BY MCCARTER & ENGLISH, LLP
THEIR ATTORNEYS

By _____
ALEXANDRA B. STEVENS (CT 20300)
Four Stamford Plaza
107 Elm Street
Stamford, CT  06902
(203) 324-1800
(203) 323-6513 (fax)
astevens@mccarter.com
           -and-
MARK D. GIARRATANA (CT 10410)
SETH M. WILSON (CT 22171)
CityPlace I
185 Asylum Street
Hartford, CT  06103
(860) 275-6700
(860) 724-3397 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing DEFENDANTS' REPLY

MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL

DISCOVERY has been mailed, postage prepaid, this 20th day of June, 2005 to:

JOHN R. HORVACK, JR., ESQ.
FATIMA LAHNIN, ESQ.
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721-1110

KRISTA A. DOTSON O'BRIEN, ESQ.
SHEILA J. HANLEY, ESQ.
Gesmonde Pietrosimone & Sgrignari LLC
3127 Whitney Avenue
Hamden, CT 06518-2344

ALEXANDRA B. STEVENS

HARTFORD: 642353.01