```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

Herbasway Laboratories, LLC,   :
                               :
              Plaintiff        :
      v.                       :    3:02-CV-1382(AHN)
                               :
Heba Laboratories, LLC et al.  :
              Defendants       :
```

RULING ON MOTION TO AMEND

Pending before the court is a motion by the plaintiff, HerbaSway Laboratories, LLC ("HerbaSway"), to amend its complaint against the defendants, Heba Laboratories, LLC, HebaMedicine, LLC, and HerbaScience and Technologies, LLC (collectively, "Defendants" or "Heba").  Specifically, HerbaSway seeks to (1) supplement its allegations with respect to claims that the Defendants illegally used the internet to confuse and deceive consumers; and (2) add a count for copyright infringement relating to the Defendants' use of its copyrighted photographs.

STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure instructs courts that leave to amend must be freely given.  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962).  The district court has the discretion to deny leave to amend if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party.  See Jin v. Metropolitan Life Ins. Co., 310 F.3d

84, 101 (2d Cir.2002); <u>State Teachers Retirement Bd. v. Fluor Corp.</u>, 654 F.2d 843, 856 (2d Cir. 1981).

BACKGROUND

In 1996, James Zhou ("Zhou"), along with Frank and Lorraine St. John, formed HerbaSway, a company that markets and sells concentrated herbal products. Before February 2001, Zhou formulated all of HerbaSway's products. As part of its marketing efforts, HerbaSway hired a professional photographer, Al Ferreira Photography ("Ferreira"), to take photographs of Zhou (the "Zhou photographs"). Ferreira took the photographs on August 7, 1997, and HerbaSway used two of the Zhou photographs to market its products between August 1997 and February 2001. On February 1, 2001, HerbaSway fired Zhou on the grounds that Zhou had attempted to steal $150,000 of company funds.

HerbaSway alleges that thereafter, Zhou assisted in the formation of a competing company, Heba, to market and sell a line of liquid-concentrated herbal products that are allegedly identical to those sold by HerbaSway. HerbaSway also alleges that Heba copied and used at least two of the Zhou photographs in its marketing materials.

In September 2004, more than two years after HerbaSway filed the complaint in this action, Ferreira assigned its ownership and copyrights in the Zhou photographs to HerbaSway. On January 5, 2005, HerbaSway obtained a copyright registration for some 48

Zhou photographs collectively.[1]

## DISCUSSION

As noted, HerbaSway seeks to (1) supplement its allegations with respect to claims that the Defendants illegally used the internet to confuse and deceive consumers; and (2) add a count for copyright infringement relating to the Defendants' use of its copyrighted photographs.  Heba objects to the proposed new count.  For the following reasons, the court grants the motion to amend as to both the proposed supplemental allegations and the proposed new count.

### I.   Additional Allegations re Use Of Internet

HerbaSway seeks to amend the complaint to include additional allegations relating to Heba's attempts to divert internet traffic to its website.  HerbaSway asserts that the new allegations are needed to clarify allegations in the original complaint concerning Heba's use of HerbaSway's trademark and product name in the source code (metatags) of Heba's website and to add new trademarks and product names that Heba has used. HerbaSway further asserts that, through discovery and depositions, it has learned that Heba not only used the trademark HERBASWAY and the product name "Herbacafe" in the source code (metatags) of its website, but also used the trademark HERBAGREEN

---

[1] At the time of its motion, HerbaSway was still awaiting registration of certain Zhou photographs individually.

and the product names "Herbaweet," "Liver Enhancer," and "Vializa." HerbaSway seeks to include these additional trademark and product names and states that adding these allegations is proper because they conform to the evidence in discovery.

Heba has not objected to these additional allegations. Accordingly, the court grants HerbaSway's motion with respect to these supplemental allegations.

II.  Additional Count -- Copyright Infringement

Additionally, HerbaSway seeks to amend the complaint to add a claim for copyright infringement relating to Heba's unlawful reproduction, distribution, and display of HerbaSway's copyrighted photographs without its consent or permission. HerbaSway claims that Heba used the Zhou photographs in marketing and selling its products.[2] HerbaSway further asserts that the copyrighted photographs are already the subject of the lawsuit because they are contained in Heba's brochures and marketing materials which are the focus of the original copyright count, and thus adding this new claim will not extend the factual basis of the complaint. HerbaSway also maintains that the additional claim will not cause any delay or prejudice.

Heba opposes the amendment and maintains that it should not

---

[2]Heba admits that it used certain photographs of Zhou, but further avers that it ceased using them and obtained new photographs of Zhou for marketing purposes, when HerbaSway filed the instant motion.

be allowed because it would be futile, is made in bad faith, and would be prejudicial.  Heba asserts that it notified HerbaSway as early as October 2002 that it intended to use a brochure that contained one of the Zhou photographs and that HerbaSway never raised any objection to the substantive content of the brochure, including the use of the photograph, until January 28, 2005, when it filed the motion for leave to amend.  Based on this scenario, Heba challenges HerbaSway's good faith in bringing the motion to amend, stating that HerbaSway "fabricated" the new copyright claim by first obtaining the copyright assignment from Ferreira and then obtaining its own copyright registrations.

### A.   Futility

Heba argues that the newly asserted claim is futile on the basis of waiver, abandonment, equitable estoppel, laches and the statute of limitations.[3]

### 1.   Waiver/ Abandonment

Heba argues that HerbaSway has waived or abandoned any copyright claims it may have had with respect to the photographs.  In support of this argument, Heba relies on Capitol Records, Inc. v. Naxos of Am., Inc., 262 F.Supp.2d 204, 211-12 (S.D.N.Y. 2003) (holding that waiver of copyright occurs "by express agreement or

---

[3] Additionally, Heba argues that HerbaSway's proposed claim is futile on the basis that no copyright registration had issued for certain individual photographs.  However, the record shows that registration did issue for the Zhou photographs, collectively, on January 5, 2005.

by such conduct or failure to act as to evince an intent not to claim the purported advantage."). Heba relies on its factual assertions that it notified HerbaSway in 2002 that it would utilize a brochure containing a Zhou photograph and that HerbaSway failed to raise any objection to its use for two and one half years. In response, HerbaSway asserts that waiver does not apply because Ferreira did not assign its copyright rights in the Zhou photographs to HerbaSway until September 2004 and thus, in 2002, it had no legal rights in the photographs and could not pursue a copyright claim against Heba. The court agrees inasmuch as HerbaSway could not waive what it did not have.

A claim of waiver requires proof of an "intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it." Fenn v. Yale Univ., 283 F.Supp.2d 615, 634 (D. Conn. 2003). See also Christian Dior-New York, Inc. V. Koret, Inc., 792 F.2d 34, 40 (2d Cir. 1986). Because HerbaSway did not own the copyrights in the Zhou photographs at the time Heba allegedly notified HerbaSway that it was going to use the photograph, there could be no waiver on this basis.[4]

---

[4] For the same reason, Heba's argument as to abandonment must fail. To establish abandonment, the defendants must demonstrate: "(1) an intent by the copyright holder to surrender rights in the work; and (2) an overt act evidencing that intent." Paramount Pictures Corp. v. Carol Publ'g Group, 11 F.Supp.2d 329, 337 (S.D.N.Y.1998). HerbaSway cannot be deemed to have surrendered a right it did not have.

2.  <u>Implied license by equitable estoppel</u>

Heba also argues that the motion to add the new copyright claim should be denied because it had an implied license by equitable estoppel to use the Zhou photographs. Specifically, Heba maintains that HerbaSway's 2002 email stating that it had no substantive objection to the marketing brochure containing one of the Zhou photographs was an affirmative grant of assent to use the Zhou photograph, that Heba reasonably relied on such assent, and that Heba would be prejudiced if HerbaSway could now proceed with the copyright claim. HerbaSway counters that it could not have granted a license in 2002 for something that it did not own.

An implied license is a defense to infringement. <u>Carborundum Co. V. Molten Metal Equip. Innovations, Inc.</u>, 72 F.3d 872, 878 (Fed. Cir. 1995). An owner grants an implied license by equitable estoppel if (1) it affirmatively grants consent or permission to use the right; (2) the alleged infringer relies on that statement or conduct; and (3) the alleged infringer would be materially prejudiced if the plaintiff is allowed to proceed with the claim. See <u>Winbond Elec. Corp. v. International Trade Comm'n</u>, 262 F.3d 1363, 1374 (Fed.Cir.2001). Furthermore, "for [equitable] estoppel, the alleged infringer must have knowledge of the patentee and its patent." <u>Id</u>.

Here, HerbaSway did not own the rights in the Zhou photographs at the time Heba alleges that its conduct created an

implied license. Because Heba does not and cannot offer evidence that it used the photographs with the knowledge of person or entity that owned the rights in the Zhou photographs in 2002, an implied license by equitable estoppel cannot arise.

3.   Laches

Additionally, Heba argues that the equitable doctrine of laches should preclude the new count because HerbaSway waited more than two years to add the claim despite knowing since 2002 that Heba was using the Zhou photograph.  The court does not agree.

Laches is an equitable defense that the court applies where a plaintiff delays for an unreasonable amount of time in bringing suit despite having knowledge of the alleged infringement and the defendant is prejudiced by the delay.  See Saratoga Vichy Spring Co. Inc., v. Lehman, 625 F.2d 1037, 1040 (2d Cir. 1980).

In this case, HerbaSway did not obtain rights to the photographs from Ferriera until September 2004.  Its copyright registration did not issue until January 2005.  That same month HerbaSway moved to amend the complaint.  Because these facts show that HerbaSway acted to assert its rights as soon as it obtained them, there could be no laches.

4.   Statute of Limitations

Heba argues that amending the complaint to add the copyright infringement claim would be futile because the claim is barred by

the statute of limitations.  The applicable statute of limitations, 17 U.S.C. § 507(a), prohibits claims that are made more than three years after the claim accrues.  Heba argues that HerbaSway's claim is time-barred under this statute on the basis that HerbaSway saw Heba's brochures more than three years before it filed its motion to amend on January 28, 2005.  The court disagrees.

Even if HerbaSway had actual or constructive notice of the infringing use of the Zhou photographs as early as January 23, 2002, the claim would not be time-barred on January 23, 2005 because HerbaSway's claim against Heba did not accrue for statute of limitations purposes until it obtained ownership or copyright rights.  See ABKCO Music, Inc. V. Harrisongs Music, Ltd., 944 F.2d 971, 980 (1991).  Thus, the claim could not accrue until at the earliest September 2004.

Additionally, Heba asserts that the proposed count is not saved from the bar of the statute of limitations because it cannot relate back to the amended complaint.  This is so, it argues, because the original complaint refers only to violations of written copyright materials, not photographs.  The court disagrees.

Under Fed. R. Civ. P. 15(c)(2), "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose

9

out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Here, Heba's alleged use of the Zhou photographs clearly relates to claims that Heba used HerbaSway's materials in the marketing of its products. While the proposed claim involves a separate injury, it is based on the same underlying conduct alleged in the original complaint. See <u>Mackensworth v. S.S. American Merchant</u>, 28 F.3d 246, 251 (2d Cir. 1994). Thus, even if the statute of limitations had run, the new copyright claim would be allowed under Rule 15(c)(2).

    B.   Dilatory Motive / Bad Faith / Prejudice.

Heba also argues that the amended complaint should not be allowed because HerbaSway has acted in bad faith and with dilatory motive in filing the motion to amend. Further, Heba argues that allowing the proposed claim will prejudice it in that the amendment will require substantial additional discovery. Heba states that such additional discovery will be "unduly burdensome" and also that it will be a "rehashing of previously undertaken discovery." Heba further argues that there have been no depositions taken of, or interrogatories propounded to, Ferriera. Heba's claims of bad faith, dilatory motive, and prejudice are unavailing.

While Rule 15(a) provides that leave to amend should "be freely given," it is within the court's discretion "to deny leave

to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant.  The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir.1990) (citations omitted).  In determining what constitutes "prejudice" in the context of a motion to amend a complaint, courts consider the following factors: (1) whether the amendment would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) whether the amendment would significantly delay the resolution of the dispute; or (3) whether the amendment would prevent the plaintiff from bringing a timely action in another jurisdiction.  See Block v. First Blood Assoc., 988 F.2d 344, 350 (2d Cir. 1993).

     None of these criteria have been shown.  Indeed, discovery is ongoing.  Heba's sixth and seventh motions to extend the period of time for discovery dated July 22, 2005 and August 17, 2005, contemplate additional discovery based on the amended complaint.  The court does not conclude that the proposed amendment will prejudice the defendants or significantly delay resolution of the dispute.  Further, Heba has not presented any evidence to support a finding of bad faith or dilatory motive, and HerbaSway has satisfactorily explained why it waited until

11

January, 2005 to add the claim.

## CONCLUSION

For these reasons, the motion to amend the complaint [doc. # 55] is GRANTED.  The clerk is directed to file and docket the proposed amended complaint.

SO ORDERED this 23rd day of September, 2005, at Bridgeport, Connecticut.

>                        /s/
>
>               Alan H. Nevas
>          United States District Judge