UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HERBASWAY LABORATORIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:02-CV-1382 (AHN) |
| v. | ) | |
| | ) | |
| HEBA LABORATORIES, LLC, | ) | |
| HERBAMEDICINE, LLC AND, | ) | |
| HERBASCIENCE AND TECHNOLOGIES, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | October 11, 2005 |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIMS

### PARTIES

1.    Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 1 and leave Plaintiff to its proof.

2.    Admitted.

3.    Admitted.

4.    Admitted

### JURISDICTION AND VENUE

5.    Defendants admit that Plaintiff has alleged violations under the statutes and common law set forth in Paragraph 5 of the Complaint, but Defendants deny the sufficiency of these allegations and any liability thereunder.

6.    Defendants admit that they reside in this judicial district pursuant to 28 U.S.C. § 1391.  As to all other allegations contained in Paragraph 6, Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 6 and leave Plaintiff to its proof.

### THE INTELLECTUAL PROPERTY RIGHTS OF HERBASWAY

7.    Defendants lack sufficient information upon which to form a belief as to

the truth and therefore deny the allegations in Paragraph 7 and leave Plaintiff to its proof.

8.    Defendants lack sufficient information upon which to form a belief as to

the truth and therefore deny the allegations in Paragraph 8 and leave Plaintiff to its proof.

9.      Defendants deny that the USPTO issued the registration of the mark "for use in conjunction with"; otherwise admitted.

10.     Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 10 and leave Plaintiff to its proof.

11.     Defendants deny that the USPTO issued the registration of the mark "for use in conjunction with"; otherwise admitted.

12.     Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 12 and leave Plaintiff to its proof.

13.     Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 13 and leave Plaintiff to its proof.

14.     Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 14 and leave Plaintiff to its proof.

15.     Denied.

16.     Denied.

17.     Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 17 and leave Plaintiff to its proof.

18.     Defendants lack sufficient information upon which to form a belief as to the truth and

therefore deny the allegations in Paragraph 18 and leave Plaintiff to its proof.

19.    Defendants admit that Al Ferreira Photography Ltd. took photographs of Dr. Zhou. Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the remaining allegations in Paragraph 19 and leave Plaintiff to its proof.

20.    Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 20 and leave Plaintiff to its proof.

21.    Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 21 and leave Plaintiff to its proof.

22.    Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 22 and leave Plaintiff to its proof.

23.    Defendants lack sufficient information upon which to form a belief as to the truth and

therefore deny the allegations in Paragraph 23 and leave Plaintiff to its proof.

24.     Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 24 and leave Plaintiff to its proof.

25.     Denied.

## METATAGS AND THE INTERNET

26.     Admitted.

27.     Defendants deny Paragraph 27 to the extent it purports to define "metatags."

28.     Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 28 and leave Plaintiff to its proof.

29.     Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 29 and leave Plaintiff to its proof.

30.     Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 30 and leave Plaintiff to its proof.

31.     Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 31 and leave Plaintiff to its proof.

32.     Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 32 and leave Plaintiff to its proof.

33.    Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 33 and leave Plaintiff to its proof.

## THE INFRINGING AND DECEPTIVE ACTS
## OF THE DEFENDANTS

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Defendants admit that they sell products named Alleraza and Vitalusta but deny all other allegations contained in Paragraph 38 of the Complaint.

39.    Denied.

40.    Denied.

41.    Defendants admit that from approximately March, 2002 to September, 2002, they sold a product called HebaGreen and that Exhibit G is a page from Defendants' website but deny all other allegations contained in Paragraph 41 of the Complaint.

42.    Denied.

43.    Denied.

## FIRST COUNT- Violation of Section 32 of the Lanham Act

1-43.    Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 43 as if more fully set forth herein.

44.    Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

**SECOND COUNT – Violation of Section 32 of the Lanham Act**

1-50.   Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 50 as if more fully set forth herein.

51.     Denied.

52.     Denied.

53.     Denied

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied

58.     Denied.

**THIRD COUNT – Trade Dress Violation under 43(a) of the Lanham Act**

1-58.   Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 58 as if more fully set forth herein.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

### FOURTH COUNT - Copyright Infringement

1-64.     Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 64 as if more fully set forth herein.

65.     Defendants lack sufficient information upon which to form a belief as to the truth and therefore deny the allegations in Paragraph 65 and leave Plaintiff to its proof.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

### FIFTH COUNT - Copyright Infringement

1-69.     Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 69 as if more fully set forth herein.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

## SIXTH COUNT - Violation of Section 43(a) of the Lanham Act

1-74.   Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 74 as if more fully set forth herein.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

## SEVENTH COUNT    Common Law Trademark Infringement and Unfair Competition

1-80.   Defendants repeat and reiterate each and every response to the allegations contained in paragraphs 1 through 80 as if more fully set forth herein.

81.     Denied.

82.     Denied.

83.     Denied.

## DFENDANTS' AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE:

Plaintiff fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE:

Plaintiff's claims are barred in whole or in part by the doctrines of laches, estoppel, unclean hands, and/or waiver.

THIRD AFFIRMATIVE DEFENSE:

Plaintiff's claims are barred by the applicable statute of limitations.

FOURTH AFFIRMATIVE DEFENSE:

Plaintiff's claims are barred in whole or in part by its failure to mitigate damages.

FIFTH AFFIRMATIVE DEFENSE:

Plaintiff's own conduct caused in whole or in part, whatever damages it may have suffered.

SIXTH AFFIRMATIVE DEFENSE:

To the extent that Defendants make use of any material to which Plaintiff claims it holds the copyrights, Defendants were authorized to use the copyrighted materials by one of the owners

SEVENTH AFFIRMATIVE DEFENSE:

Defendants have not committed any acts constituting false designation of origin, unfair or deceptive trade practices or infringement of any valid rights Plaintiff currently has, had, or previously had at one time.

EIGHTH AFFIRMATIVE DEFENSE:

Defendants are no longer committing any acts constituting false designation of origin, unfair or deceptive trade practices or infringements of any valid rights Plaintiff currently has, had, or previously had at one time.

NINTH AFFIRMATIVE DEFENSE:

Defendants' conduct was at all times made in good faith, engaged in without malice, and was privileged and justified.

## COUNTERCLAIMS OF DEFENDANTS

By way of counterclaim against HerbaSway Laboratories, LLC, Counterclaim-Plaintiffs Heba Laboratories, LLC, HerbaMedicine, LLC and, HerbaScience and Technologies, LLC, allege as follows:

1.    Counterclaim-Plaintiff Heba Laboratories, LLC is a limited liability company, duly existing and operating under the laws of the State of Connecticut, having a principal place of business in Middletown, Connecticut.

2.    Counterclaim-Plaintiff HerbaMedicine, LLC is a limited liability company, duly existing and operating under the laws of the State of Connecticut, having a principal place of business in Middletown, Connecticut.

3.    Counterclaim-Plaintiff HerbaScience & Technologies, LLC, is a limited liability company, duly existing and operating under the laws of the State of Connecticut, having a principal place of business in Middletown, Connecticut. (Heba Laboratories, LLC, HerbaMedicine, LLC, and HerbaScience & Technologies, LLC are herein referred to collectively as "Counterclaim-Plaintiffs".)

4.    Upon information and belief, Counterclaim-Defendant HerbaSway, LLC ("HerbaSway") is a limited liability company, duly existing and operating under the laws of the State of Connecticut, having a principal place of business at 101 North Plains Industrial Road, Wallingford, Connecticut.

5.   These counterclaims arise under the Lanham Act, 15 U.S.C. § 1125(a), the Connecticut Unfair Trade Practices Act, C.G.S. § 42-110a et seq., C.G.S. §§ 42-110a et seq., C.G.S. § 52-59, C.G.S. § 52-564, C.G.S. § 53a-119, and common law.

6.   This Court has jurisdiction over these counterclaims pursuant to  15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(b), and 1367(a).  Venue is predicated upon 28 U.S.C. §§ 1391(b) and 1391(c).

7.   HerbaSway has submitted to jurisdiction and venue by instituting its actions in this Court.

## FIRST CLAIM FOR RELIEF

### Violation of the Lanham Act, 15 U.S.C. § 1125(a)

8.   Paragraphs 1 - 7 are repeated and realleged herein.

9.   HerbaSway has been employing comparative advertising to consumers of herbal medicinal products to promote and market its products over Counterclaim-Plaintiffs' products.  In such advertisements and representations, HerbaSway has falsely described and/or misrepresented the nature, characteristics, and/or qualities of HerbaSway's products, Counterclaim-Plaintiffs' products, and HerbaSway's products as compared to Counterclaim-Plaintiffs' products.

10. For example, HerbaSway sent a postcard advertisement to consumers of herbal medicinal products that falsely stated the amount of polyphenols in Counterclaim-Plaintiff's green tea products by at least forty percent (50%).

11. Counterclaim-Plaintiffs have had an independent chemical testing laboratory test samples of its green tea products and it has determined that the total polyphenol count in Counterclaim-Plaintiffs' Spring Green Tea product is 111 mg/mL and the total polyphenol count in Counterclaim-Plaintiffs' Green Plus Tea (now known as Green Tea ORAC) product is 140 mg/mL. Consequently, HerbaSway's advertising and promotions have falsely understated the amount of polyphenols in Counterclaim-Plaintiffs' green tea products by more than fifty percent (50%) when Counterclaim-Plaintiff's green tea products actually have a higher count of polyphenols per mg/mL than the amount of polyphenols claimed to exist in HerbaSway's green tea product in its advertisement.

12. HerbaSway further claims in that advertisement that its laboratory analysis proves that its green tea products "contain almost TWICE the amount of healthy polyphenol than its competitors . . .", and further urges consumers of medicinal herbal products, "Do NOT be fooled by inferior imitations!", which the tests conducted by an independent chemical testing laboratory shows is false and misleading.

13. In connection with its products and in commercial advertising or promotion, HerbaSway has used in commerce false or misleading descriptions of fact and false or misleading representations of fact which misrepresent the nature, characteristics, or qualities of

Counterclaim-Plaintiffs' products and HerbaSway's products.  By such acts, HerbaSway has

violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

14. HerbaSway's false advertising and promotion of its green tea product vis-à-vis

Counterclaim-Plaintiffs' green tea products has caused and will continue to cause:  (a) confusion,

deception, and mistake among consumers of medicinal herbal products whose decisions as to

competing herbal products are likely to be affected by polyphenol considerations; (b)

Counterclaim-Plaintiffs to suffer loss of goodwill, sales, and profits; (c) HerbaSway to enjoy sales

and profits to which it is not entitled; and (d) irreparable harm to Counterclaim-Plaintiffs.

15. Counterclaim-Plaintiffs have no adequate remedy at law for HerbaSway's

continuing Lanham Act violations.

## SECOND CLAIM FOR RELIEF

### Commercial Disparagement / Trade Libel

16. Paragraphs 1 - 15 are repeated and realleged herein

17. Dr. James H. Zhou ("Dr. Zhou") is associated with, and is an advisor to,

Counterclaim-Plaintiffs.

18. HerbaSway has published to third parties false and disparaging statements

about Dr. Zhou, about Counterclaim-Plaintiffs' businesses, and about Dr. Zhou's reasons for

leaving HerbaSway.

19. Herbasway has intended the publication of such false and disparaging statements to result in harm to Counterclaim-Plaintiffs' pecuniary interests and the sales of their products, all to the benefit of HerbaSway and the sales of its products.

20. HerbaSway has recognized or should have recognized that the publication of such false and disparaging statements would result in harm to Counterclaim-Plaintiffs' pecuniary interests and the sales of their products.

21. HerbaSway has known that such statements were false or has acted in reckless disregard of the truth or falsity of such statements.

22. HerbaSway's publication of such false and disparaging statements has caused and will continue to cause (a) confusion, deception, and mistake among medicinal herbal product customers whose decisions as to competing medicinal herbal products are likely to be affected by such false or disparaging statements; (b) Counterclaim-Plaintiffs to suffer loss of goodwill, sales and profits; (c) HerbaSway to enjoy sales and profits to which it is not entitled; and (d) irreparable harm to Counterclaim-Plaintiffs.

23. Counterclaim-Plaintiffs have no adequate remedy at law for HerbaSway's continuing acts of false and disparaging statements about Counterclaim-Plaintiffs and Dr. Zhou.

## **THIRD CLAIM FOR RELIEF**

### **Violation of the Connecticut Unfair Trade Practices Act, C.G.S. §§ 42-110a et seq.**

24. Paragraphs 1 - 23 are repeated and realleged herein.

25. At all times material to this action, HerbaSway has and was engaged in trade or commerce in the State of Connecticut within the meaning of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes §§ 42-110a et seq., and has been a business competitor of Counterclaim-Plaintiffs.

26. Through the foregoing actions and conduct, including violating the Lanham Act, falsely advertising its products, using in commerce false or misleading descriptions of fact and false or misleading representations of fact which misrepresent the nature, characteristics, or qualities of HerbaSway's and/or Counterclaim-Plaintiffs' products, and disparaging Counterclaim-Plaintiffs' products, business, and Dr Zhou, HerbaSway has engaged in conduct that is immoral, unethical, oppressive, and unscrupulous and that offends the public policy of Connecticut.

27. By the acts alleged herein, HerbaSway has engaged in unfair methods of competition or unfair or deceptive acts or practices in the conduct of trade or commerce in violation of CUTPA, Connecticut General Statutes § 42-110b.

28. As a direct and proximate result of Plaintiff's actions and conduct, Counterclaim-Plaintiffs have suffered and continue to suffer an economic loss.

29. A copy of this Answer, Affirmative Defenses, and Counterclaims is being mailed to the Attorney General and the Commissioner of Consumer Protection of the State of Connecticut pursuant to Connecticut General Statute § 42-110g(c).

30. Counterclaim-Plaintiffs have no adequate remedy at law for HerbaSway's continuing CUTPA violations.

31. Paragraphs 1 - 30 are repeated and realleged herein.

32. Dr. Zhou is the creator and owner of various copyrights pertaining to marketing and other materials concerning medicinal herbal products and remedies.

33. Dr. Zhou has authorized Counterclaim-Plaintiffs to use such materials.

34. To the extent HerbaSway alleges that Counterclaim-Plaintiffs infringe any copyrightable materials allegedly owned by HerbaSway, Counterclaim-Plaintiffs claim that Dr. Zhou authored such material and is therefore an owner of the material.

35. Counterclaim-Plaintiffs are entitled to a declaratory judgment pursuant to C.G.S. § 52-29 that Dr. Zhou is the owner of any copyrightable materials that HerbaSway claims Counterclaim-Plaintiffs infringe.

## FIFTH CLAIM FOR RELIEF

### Conversion, C.G.S. § 52-564 and C.G.S. § 53a-119

36. Paragraphs 1 - 35 are repeated and realleged herein.

37. HerbaSway refuses to return certain items to Counterclaim-Plaintiffs that Counterclaim-Plaintiffs own, including numerous photographs taken by or on behalf of Dr. Zhou and various written materials concerning medicinal herbal remedies authored by Dr. Zhou.

-17-

38. HerbaSway's unauthorized assumption and exercise of ownership rights over these items were to the exclusion of Counterclaim-Plaintiffs' right of ownership, thereby causing harm to Counterclaim-Plaintiffs.

39. By such acts, HerbaSway has violated Section 52-564 and Section 53a-119 of the Connecticut General Statutes.

40. Counterclaim-Plaintiffs have no adequate remedy at law for HerbaSway's continuing assumption of ownership rights over items Counterclaim-Plaintiffs own.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiffs pray for:

Compensatory damages;

Disgorgement and recovery of HerbaSway's profits;

Three times HerbaSway's actual damages pursuant to 15 U.S.C. § 1117(a);

Attorneys' fees pursuant 15 U.S.C. § 1117(a) and Connecticut General Status § 42-110g(a);

Punitive damages pursuant to Connecticut General Statutes § 42-110g(a).

Permanent equitable relief enjoining and prohibiting HerbaSway and its officers, directors, agents, representatives, servants, employees, and attorneys and all persons in active concert or participation with them from:  (a) mentioning any of Counterclaim-Plaintiffs or any of Counterclaim-Plaintiffs' products in any of its oral or written advertising, promotions, marketing, sales efforts, brochures, or website; (b) falsely advertising HerbaSway's products or falsely disparaging Counterclaim-Plaintiffs' products in any of HerbaSway's oral or written advertising, promotions, marketing, sales efforts, brochures, or website; and (c) using in commerce false or misleading descriptions of fact and false or misleading representations of fact which misrepresent the nature, characteristics, or qualities of HerbaSway's or Counterclaim-Plaintiffs' products.

Declaratory judgment pursuant to C.G.S. § 52-59 that any alleged infringement by Counterclaim-Plaintiffs relates to materials that Dr. Zhou authored and to which he has

ownership rights, and therefore Counterclaim-Plaintiffs have the right to reproduce or otherwise use as they see fit any such materials.

An order requiring HerbaSway to immediately turn over to Counterclaim-Plaintiffs all photographs taken by or on behalf of Dr. Zhou and all other materials authored by Dr. Zhou, including without limitation written materials concerning herbal remedies, to which Dr Zhou has ownership rights in or to.

Interest;

Costs; and

Such other and further relief as the Court deems just and proper.

THE DEFENDANTS,
HEBA LABORATORIES, LLC,
HERBAMEDICINE, LLC, and
HERBASCIENCE and TECHNOLOGIES, LLC
BY MCCARTER & ENGLISH, LLP
THEIR ATTORNEYS


By_____
   ALEXANDRA B. STEVENS (CT 20300)
   Four Stamford Plaza
   107 Elm Street
   Stamford, CT  06902
   (203) 324-1800
   (203) 323-6513 (Fax)
   astevens@mccarter.com
          -and-
   SETH M.WILSON (CT 22171)
   MARK D. GIARRATANA (CT 10410)
   CityPlace I
   185 Asylum Street
   Hartford, CT  06103
   (860) 275-6700
   (860) 724-3397 (fax)

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing DEFENDANTS' ANSWER,

AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIMS has

been mailed, postage prepaid, this 11th day of October, 2005 to:

JOHN R. HORVACK, JR., ESQ.
FATIMA LAHNIN, ESQ.
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721-1110

KRISTA DOTSON O'BRIEN, ESQ.
SHEILA J. HALL, ESQ.
Gesmonde Pietrosimone & Sgrignari LLC
3127 Whitney Avenue
Hamden, CT 06518-2344

_____
ALEXANDRA B. STEVENS

ME5285106

-21-