UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| HERBASWAY LABORATORIES, LLC | : | |
| v. | : | CIV. NO. 3:02CV1382 (AHN) |
| HEBA LABORATORIES, LLC, ET AL | : | |

RULING ON DEFENDANTS' MOTION TO COMPEL **[DOC. #76]**

Defendants seek an order of the Court compelling plaintiff
to produce two classes of documents.  They seek documents from
1998 to the present: (1) detailing customer-by-customer purchases
of plaintiff's products; and, (2) any documents pertaining to
calculations of the average cost to plaintiff to obtain a
customer and average sales per customer.  Defendants argue that
the information sought is encompassed in certain interrogatories
and requests for production. They further argue that this
information is necessary to respond to the damages calculation of
HerbaSway's expert, J. Allen Kosowsky and information learned
during the deposition of plaintiff's expert.  Oral argument was
held on August 19, 2005.  At the Court's request, the parties
submitted copies of their expert reports for review.

Plaintiff's expert, J. Allen Kosowsky, concluded that
HerbaSway had sustained damages in the amount of $1,539,893.
These included: (1) $737,881 for diverted sales; (2) $133,367 for
price erosion; and (3) $518,645 for increased advertising
expenditures; and (4) $150,000 in statutory damages as a result

of Heba's "willful copyright infringement." [Pl. Expert Rpt. at 1].

On September 29, 2005, plaintiff was granted leave to file an Amended Complaint, "(1) to supplement [HerbaSway's] allegations with respect to the defendants' illegal use of the internet to confuse and deceive consumers; and (2) to add a count for copyright infringement based upon a copyright registration that was recently issued to HerbaSway on January 7, 2005." [Doc. #55-1 at 1].  Plaintiff contended that the amendment was necessary "to clarify its contentions and to conform the allegations to the evidence that it has discovered through discovery and depositions." [Doc. #55-1 at 2].

1. Customer Sales Information

Defendants contend that plaintiff's expert is clearly pushing a damages theory based on damages to HerbaSway rather then a damages theory based on defendants' profits.  Defendants argue that plaintiff has placed its gross sales and profit margin at issue.  Among other things, defendants argue that it needs broader discovery of customer sales to get an understanding of HerbaSway's overall sales, not just the two thousand (2,000) overlapping customers which are the basis of plaintiff's damages analysis. Plaintiff responded at oral argument that a request for customer sales information from 1998 to present is overly broad, but provided no specific information on the volume of information this response would yield, and the form in which the information is maintained by the company. Defendants contend it needs sales

information before, during and after the alleged infringement to get a fair assessment of changes in Herbasway's sales.

After careful consideration, defendants' motion is **GRANTED** as to Interrogatories #2, 3 and Requests for Production # 8, 12, 23, 42, 53, 55. Plaintiff will confer with defendants regarding the location and volume of information responsive to these discovery requests. If there is a large volume of documents responsive to the requests, the documents may be made available at a central location for inspection, designation and copying. Alternatively, they may be provided in electronic form.

2.    Average Cost Per Customer

Defendants argue that plaintiff's expert has put into issue costs associated with sales in his calculation of damages.  It is defendants' position that plaintiff's contention, that almost every sale made by defendants over a two year period should have gone to plaintiff and should be assessed at plaintiff's profit margin, is not correct.   To rebut plaintiff's expert report, defendants seek information on, among other things, "production costs, ingredient costs, packaging costs, selling costs, and advertising costs", [Doc. 76-2 at 11], and other expenses incurred to make sales.  Defendants agree that plaintiff had no duty to calculate costs per customer but it needs the requested information for defendants' own analysis. Plaintiff contends that HerbaGreen invoices were provided and it is unclear why specific invoices for each customer is necessary.

Defendants' request is **GRANTED** as to Requests for Production

3

8, 9, 11, 12, 15, 16, 19. Plaintiff will confer with defendant regarding the location and volume of information responsive to these discovery requests. If there is a large volume of documents responsive to the requests, the documents may be made available at a central location for inspection, designation  and copying.

The parties are encouraged to contact the Court to discuss any issues that arise in complying with this ruling and order.

CONCLUSION

Accordingly, defendant's Motion to Compel Discovery **[Doc. #76-1]** is **GRANTED** in accordance with this ruling.

The parties are encouraged to contact the Court as issues arise, so a conference may be scheduled.  Any requests for extension of the Court's deadlines must be made in advance of the deadline.

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 7th day of November 2005.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE