UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| HERBASWAY LABORATORIES, LLC, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 3:02-CV-1382 (AHN) |
| v. ) | |
| ) | |
| HEBA LABORATORIES, LLC, ) | |
| HERBAMEDICINE, LLC, and ) | |
| HERBASCIENCE and THNOLOGIES, LLC, ) | |
| ) | |
| Defendants. ) | NOVEMBER 8, 2006 |

## RULE 56(a)(1) STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Rule of Civil Procedure 56(a)(1) Defendants Heba Laboratories, LLC, HerbaMedicine, LLC, and HerbaScience and Technologies, LLC ("Defendants") submit this Statement of Material Facts Not in Dispute in support of their Motion for Summary Judgment.

### Background

1. Zhou and the St. Johns entered into an Operating Agreement which provides that the three of them are the sole member-managers of HerbaSway. Ex. 20.

2. After February 1, 2001 meeting, Herbasway ceased paying Zhou a periodic draw against amounts due to him as a member. Ex. 15.

3. Heba filed a registration for a trademark for the term "HEBA", which was issued by the Patent & Trademark Office on December 24, 2004.

4. Zhou created the HEBA mark, which was an Americanized expression of two Chinese words roughly translated as "intelligent treasure". Ex. 15.

5. In 2002 and 2003, Heba used certain keywords as metatags on its website and also purchased keywords from various search engines, such Find.com and Google. Heba used hundreds of keywords during this period, including, for example, "arthritis", "pain relief", "joint pain", "green tea", and "natural medicine". Ex. 22.

6. In addition, Heba used as keywords certain HerbaSway trademarks, including the "HerbaSway" keyword (collectively referred to herein as the "accused keywords"). Ex. 21.

7. The evidence produced by HerbaSway to support its claims demonstrates that the only accused keyword that ever appeared in search results was the "HerbaSway" keyword. Ex. 20.

8. All other accused keywords were internal to the respective search engine or website, did not appear in search results, and otherwise were not visible to the computer users. With respect to the "HerbaSway" keyword, the evidence produced demonstrates that the only way this appeared on the search results was when used to describe Dr. James Zhou as the founder and formulator of "HerbaSway". Ex. 20.

9. An exemplary such search result read as follows:

<u>Dr. Zhou, Opens His New Herbal Tea Co</u>

Dr. James Zhou, founder and formulator of HerbaSway, has opened his new, independent, herbal tea facilities to better serve you. Visit HebaMedicine.com for all your herbal tea needs.

http://www.hebamedicine.com

Ex. 20.

10. As can be seen, the search result listing used the word "HerbaSway" only to identify Dr. James Zhou as the "founder and formulator of HerbaSway". Otherwise, the search result listing makes clear that the sponsor is "HebaMedicine.com", and that HebaMedicine is not related to HerbaSway but rather was a new and independent herbal tea facility. The other search results responsive to the accused keywords produced in this case did not list any of the accused keywords, but rather simply described Heba. An exemplary such search result listing is as follows:

Heba Laboratories – HebaMedicine.com – Produces organic, caffeine-free, and concentrated green tea medicines. The patented teas for alternative medicine are created via traditional Chinese methods.

http://www.hebamedicine.com/

Ex. 20.

11. HerbaSway has described it trade dress as the "ornamental design and overall appearance of [its] product labels [which] includes the color schemes, sizes, lettering, design, shapes and placement of words, graphics and decorations on HerbaSway's product labels." HerbaSway's Answer to Plaintiff's Interrogatory No. 12.

3

12. HerbaSway used the color green in its labels to connote wellness and because the product was a green tea product. Ex. 14 at 55-56.

13. Heba packaged its green tea extract in standard sized brown bottles that are commonly used and sold for a variety of purposes, including for use with liquid dietary supplements. Ex. 11 at 188.

14. The bottles were labeled using standard size labels that are commonly used with the standard bottles and that are compatible with standard bottling equipment. Ex. 11 at 132.

15. The lettering on HerbaSway's labels are a standard sized font used for many labels that is commonly used and generally available. Ex. 11 at 133-35; Ex. 14 at 52 and 74; Ex. 13 at 67-68.

16. From 1996 through June 2001, when Heba was formed, Herbasway spent two-thirds of its advertising budget on the radio infomercials, with a total of $1.4 million being spent on print and internet advertising. Ex. 11 at 76 and Ex. 26.

17. On August 8, 2002, HerbaSway filed a copyright registration on a brochure. Ex. 28.

18. The brochure that was the subject of the copyright registration was authored primarily by Dr. Zhou. Ex. 11 at 156-60; Ex. 10 at 79.

19. Franklin St. John transcribed the ideas expressed by Dr. Zhou and corrected grammar. Id.

20. Some portion of the materials in the copyrighted brochure were authored by Phil Clement or Rhode Van Gessel. Ex. 11 at 158-59.

21. At the time that they worked on the copyrighted brochure, Van Gessel and Clement were not employees of HerbaSway. Ex. 11 at 157-59; Ex. 14 at 16, 22.

22. At the time that they worked on the copyrighted brochure, there were no written agreements or contracts between HerbaSway and either Van Gessel or Clement. Ex. 11 at 157-59.

23. Zhou and the St. Johns entered into an Operating Agreement, in which they were the sole member-managers of Herbasway. Ex. 20.

24. Section 5.4 of the Operating Agreement provided that the managers of Herbasway "may have other business interests and may engage in other activities in addition to those related to the Company." Ex. 20 at page 12.

25. On December 30, 1996, Zhou and the St. Johns entered into an additional agreement to further memorialize their business relationship. Ex. 16.

26. This agreement provided that Zhou would perform certain duties for Herbasway, and it provided that Zhou would "devote his full time and best efforts to the Company and its businesses, Section 5.4 of the Company's Operating Agreement notwithstanding." Ex. 16 at page 2.

27. Prior to February 2001, Zhou received a periodic draw against the amounts due to him as a member of the company. Ex. 15 at ¶ 6.

28. There were no federal or state taxes withheld by Herbasway on Zhou's behalf, and Herbasway did not pay any social security taxes on behalf of Zhou. Ex. 15 at ¶ 5.

29. Insurance coverage was provided to Zhou as a member of Herbasway, on the same terms and conditions as coverage was provided to the St. Johns as members. Ex. 15 at ¶ 6.

30. When Zhou attempted to obtain unemployment benefits after he was locked out of HerbaSway, he was advised by the Connecticut Labor Department that he did not qualify because he was not an employee of HerbaSway. Ex. 15 at ¶ 7.

THE DEFENDANTS,
HEBA LABORATORIES, LLC, HERBAMEDICINE, LLC, and HERBASCIENCE and TECHNOLOGIES, LLC
BY MCCARTER & ENGLISH, LLP
THEIR ATTORNEYS

By _/s/ Alexandra B. Stevens_
ALEXANDRA B. STEVENS (CT 20300)
Financial Centre, Suite A304
695 East Main Street
Stamford, CT 06901-2138
(203) 399-5900
(203) 399-5800 (fax)
astevens@mccarter.com
        -and-
MARK D. GIARRATANA (CT 10410)
ERIC E. GRONDAHL (CT 08988)
CityPlace I
185 Asylum Street
Hartford, CT 06103
(860) 275-6700
(860) 724-3397 (fax)

ME1\5948994.1