**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| HERBASWAY LABORATORIES, LLC   ) | |
|                                 ) | |
|            Plaintiff,       ) | CIVIL ACTION NO. |
|                                 ) | 3:02-CV-1382(AHN) |

HERBASWAY LABORATORIES, LLC )

               Plaintiff,    )     CIVIL ACTION NO.
                             )     3:02-CV-1382(AHN)

HEBA LABORATORIES LLC, )
HERBAMEDICINE, LLC, )
HERBASCIENCE AND )
TECHNOLOGIES, LLC, )
                             )
          Defendants. )     JANUARY 12, 2007

<u>PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT</u>

Pursuant to Local Rule of Civil Procedure 56(a)2 Plaintiff HerbaSway

Laboratories, LLC submits the following:

1.     Denied. First, the plaintiff notes that the defendants have systematically failed to comply with Local Rule 56(a)3, which specifically requires citations to specific pages of multi-page documents. According to Local Rule 56(a)3, this, alone, justifies <u>denial</u> of the defendants' motion.

Second, the plaintiff notes that the defendants also systematically cite to the incorrect exhibit number despite having filed a revised set of moving papers. For example, in Paragraph 1, the correct cite is to Exh. 16 <u>not</u> Exh. 20.

Finally, this assertion in Paragraph 1 is denied on substantive grounds because the Operating Agreement clearly states that the St. Johns and Zhou are "initial" members and "initial" managers - not the sole members or the sole managers. (Exh. 16 at 9-10).

CARMODY & TORRANCE LLP    50 Leavenworth Street
{W1482660}Attorneys at Law    Post Office Box 1110
                                  Waterbury, CT 06721-1110
                                  Telephone: 203 573-1200

2.    Denied. HerbaSway never paid Zhou a "draw." Instead, Zhou was paid "guaranteed payments" until HerbaSway terminated his employment on February 1, 2001, because Zhou attempted to steal $147,510 in corporate funds. (Exh. 1).

3.    Admitted.

4.    Denied. This is a matter in dispute since, previously, under oath, Zhou denied any involvement in the creation of Heba, except for providing translation assistance to his wife. Indeed, Zhou's ever-changing testimony under oath on this point resulted in the Honorable Susan A. Peck issuing an order sanctioning Zhou for this behavior. (Exh. 3).

5.    Denied. The cited documentation does not reflect "hundreds" of words. (Exh. 22).

6.    Admitted.

7.    Admitted that the search results that HerbaSway was able to obtain during the pendency of this litigation displayed the search term "HerbaSway."

8.    The first sentence is not supported by an evidentiary basis and is, therefore, denied. The second sentence is also denied. Exhibit 20 clearly includes entries that do not include a description of Zhou's past association with HerbaSway.

9.    Denied, that the entry is "exemplary." Once again, Exhibit 20 includes hit results for Heba as a result of search for HerbaSway that do not include any reference to Zhou's past association with HerbaSway.

10.    Denied. See response to Par. 9.

11.    Denied. The term "green" does not have any relationship to the products at issue. HerbaSway's registered trademark is HERBAGREEN and Heba's infringing mark is HEBAGREEN.

12.    Denied. The term "herba" does not have any relationship to the products at issue. HerbaSway's registered trademark is HERBAGREEN and Heba's infringing mark is HEBAGREEN.

13.    Admitted.

2

CARMODY & TORRANCE LLP    50 Leavenworth Street
Attorneys at Law    Post Office Box 1110
{W1482660}    Waterbury, CT 06721-1110
Telephone: 203 573-1200

14.    Denied. HerbaSway's label designer (Van Gessel) also testified that green was used with light yellow and purple when designing the labels to create a "unified cohesive color scheme" and to convey a "medicinal theme." (Exh. 2 at 54-55).

15.    Denied. The cited deposition page relates to a discussion concerning HerbaSway's product not Heba's product. (Exh. 11 at188).

16.    Denied. The cited deposition page relates to a discussion concerning HerbaSway's product not Heba's product. (Exh. 11 at 188).

17.    Denied. The cited deposition pages reflect that HerbaSway's label contained a combination of different fonts, which were purposefully selected from hundreds of possible combinations.

18.    Denied. The cited Exhibits do not support the statement. Instead, the deposition of Franklin St. John reflects that the principal means of securing customers was through the use of infomercials, but HerbaSway also sold in stores and resold to its existing customers.

19.    Admitted.

20.    Denied. The statement misrepresents the testimony of Franklin St. John. The brochure was a collaborative effort created for HerbaSway.

21.    Denied. See Paragraph 20, above.

22.    Denied. No one person wrote a substantial portion. Instead, the brochure was a collaborative effort. (Exh. at 14-15).

23.    Admitted.

24.    Admitted.

25.    Denied. This statement is identical and repetitive of Paragraph One.

26.    Admitted. However, Zhou signed a second agreement with HerbaSway, wherein he agreed to "devote his full time and best efforts" to HerbaSway.

27.    Admitted that Zhou entered an agreement effective December 30, 1996. This agreement is Exh. 17 (not Exh. 16).

3

CARMODY & TORRANCE LLP
{W1482660}
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

28.    Admitted, with the correction that the agreement is Exh. 17 (not Exh. 16).

29.    Denied.  Zhou received "guaranteed payments" until he was fired on February 1, 2001 for attempting to steal $147,510 from HerbaSway.

30.    Admitted.

31.    Admitted.

32.    Denied, as this statement includes inadmissible hearsay.

4

## HerbaSway Laboratories Statement of Disputed Issues of Material Fact

**A.    HerbaSway**

1.    HerbaSway was formed in June 1996 by Franklin St. John ("St. John"), Lorraine St. John ("Mrs. St. John", or, together with Franklin St. John, the "St. Johns"), and James Zhou ("Zhou"). (Exh. 4).

2.    The St. Johns have been members and managers of HerbaSway since its formation. (Id.) Zhou has been a member of the company since its formation; however, he was terminated as a manager on February 1, 2001. (Exh. 1 at 6).

3.    The concept of HerbaSway was to combine Zhou's experience in the selection, growing, importation, and manufacturing of herbs and herbal products with the St. Johns' expertise in finance, marketing, and selling. (Exh. 4).

4.    On or about December 30, 1996, Zhou signed a second agreement concerning his association with HerbaSway. (Exh. 1 at 8). A true and accurate copy of this agreement was attached as Exhibit 17 to Whitney Revised Declaration.

5.    From 1996 to February 1, 2001, Zhou was HerbaSway's Vice President of Marketing and Research & Development. (Exh. 1 at 9).

CARMODY & TORRANCE LLP
{W1482660}
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

6.    HerbaSway never paid Zhou a "draw" as he claims.  Instead, Zhou received guaranteed payments until his termination on February 1, 2001. (Exh. 1 at 10).

7.    Prior to his termination, Zhou's responsibilities included:

      a.  formulating products,

      b.  manufacturing products,

      c.  creating product names,

      d.  assisting in the creation and design of product labels,

      e.  assisting in the creation and design of marketing materials, including a brochures, post cards and advertisements, and

      f.  securing protection for HerbaSway's intellectual property, including its trademarks HERBASWAY and HERBAGREEN.

(Exh. 1 at 11).

8.    More particularly, while employed by HerbaSway, Zhou created the names HerbaSway and HerbaGreen, as well as the remainder of the names of HerbaSway's products. (Exh. 1 at 12).

9.    In addition, Zhou worked with HerbaSway's attorney to secure trademark registrations from the United States Trademark Office for the marks

6

CARMODY & TORRANCE LLP
{W1482660}
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

HERBASWAY and HERBAGREEN. (Exh. 1 at 13). Copies of these registrations are attached to the Revised Declaration of Joy Whitney as Exhibits 5 and 4, respectively.

10.    Zhou also worked with myself, Lorraine St. John and two independent contractors, Rhode Van Gessel (a designer) and Phil Clement (an editor), to create HerbaSway's education brochure. (Exh. 1 at 14).

11.    HerbaSway hired Ms. Van Gessel and Mr. Clement for the purpose of working with HerbaSway to create HerbaSway's brochure. (Exh. 1 at 15).

12.    Further, Zhou worked with Lorraine St. John and Ms. Van Gessel to create HerbaSway's product labels. (Exh. 1 at 16).

13.    HerbaSway also had a professional photographer take pictures of Zhou. HerbaSway paid for the photographer and the pictures, and the pictures were used by HerbaSway in its marketing materials. (Exh. 1 at 17).

14.    When HerbaSway began in 1996, it had no customers and was required to devote significant amounts of time, money and effort to developing a customer base. (Exh. 1 at 18).

15.    HerbaSway's initial products were well-received at an October 1996 trade show and shortly thereafter HerbaSway began promoting and marketing its products and developing additional products. (Exh. 1 at 19).

CARMODY & TORRANCE LLP
{W1482650}    Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

16.    HerbaSway's early marketing efforts included demonstrations of the products in stores and live radio shows called "The Secrets of Health and Longevity" that aired as often as three times per week. (Exh. 1 at 20).

17.    After HerbaSway lost a large account, HerbaSway began running infomercials on AM radio. (Exh. 1 at 21).

18.    Between 1998 and 2001, HerbaSway spent approximately $6.2 million on advertising, of which $4.23 million was spent on infomercials. (Exh. 1 at 22).

19.    In addition to infomercials, HerbaSway's advertising included post cards, trade shows and magazine advertisements. (Exh. 1 at 23).

20    As HerbaSway built-up its customer base, the company began to maintain a variety of information in its computer system, including names, addresses, phone numbers and credit card numbers of customers, along with a record of products that each customer had ordered. (Exh. 1 at 24).

21.    Initially, HerbaSway used a software program called PeachTree, but later converted to a MAS90 computer system. (Exh. 1 at 25).

22.    In 2001, HerbaSway's MAS90 computer system contained information about thousands of customers. (Exh. 1 at 26).

23.    On February 1, 2001, HerbaSway terminated Zhou's employment because he had attempted to steal corporate funds totaling $147,510. (Exh. 1 at 27).

CARMODY & TORRANCE LLP
{W1482660}
Attorneys at Law    50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

24.    The circumstances of Zhou's termination are as follows:

a.  At no time did Zhou have any responsibility for managing HerbaSway's finances or banking relationships.

b.  Nevertheless, on January 30, 2001, Zhou opened an account with Fleet Bank in the name of HerbaSway.

c.  Zhou was the sole signatory on the account and kept the existence of the account from me and HerbaSway's accountants.

d.  Zhou, then, instructed Celestial Seasonings, a large HerbaSway customer, to wire transfer a $147,510 to the Fleet account rather than follow its normal payment procedure.

e.  On January 31, 2001, Celestial Seasonings transferred the $147,510 payment to the Fleet account.

f.  HerbaSway's attorney, Kenneth Kelley, asked Zhou to explain his actions.

g.  In response, Zhou said that he had opened the account because he was concerned about HerbaSway being late in making payments to its Chinese supplier, who happened to be Zhou's brother.

h.  Zhou's explanation was not believable.

CARMODY & TORRANCE LLP
[W1482660]
[Attorney]s at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

   i.   At the time of Zhou's conduct, there were only two outstanding invoices and neither payment was overdue.

   j.   Additionally, in the six (6) proceeding weeks, HerbaSway had made four wire transfers to Zhou's brother totaling approximately $133,000.

   k.   Thus, HerbaSway concluded that Zhou had attempted to misappropriate corporate funds and he was fired on February 1, 2001.

   l.   This decision was approved by those owning over 2/3 of the membership interest in HerbaSway.

(Exh. 1 at 28).

25.    On February 2, 2001, I HerbaSway allowed Zhou to return to HerbaSway to pick up his personal belongings. ( Exh. 1 at 29).

26.    While at HerbaSway, Zhou vowed to "destroy" HerbaSway and coupled his verbal threats with a throat cutting gesture. (Exh. 1 at 30).

27.    In or around September 2001, HerbaSway began losing a large number of customers. (Exh. 1 at 31).

28.    This was investigated by HerbaSway. HerbaSway determined that customers stopped buying HerbaSway products because they were confused and began buying Heba products as a result of Heba's use of copied marketing materials, copied product labels, confusingly similar names, and/or

CARMODY & TORRANCE LLP
(W1482660)
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

false representations suggesting Heba was the successor to HerbaSway. (Exh. 1 at 32).

29.    Specifically, Heba engaged in the following activity:

a.    Heba distributed a product brochure, attached as Exhibit 5. A comparison shows that Heba copied HerbaSway's product brochure. (Exh. 5 w. Exh. 6).

b.    Heba distributed advertising materials that included cropped copies of Zhou's picture. (Exh. 7). These are the pictures of Zhou that had been taken by a professional photographer, paid for by HerbaSway and used for years in HerbaSway's advertising materials.

c.    Heba adopted product names that were confusingly similar to HerbaSway's product names. For example:

| HerbaSway Products | Heba Products |
| --- | --- |
| HerbaGreen Tea | HebaGreen |
| Liver Enhancer | Liver Energy |
| Allergia | Alleraza |
| VitaLiza | VitaLusta |
| Energiza | Metagiza. |
| Mood Enhancer | Mood-Balancer |
| HerbaCafe | VitaCafe |

11

CARMODY & TORRANCE LLP    50 Leavenworth Street
{W1482660}Attorneys at Law    Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

d. Heba's products had labels that were confusingly similar to HerbaSway's labels. (Exh. 8 w. Exh. 9).

e. Heba represented that its products were "formerly" or "formally" HerbaSway's products, suggesting that HerbaSway no longer existed and that Heba had taken over HerbaSway's business. (Exh. 5 at 14)

f. Heba directed its marketing efforts to HerbaSway's customer base, which increased the confusion caused by Heba's activity.

(Exh. 1 at 33).

30. True and accurate business records of HerbaSway documenting actual customer confusion are attached as Exhibit 10. (Exh. 1 at 34).

31. Heba was able to direct its marketing efforts to HerbaSway's customer base because Zhou had stolen an electronic version of HerbaSway's customer database that contained names, addresses, and a history of the number/type of products purchased by the customer. (Exh. 1 at 35).

32. The evidence concerning Zhou and Heba's theft of HerbaSway's customer database is cataloged, as follows:

a. Heba hired three former employees of HerbaSway, Gina Bremer, Patrick Bremer and Cathy Dichello.

12

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

b. While employed by HerbaSway, Gina Bremer kept back-up tapes of HerbaSway's MAS90 system at her home so that data could be retrieved in the event of a catastrophe.

c. Shortly after, the Bremers had been hired by Heba, Patrick Bremer called Frank LaFauci (HerbaSway's MAS90 consultant), inquiring whether it was possible to extract MAS90 data files <u>without</u> purchasing MAS90 software.

d. Mr. LaFauci refused to cooperate with Mr. Bremer, but did give him the names of two other MAS90 consultants, Mark Semmelrock and Wayne Schultz.

e. Zhou then called Semmelrock, asking the same question. Semmelrock responded that it was not possible to extract data without the MAS90 software. Semmelrock then refused to extract the data for Zhou.

f. Zhou and Gina Bremer, then, contacted Schultz and purchased the MAS90 program for $3,710, on September 27, 2001.

g. After September 27, 2001, Heba's computer spreadsheets contain a "product" column. Notably, under the "product" column, there are listings of <u>HerbaSway's products</u>, such as "Liver Enhancer" and "HerbaCafe." Notably, no names of Heba's

13

CARMODY & TORRANCE LLP
{W1482660}Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

products appear in the product column of any of the Heba documents. (Exh. 11). (Exh. 1 at 36).

33.    In the related state court proceeding, The Honorable Susan A. Peck has recently issued certain orders that are relevant to Zhou's credibility and efforts to divert HerbaSway's customers to Heba. (Exh. 1 at 37). True and accurate copies are attached as Exhibit 3.

### B.    Herbamedicine

34.    On April 30, 2001, Zhou formed Herbamedicine. (Exh. 12). Zhou is a 90 percent member of Herbamedicine and his mother, Qunfang Zhou, is a 10 percent member of the company. (Id.)

### C.    Herbascience

35.    On the very same day, Zhou formed Herbascience, an LLC whose members are Zhou's wife, Wendy Zhou ("Mrs. Zhou"), who holds a 75 percent interest, and Zhou's mother, who holds a 25 percent interest. (Exh. 13).

### D.    Heba

36.    On June 1, 2001, Heba was formed. (Exh. 14). Herbascience is a 70 percent member of Heba, and allegedly Forwide International, Ltd.

CARMODY & TORRANCE LLP
{W1482660}. Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

("Forwide"), a Hong Kong company, holds the remaining 30 percent of Heba.
(Id.)

37.    Zhou's testimony under oath concerning his involvement with
Heba Labs has changed and evolved over time which has resulted in the
Honorable Susan A. Peck issuing an order sanctioning Zhou for this behavior.
(Exh. 3).

38.    For a period of at least fifteen or sixteen months prior to April
2003, Heba, at the direction of Zhou, maintained an account with Overture.
(Exh. 15).  The purpose of maintaining this account was that it permitted Heba
to "bid" on certain keywords, including registered trademarks, such as the
names of HerbaSway products and the name HerbaSway.  (Exh. 15).

39.    As a result of maintaining this Overture account, Heba would get
a preferred position in the search results when individuals typed in any of
these keywords into search engines, such as Lycos, Looksmart, and others.
(Exh. 16).  For example, an individual doing a search for the term "Herbasway"
would get the search results displayed in Exhibit 16, results that placed the link
for Heba's website higher and more visibly than the search result for
HerbaSway itself.  (Exh. 16).

40.    Zhou approved Heba's use of this variety of keyword advertising,
and Mr. Bremer paid for it using Zhou's credit card.  (Exh. 15).

15

CARMODY & TORRANCE LLP
{W1482660}
Attorneys at Law
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

THE PLAINTIFF,
HERBASWAY LABORATORIES, LLC


BY _____

JOHN R. HORVACK, JR.
Federal Bar No. ct12926
FATIMA LAHNIN
Federal Bar No. ct24096
Carmody & Torrance LLP
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110
Phone: 203 573-1200
Fax: 203 575-2600
Email: jhorvack@carmodylaw.com
           flahnin@carmodylaw.com

16

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent regular mail,

postage prepaid, on January 12, 2007, to:

Alexandra B. Stevens
McCarter & English, LLP
Financial Centre, Suite A304
695 East Main Street
Stamford, CT 06901-2138
203-399-5900

Mark D. Giarratana
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
203-275-6700

Krista Dotson, Esq.
Sheila J. Hanley, Esq.
Lawrence C. Sgrignari, Esq.
Gesmonde, Pietrosimone & Sgrignari, LLC
3127 Whitney Avenue
Hamden, CT 06518
203-407-4200

Fatima Lahnin

{W1482660}
CARMODY & TORRANCE LLP
Attorneys at Law

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200